**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | MDL No. 3076 |

**MEMORANDUM OF LAW OF DEFENDANTS SEQUOIA CAPITAL
OPERATIONS, LLC AND PARADIGM OPERATIONS LP IN SUPPORT OF
THE MOTION FOR TRANSFER OF RELATED ACTIONS FOR COORDINATED
OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

## **TABLE OF CONTENTS**

| | Page |
|---|---:|
| Table of Authorities | ii |
| I. Introduction | 1 |
| II. Background | 2 |
| III. Argument | 5 |
| A. The Related Actions Involve Numerous Common Questions of Fact | 5 |
| B. Centralization Will Promote the Just and Efficient Conduct of the Related Actions | 7 |
| C. Centralization Will Further the Convenience of the Parties and Witnesses | 8 |
| IV. Conclusion | 9 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.*,
  804 F. Supp. 2d 1372 (J.P.M.L. 2011) ................................................................. 5, 7

*In re BP Prods. N. Am., Inc., Antitrust Litig.*,
  560 F. Supp. 2d 1377 (J.P.M.L. 2008) ..................................................................... 9

*In re Brican Am. LLC Equip. Lease Litig.*,
  731 F. Supp. 2d 1358 (J.P.M.L. 2010) ..................................................................... 7

*In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*,
  780 F. Supp. 2d 1379 (J.P.M.L. 2011) ..................................................................... 8

*In re Elec. Books Antitrust Litig.*,
  846 F. Supp. 2d 1378 (J.P.M.L. 2011) ..................................................................... 8

*In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*,
  643 F. Supp. 2d 1378 (J.P.M.L. 2009) ................................................................. 5, 8

*In re Jan. 2021 Short Squeeze Trading Litig.*,
  2021 WL 1258399 (J.P.M.L. 2021) ................................................................. 5, 6, 9

*In re M3Power Razor Sys. Mktg. & Sales Prac. Litig.*,
  398 F. Supp. 2d 1363 (J.P.M.L. 2005) ..................................................................... 9

*In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*,
  543 F. Supp. 3d 1377 (J.P.M.L. 2021) ..................................................................... 8

*In re Merrill Lynch & Co., Inc., Sec., Derivative & Erisa Litig.*,
  542 F. Supp. 2d 1374 (J.P.M.L. 2008) ..................................................................... 8

*In re Protegrity Corp. & Protegrity USA, Inc., Pat. Litig.*,
  84 F. Supp. 3d 1380 (J.P.M.L. 2015) ....................................................................... 7

**Statutes**

28 U.S.C. § 1407(a) ............................................................................................................ 5

## I.    INTRODUCTION

Sequoia Capital Operations, LLC ("Sequoia") and Paradigm Operations LP ("Paradigm," together with Sequoia, "Defendants") respectfully submit this brief in support of the motion filed by Petitioners Edwin Garrison, et al. ("Petitioners") requesting that the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") transfer eleven cases arising out of the collapse of the FTX cryptocurrency trading platform for coordinated or consolidated pretrial proceedings.[1]  Defendants are not named as defendants in any of these actions, but have been named as co-defendants in three actions commenced after Petitioners filed their motion that concern similar underlying factual allegations and are currently pending before three different judges across two different states: *Rabbitte v. Sequoia Capital Operations, LLC, et al.*, No. 4:23-cv-00655 (N.D. Cal.); *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, No. 1:23-cv-20700 (S.D. Fla.); and *Girshovich v. Sequoia Capital Operations, LLC, et al.*, No. 3:23-cv-000945 (N.D. Cal.) (together with the originally identified actions and any other pending or future tag-along actions, the "Related Actions").

