## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** | **MDL No. 3076** |

### INTERESTED PARTY NICOLE KEANE'S RESPONSE
### OPPOSING CENTRALIZATION

Pursuant to JMPL Rule 6.2(e), Nicole Keane, plaintiff in the lawsuit styled *Keane v. Silvergate Bank and Silvergate Capital Corp.*[1] respectfully submits the following interested party response opposing the Motion to Transfer of Actions to the Southern District of Florida Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (MDL No. 3076, Doc. 1). This brief provides information about a new development that renders any litigation against the Silvergate defendants largely immaterial to the question of MDL centralization: Silvergate Bank and Silvergate Capital Corp. (collectively, "Silvergate") recently announced plans to liquidate their assets and wind down their businesses, which limits the relevance of the pending Silvergate litigation to the Panel's consideration of the pending transfer motion. Keane accordingly believes the Panel should deny centralization under § 1407 as to the Silvergate litigation, even if other cases are centralized.

### I.       BACKGROUND

#### A.       The Silvergate Litigation

Three cases naming Silvergate are currently pending in the Northern District of California, including Plaintiff's (the "Silvergate Cases").[2] All cases are pending before Judge Jacqueline S. Corley. Each case arose from Silvergate's conduct involving FTX's widely-

---

[1]       *Keane v. Silvergate Bank and Silvergate Capital Corp.*, Case No. 23-cv-670 (N.D. Cal.).
[2]       The two other cases are *Bhatia v. Silvergate Bank, et al.*, Case No. 23-cv-00667 (N.D. Cal.) and *Magelby, et al. v. Silvergate Bank, et al.*, Case No. 23-cv-00669 (N.D. Cal.).

00200547

publicized collapse into bankruptcy as a result of rampant fraud and corporate malfeasance. Plaintiffs in the Silvergate Cases allege Silvergate had actual knowledge of and substantially assisted FTX's fraud by permitting it to divert its cryptocurrency investors' funds into accounts controlled by Alameda Research, a cryptocurrency hedge fund that was a wholly-separate entity but commonly owned by FTX's owner, Sam Bankman-Fried. Plaintiffs seek to recover damages they sustained as a result of Silvergate's misconduct and bring claims for violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, common law claims for aiding and abetting fraud and breach of fiduciary duty, and unjust enrichment.

One additional case naming Silvergate was filed recently in late March and is pending in the Southern District of Florida, *O'Keefe v. Sequoia Capital Operations, et al.,* Case No. 23-cv-20700 (S.D. Fla.). However, Silvergate is just one among 20 named defendants in that case.

**B.    Silvergate Recently Announces That it Will Wind-Down and Voluntarily Liquidate**

On Wednesday, March 1, 2023, Silvergate announced in an SEC filing that it would delay filing its annual report due to pending investigations by the U.S. Department of Justice and other regulators.[3] In that filing, Silvergate reported that it had sold additional debt securities in January and February of 2023, and that such sales "could result in [Silvergate] being less than well-capitalized."[4] Silvergate further reported it was "evaluating the impact that these subsequent events have on its ability to continue as a going concern for the twelve months following the issuance of its financial statements."[5]

---

[3]    Brayden Lindrea, "Silvergate stock plunges 31% after delayed filing raises doubts over future," (March 1, 2023) at https://cointelegraph.com/news/silvergate-stock-plunges-31-after-delayed-filing-raises-doubts-over-future.
[4]    *Id.*
[5]    *Id.*

00200547

Following this announcement, major crypto-industry players cut ties with Silvergate, including Coinbase, Galaxy and Paxos.[6] The day after its SEC filing, Silvergate's stock cratered, dropping roughly 58% percent by the close of market.[7] After the market closed, Silvergate announced it would shut down the Silvergate Exchange Network, its proprietary platform that allowed its clients to instantaneously exchange money at any time.[8]

Two days ago, on Wednesday, March 8, Silvergate filed an SEC Form 8-K and issued a press release announcing that "the best path forward" was to wind-down and voluntarily liquidate. Silvergate Capital Corporation, Current Report (Form 8-K) (Mar. 8, 2023). *See* Silvergate Capital Corporation 8-K, Ex. 1.