---

[1] The eleven actions originally identified in Petitioners' motion are *Garrison, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23753 (S.D. Fla.); *Gonzalez v. Silvergate Bank, et al.*, No. 3:22-cv-01981 (S.D. Cal.); *Hawkins v. Bankman-Fried, et al.*, No. 3:22-cv-07620 (N.D. Cal.); *Husary, et al. Silvergate Cap. Corp., et al.*, No. 3:23-cv-00038 (S.D. Cal.); *Jessup v. Bankman-Fried, et al.*, No. 3:22-cv-07666 (N.D. Cal.); *Lam v. Bankman-Fried, et al.*, No. 3:22-cv-07336 (N.D. Cal.); *Norris, et al. v. Thomas Brady, et al.*, No. 1:23-cv-20439 (S.D. Fla.); *Papadakis, et al. v. Bankman-Fried, et al.*, No. 3:23-cv-00024 (N.D. Cal.); *Pierce v. Bankman-Fried, et al.*, No. 3:22-cv-07444 (N.D. Cal.); *Podalsky, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23983 (S.D. Fla.); and *Sepulveda Zuleta, et al. v. Silvergate Cap. Corp., et al.*, No. 3:22-cv-01901 (S.D. Cal.).  The three Silvergate actions, *Gonzalez v. Silvergate Bank, et al.*, No. 3:22-cv-01981 (S.D. Cal.), *Husary, et al. v. Silvergate Cap. Corp., et al.*, No. 3:23-cv-00038 (S.D. Cal.), and *Sepulveda Zuleta, et al. v. Silvergate Cap. Corp., et al.*, No. 3:22-cv-01901 (S.D. Cal.), were all dismissed and are now closed.  Additional actions were then filed in the Northern District of California against the Silvergate defendants, which are: *Bhatia v. Silvergate Bank, et al.*, No. 3:23-cv-00667 (N.D. Cal.); *Keane v. Silvergate Bank, et al.*, No. 3:23-cv-00670 (N.D. Cal.); and *Magleby, et al., v. Silvergate Bank, et al.*, No. 3:23-cv-00669 (N.D. Cal.).  Notices of related action have been filed as to all three in the MDL.  See Docket Nos. 9, 16, and 21.  A notice of related action was also filed in the MDL as to *Statistica Capital Ltd., et al. v. Signature Bank*, No. 1:23-00993 (S.D.N.Y.).  See Docket No. 42.

Defendants have filed a Notice of Potential Tag-Along Actions for these cases. Defendants support Petitioners' motion because taken together, the Related Actions present a classic case for coordinated or consolidated pretrial proceedings.

*First*, there can be no dispute that the Related Actions share countless common questions of fact. Each of these actions arises out of the same allegations of misconduct by the FTX cryptocurrency platforms ("FTX") and the actions in which Defendants are named each raise similar, if not identical, legal theories and claims, often using verbatim language.

*Second*, transfer and coordination or consolidation of the Related Actions will promote the just and efficient conduct of the actions, eliminating the possibility of overlapping or inconsistent pretrial rulings.

*Third*, it will further the convenience of the parties and witnesses by protecting witnesses and document custodians from the burdens of providing testimony and evidence repeatedly on identical subject matters and by sparing the growing number of parties and courts involved in the expanding world of Related Actions from redundant and potentially conflicting discovery requests, motion practice, and disputes.

## II. BACKGROUND

The Related Actions all arise out of the conduct of former FTX officers Samuel Bankman-Fried, Gary (Zixiao) Wang, Nishad Singh, and others who founded FTX in 2019.[2] FTX was an exchange where customers from retail investors to professional trading firms could transact in cryptocurrencies. In November 2022, however, FTX precipitously collapsed and filed for bankruptcy, following allegations that its officers engaged in extensive misconduct including

---

[2] Defendants note that the allegations at issue in the Related Actions are merely that: allegations. Defendants do not agree with the characterizations of any claims or express a view that any claims are in any way meritorious, and expressly reserve all rights in that regard.

misappropriating customer funds and diverting assets to their separately-owned proprietary trading firm Alameda Research. The following month, Bankman-Fried, the founder and former Chief Executive Officer of FTX, was charged with fraud, money laundering, and campaign finance offenses by the U.S. Attorney's Office for the Southern District of New York. Also in December 2022, Wang, co-founder of FTX, and Caroline Ellison, former Chief Executive Officer of Alameda Research, pleaded guilty to conspiracy and fraud. Sequoia, a venture capital firm based in Menlo Park, California and Paradigm, a venture capital firm based in San Francisco, California both invested in FTX and suffered substantial losses alongside FTX's other investors and customers when the platforms collapsed.