## II.   CENTRALIZATION SHOULD BE DENIED AS TO THE SILVERGATE LITIGATION

### A.   Centralization Under 28 U.S.C. § 1407 as to Silvergate Is Neither Necessary Nor Appropriate in Light of Its Recent Winding Down and Voluntary Liquidation

The purpose of Section 1407 is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Vehimax Int'l, LLC v. Jui Li Enter. Co*., No. CV 09-6437 SVW (JEMx), 2010 U.S. Dist. LEXIS 42801, at *9 (C.D. Cal. Mar. 16, 2010) (internal quotations omitted) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Centralization of the Silvergate cases under Section 1407

---

[6]   Jamie Crawley, "Host of Crypto Firms, Including Coinbase, Paxos and Galaxy, Jump Ship From Silvergate Bank," (March 2, 2023) at https://www.coindesk.com/business/2023/03/02/coinbase-switches-to-signature-bank-from-silvergate-for-prime-customers/.

[7]   Mike Freeman, "San Diego's Silvergate warns of more losses, viability of its business after crypto crisis," (March 2, 2023) at https://www.sandiegouniontribune.com/business/story/2023-03-02/san-diego-crypto-bank-silvergate-raises-red-flags-over-continued-losses-delayed-financial-filings

[8]   Nikhilesh De and Ian Allison, "Silvergate Closes SEN Platform Institutions Used to Move Money to Crypto Exchanges," (March 3, 2023), at https://www.coindesk.com/policy/2023/03/03/silvergate-suspends-sen-exchange-network/

00200547

would not achieve any benefit of coordinated litigation. As described above, Silvergate is in dire straits financially and has commenced winding down its business and liquidating its assets. Entering the Federal Deposit Insurance Corp.'s receivership program seems all but inevitable. This means the litigation will not likely proceed in the same manner or pace (if at all) with other FTX-related litigation. Accordingly, the Panel should give *Keane* and the three other pending Silvergate Cases pending in the Northern District of California and Southern District of Florida, little or no weight in the question of centralization. And if the Panel does order centralization, it should not do so as to the Silvergate Cases, and the Silvergate portion of the *O'Keefe* case.

> **B.     Centralization Under 28 U.S.C. § 1407 is Also Neither Necessary Nor Appropriate in Light of Ongoing Coordination Among Counsel**

Centralization under 28 U.S.C. Section 1407 is further unnecessary and inappropriate in light of the voluntary coordination and cooperation that has already occurred in the Northern District of California.

Of the fifteen pending cases being considered for centralization, ten are in the Northern District of California. Eight of those ten cases are before Judge Corley in the Northern District of California, including three of the Silvergate Cases. Beginning last December, counsel for the three Silvergate Cases have discussed coordination and cooperation with counsel for the other cases pending in the Northern District of California. Counsel are prepared to continue cooperating and coordinating with the plaintiffs and counsel in these cases.

The Panel has noted that "voluntary coordination and cooperation among the parties . . . and the involved judges is a preferable alternative to centralization." *In re: Uponor, Inc. F1960 Plumbing Fittings Prod. Liab. Litig.*, 895 F. Supp. 2d 1346, 1349 (J.P.M.L. 2012) (denying motion to transfer); *see also In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F.

00200547

Supp. 2d 1377, 1379 (J.P.M.L. 2012) (same). For this additional reason, the Panel should decline

to centralize *Keane* or the two other Silvergate Cases.

## III.    CONCLUSION

In light of recent developments concerning Silvergate's winding down and liquidation, as

well as informal coordination efforts by counsel in the Silvergate Cases, Interested Party Keane

respectfully requests the Panel decline to include *Keane* from any centralization or transfer order.

Respectfully submitted,

Dated: March 10, 2023                   BLOOD HURST & O'REARDON, LLP
                                        TIMOTHY G. BLOOD
                                        THOMAS J. O'REARDON II
                                        JAMES M. DAVIS

By:                *s/  Timothy G. Blood*
                                        TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
jdavis@bholaw.com

**FITZGERALD JOSEPH LLP**
Jack Fitzgerald
Paul K. Joseph
Melanie Persinger
Trevor M. Flynn
Caroline S. Emhardt
2341 Jefferson Street, Suite 200
San Diego, CA 92110
619/215-1741
jack@fitgeraldjoseph.com
paul@fitgeraldjoseph.com
melanie@fitgeraldjoseph.com
trevor@fitgeraldjoseph.com
caroline@fitgeraldjoseph.com

Counsel for Plaintiff *Nicole Keane*

*Keane v. Silvergate Bank. et. al.*
No. CAN/4:23-cv-00670 (N.D. Cal.)

5