Since FTX's sudden fall into bankruptcy, numerous lawsuits have been and continue to be filed at a rapid pace against FTX's founders, officers, advertisers, accountants, and investors; Alameda Research's officers; and other individuals and entities alleged to have worked or transacted with FTX. On February 10, 2023, Petitioners filed a motion before the Panel seeking to coordinate or consolidate eleven of these cases in front of a single district court judge for pretrial proceedings (the "Motion"). Eight of the Related Actions were brought in the Northern District of California and have been related and transferred to the court of Judge Jacqueline Scott Corley for coordinated proceedings.[3] On February 16, 2023, the plaintiff in *Rabbitte* filed a response in the coordinated proceeding in front of Judge Corley arguing that a decision on consolidation

---

[3] The N.D. Cal. Related Actions are *Lam v. Bankman-Fried, et al.*, No. 3:22-cv-07336 (N.D. Cal.); *Pierce v. Bankman-Fried*, et al., No. 3:22-cv-07444 (N.D. Cal.); *Hawkins v. Bankman-Fried, et al.*, No. 3:22-cv-07620 (N.D. Cal.); *Jessup v. Bankman-Fried, et al.*, 4:22-cv-07666 (N.D. Cal.); *Papadakis v. Bankman-Fried, et al.*, No. 3:23-cv-00024 (N.D. Cal.); *Bhatia v. Silvergate Bank, et al.*, No. 3:23-cv-00667 (N.D. Cal.); *Keane v. Silvergate Bank, et al.*, No. 3:23-cv-00670 (N.D. Cal.); and *Magleby, et al., v. Silvergate Bank, et al.*, No. 3:23-cv-00669 (N.D. Cal.).

should be stayed in light of the pending petition and motion to transfer before the Panel, but subsequently withdrew that response.

After the Motion was filed, three new cases involving the same core factual background about the rise and fall of FTX were brought against various parties, including Defendants for the first time. All three are currently before different judges: *Rabbitte*, filed on February 14, 2023, is currently pending before Judge William Alsup in the Northern District of California; *O'Keefe*, filed on February 22, 2023, is pending before Judge Jose E. Martinez in the Southern District of Florida; and *Girshovich*, filed on March 3, 2023, is currently pending before Judge Joseph C. Spero in the Northern District of California. On March 1, 2023, Petitioners filed a notice before the Panel identifying *O'Keefe* as a potential tag-along action to the eleven matters named in their motion. On March 10, 2023, the undersigned counsel filed a notice before the Panel identifying *Rabbitte* and *Girshovich* as potential tag-along actions.

While the Panel considers Petitioners' Motion, the plaintiff and defendants in *Rabbitte* have filed a Joint Administrative Motion to Consider Whether Cases Should be Related (the "Joint Administrative Motion") before Judge Corley, requesting that *Rabbitte* and *Girshovich* be related to one another and the Related Actions already before her, and accordingly transferred to her court for coordinated proceedings with those actions. In that submission, the parties agreed that, pursuant to the local rules, those actions should be related before one judge because they "concern substantially the same parties, property, transaction, or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Docket No. 30, *Lam v. Bankman-Fried, et al.*, No. 3:22-cv-07336 (N.D. Cal.) (quoting N.D. Cal. Civ. L.R. 3-12(a)).

4

### III.  ARGUMENT

The purpose of the Multidistrict Litigation ("MDL") process is to "promote the just and efficient conduct" of civil cases involving common issues of fact that are being litigated simultaneously before different courts. 28 U.S.C. § 1407(a). Section 1407 authorizes the transfer of such cases for coordinated or consolidated pretrial proceedings when (1) the actions "involv[e] one or more common questions of fact"; (2) centralization "will promote the just and efficient conduct of [the] actions"; and (3) centralization will further "the convenience of the parties and witnesses." *Id.* Each of these elements is readily satisfied here. Centralization of the Related Actions is therefore essential in order to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *See In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*, 643 F. Supp. 2d 1378, 1380 (J.P.M.L. 2009) (transferring cases for coordinated or consolidated pretrial proceedings because they "can be expected to focus on a significant number of common events, defendants, and/or witnesses"). Accordingly, Defendants respectfully request that the Panel centralize the Related Actions so they can be coordinated or consolidated for pretrial proceedings with each other and with any additional tag-along actions filed in light of the upcoming opt-out deadline.

#### A.   The Related Actions Involve Numerous Common Questions of Fact

The Panel routinely transfers cases for consolidation or coordination of pretrial proceedings that concern the same allegations of misconduct on the part of financial services companies and trading platforms. *See, e.g., In re Jan. 2021 Short Squeeze Trading Litig.*, 2021 WL 1258399 (J.P.M.L. 2021); *In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.*, 804 F. Supp. 2d 1372, 1373 (J.P.M.L. 2011). This is true even where constituent cases are based on different legal theories, assert distinct causes of action, and do not share the same defendants. *In re Jan. 2021 Short Squeeze*, 2021 WL 1258399, at *2-3 (finding that despite this significant variation, "[t]he

5

discovery necessary to bring certainty as to the [underlying facts] will be similar across the actions and will benefit from centralized treatment").

The Related Actions are no different. They all concern virtually the same underlying allegations involving the conduct of FTX and Alameda Research's officers culminating in FTX's collapse in November 2022. *See, e.g.*, *Garrison* Amended Compl. ¶¶ 75-130; *Hawkins* Compl. ¶¶ 28-45; *Podalsky* Compl. ¶¶ 51-108; *Rabitte* Compl. ¶¶ 39-46, 107-13; *O'Keefe* Compl. ¶¶ 30-43, 45-57, 59-64; *Girshovich* Compl. ¶¶ 44-52, 102-115. The vast majority are putative class action complaints that define the purported plaintiff classes in precisely or nearly the same terms. *See, e.g.*, *Garrison* Amended Compl. ¶ 234; *Hawkins* Compl. ¶ 46; *Podalsky* Compl. ¶ 143; *Rabitte* Compl. ¶ 114; *O'Keefe* Compl. ¶ 180; *Girshovich* Compl. ¶ 117. Additionally, many of the Related Actions allege violations of similar statutes, albeit against different defendants and with different legal theories. *Compare* *Garrison* Amended Compl. ¶¶ 249-66 (Florida Securities and Investor Protection Act and Florida Deceptive and Unfair Trade Practices Act); *Hawkins* Compl. ¶¶ 52-67 (California Unfair Competition Law and California False Advertising Law); *and Podalsky* Compl. ¶¶ 158-75 (Florida Securities and Investor Protection Act and Florida Deceptive and Unfair Trade Practices Act); *with Rabitte* Compl. ¶¶ 120-35 (California Unfair Competition Law and California False Advertising Law); and *Girshovich* Compl. ¶¶ 123-39 (California Unfair Competition Law and California False Advertising Law). Any differences in legal theories and claims should not be a bar to transfer as these matters concern "common questions of fact" as required under Section 1407, and any differences in legal theories could be addressed by the transferee court through various procedural mechanisms. And the parties' Joint Administrative Motion recognizes that the *Rabbitte*, *Girshovich*, and Related Actions already before Judge Corley "all arise from the same alleged transactions and events" and that "the operative complaints on file in each of these actions

6

contain substantially similar factual allegations concerning the alleged promotion of FTX by various defendants and alleged misrepresentations regarding the true operations of FTX and the safety and viability of the FTX platforms."

In short, given the common questions of fact underlying the Related Actions, these cases are ideal candidates for centralization.

### B. Centralization Will Promote the Just and Efficient Conduct of the Related Actions

Centralization of the Related Actions and any subsequent tag-along actions will also promote the just and efficient conduct of these actions by avoiding conflicting rulings and increasing judicial economy. *See, e.g.*, *In re Protegrity Corp. & Protegrity USA, Inc., Pat. Litig.*, 84 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015) (transferring action to prevent inconsistent pretrial rulings and conserve judicial resources). Without centralization, the myriad Related Actions would proceed separately in different districts in California, Florida, and New York (and potentially later, other districts). Transfer and consolidation will benefit both the courts and the parties.

*First*, centralizing the Related Actions would ensure consistent rulings on numerous issues critical to the outcome of the Related Actions. Centralization in an MDL will avoid inconsistent rulings in the litigation of these substantially similar cases currently before multiple judges in several different district courts. *See, e.g., In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.*, 804 F. Supp. 2d at 1373 ("Centralization will . . . prevent inconsistent pretrial rulings."); *In re Brican Am. LLC Equip. Lease Litig.*, 731 F. Supp. 2d 1358, 1359 (J.P.M.L. 2010).

*Second*, each of the Related Actions is in its procedural infancy. *See In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, 543 F. Supp. 3d 1377, 1379 (J.P.M.L. 2021) (ordering centralization of eight cases "in their relative infancy"). In none of the Related Actions

has a responsive pleading been served and in some that are likely to be consolidated, amended complaints also have not yet been filed. The Related Actions are thus ideal candidates for coordination or consolidation pursuant to Section 1407. Because the transferor courts have not yet taken any substantive actions in these cases, consolidation will not result in the duplication of efforts by the transferee court or result in any prejudice to Plaintiffs. The Panel often grants centralization in instances where, as here, the underlying actions were in the early stages, finding that centralized proceedings provides efficiency and that transfer is not disruptive. *See, e.g., In re Elec. Books Antitrust Litig.*, 846 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011) (finding centralization appropriate where "[a]ll actions" had "not progressed beyond the filing of the complaints"); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1382 (J.P.M.L. 2011) (centralizing 35 cases where transfer would not be disruptive at the early stage of the actions).

## C. Centralization Will Further the Convenience of the Parties and Witnesses

Centralization is warranted for the additional reason that it would further the convenience of the parties and witnesses by preventing costly and burdensome duplicative discovery. *See In re Fed. Home Loan Mortg.*, 643 F. Supp. 2d at 1380; *In re Merrill Lynch & Co., Inc., Sec., Derivative & Erisa Litig.*, 542 F. Supp. 2d 1374, 1375 (J.P.M.L. 2008). As the Panel has repeatedly recognized, centralization benefits the parties to all transferred cases by placing the related actions "before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subject to discovery demands that duplicate activity that will or has occurred in other actions." *In re M3Power Razor Sys. Mktg. & Sales Prac. Litig.*, 398 F. Supp. 2d 1363, 1365 (J.P.M.L. 2005).

Centralizing the Related Actions before a single court will limit the parties' extensive burden of having to litigate a multiplicity of complex and overlapping federal class actions in different states, before different judges, and with uncoordinated timelines. In light of the identical subject matter of the Related Actions, the many parties involved in this rapidly growing number of cases will almost certainly seek testimony from many of the same individuals and entities and demand many of the same documents for inspection. Thus, at a minimum, centralization would protect witnesses and document custodians from the burden of repeatedly testifying or producing evidence on identical subject matter. Centralization would further spare all parties and courts from repetitive discovery requests, motion practice, and disputes. *See, e.g., In re Jan. 2021 Short Squeeze*, 2021 WL 1258399, at *3 (finding that the necessary discovery "will be similar across actions and will benefit from centralized treatment"). The Joint Administrative Motion notes that "the overlapping questions of law and discovery will impose an unduly burdensome duplication or labor and expense upon the parties and will create the risk of conflicting rulings if the actions are conducted before different judges." In sum, the designation of a single forum for the Related Actions will permit the application of a unified, rational discovery plan that will streamline the discovery process, minimize witness inconvenience and overall expense, and permit the parties to benefit from the economies and efficiencies afforded by pretrial coordination or consolidation under Section 1407. *See In re BP Prods. N. Am., Inc., Antitrust Litig.*, 560 F. Supp. 2d 1377, 1379 (J.P.M.L. 2008) (holding that centralization "will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary").

## IV.   CONCLUSION

For the foregoing reasons, the Related Actions should be centralized for coordinated or consolidated pretrial proceedings.

Dated: March 10, 2023

Respectfully submitted,

*/s/ Jennifer Kennedy Park*

Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
CLEARY GOTTLIEB STEEN &
  HAMILTON LLP
1841 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 815-4130
Facsimile: (650) 815-4199

*Counsel for Defendant*
*Sequoia Capital Operations, LLC*

*/s/ Alexander C. Drylewski*

Alexander C. Drylewski (SBN 4847844)
alexander.drylewski@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212)735-3000
Facsimile: (212) 735-2000

-and-

Mark R.S. Foster (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Counsel for Defendant*
*Paradigm Operations LP*