**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY<br>EXCHANGE COLLAPSE LITIGATION | ) MDL No. 3076<br>)<br>) |

**PLAINTIFF PATRICK J. RABBITTE'S INTERESTED PARTY RESPONSE
<u>IN OPPOSITION TO THE MOTION TO TRANSFER</u>**

- i -

**TABLE OF CONTENTS**

                                                                                                                           **Page**

A.     Centralization Will Result in No Efficiencies, Substantial Delay, Unnecessary Cost, and Defeat the Purpose of 28 U.S.C. §1407 .............................. 1

B.     If the Panel Grants the Motion to Transfer, *Sequoia Capital* Should be Excluded ............................................................................................................ 3

C.     If *Sequoia Capital* Is Included in a Centralization, the Northern District of California and Judge Corley Are – by a Wide Margin – the Appropriate Transferee Court and Transferee Judge, Respectively ............................................ 5

4878-4805-4367.v1

## TABLE OF AUTHORITIES

**Cases**                                                              **Page**

*City & Cnty. of San Francisco v. Purdue Pharma L.P.*,
   No. 18-cv-07591 (CRB) (JSC) (N.D. Cal.) ...............................................................................7

*D & L Distrib., LLC v. Agxplore Int'l, LLC*,
   959 F. Supp. 2d 757 (E.D. Pa. 2013) ........................................................................................4

*Girshovich v. Sequoia Cap. Operations, LLC*,
   No. 3:23-cv-00945-JSC (N.D. Cal.) ......................................................................................1, 4

*In re Allianz Structured Alpha Funds Litig.*,
   544 F. Supp. 3d 1361 (J.P.M.L. 2021) .....................................................................................3

*In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*,
   410 F. Supp. 3d 1350 (J.P.M.L. 2019) .....................................................................................2

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
   No. MDL 2873, 2023 WL 2875926 (J.P.M.L. Apr. 10, 2023) .................................................6

*In re Chase Bank USA, N.A. Check Loan Cont. Litig.*,
   MDL No. 2032 (N.D. Cal.) .......................................................................................................7

*In re Cincinnati Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*,
   492 F. Supp. 3d 1347 (J.P.M.L. 2020) .....................................................................................2

*In re Digital Advert. Antitrust Litig.*,
   555 F. Supp. 3d 1372 (J.P.M.L. 2021) .....................................................................................2

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
   MDL 2843 (N.D. Cal.) ..............................................................................................................7

*In re: Fairfield Greenwich Grp. Sec. Litig.*,
   655 F. Supp. 2d 1352 (J.P.M.L. 2009) .....................................................................................3

*In re Fleet Bank Credit Card Terms Litig.*,
   206 F. Supp. 2d 1368 (J.P.M.L. 2002) .....................................................................................5

*In re FTX Investors Sequoia Capital Litig.*,
   No. 4:23-cv-00655-JSC (N.D. Cal.) ................................................................................ *passim*

*In re Janus Mut. Funds Inv. Litig.*,
   310 F. Supp. 2d 1359 (J.P.M.L. 2004) .....................................................................................2

*In re Meridian Funds Grp. Sec. & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
   645 F. Supp. 2d 1360 (J.P.M.L. 2009) .....................................................................................3

Page

*In re Optimal Strategic U.S. Equity Fund Sec. Litig.*,
    648 F. Supp. 2d 1388 (J.P.M.L. 2009) ...................................................................................3

*In re PersonalWeb Techs., LLC & Level 3 Commc'ns, LLC, Patent Litig.*,
    340 F. Supp. 3d 1373 (J.P.M.L. 2018) ...................................................................................6

*In re Processed Egg Prods. Antitrust Litig.*,
    No. 08-MD-2002, 2019 WL 5394109 (E.D. Pa. Oct. 22, 2019) .............................................5

*In re Qualcomm Antitrust Litig.*,
    MDL No. 2773 (N.D. Cal.) ......................................................................................................7

*In re: Rye Select Broad Mkt. Prime Fund Sec. & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
    648 F. Supp. 2d 1385 (J.P.M.L. 2009) ...................................................................................3

*In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*,
    273 F. Supp. 3d 1357 (J.P.M.L. 2017) ...................................................................................1

*In re Supplemental Nutrition Assistance Program Litig.*,
    No. MDL 3041, 2022 WL 3134129 (J.P.M.L. Aug. 2, 2022) .................................................1

*In re Transocean Ltd. Sec. Litig.*,
    753 F. Supp. 2d 1373 (J.P.M.L. 2010) ...................................................................................5

*In re: Tremont Grp. Holdings, Inc., Sec. Litig.*,
    626 F. Supp. 2d 1338 (J.P.M.L. 2009) ...................................................................................3

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    MDL 2672 (N.D. Cal.) .............................................................................................................7

*In re W.E. Hall Co., Inc., Pat. Litig.*,
    206 F. Supp. 2d 1367 (J.P.M.L. 2002) ...................................................................................5

*Lam v. Bankman-Fried, et al.*,
    No. 3:22-cv-07336-JSC (N.D. Cal.) .......................................................................................6

*O'Keefe v. Sequoia Cap. Operations, et al.*,
    No. 1:23-cv-20700-JEM (S.D. Fla.) ............................................................................3, 4, 5, 7

*Rabbitte v. Sequoia Cap. Operations, LLC*,
    No. 3:23-cv-00655-JSC (N.D. Cal.) ....................................................................................1, 4

*Wynn v. Vilsack*,
    No. 3:21-CV-514-MMH-LLL, 2021 WL 7501821 (M.D. Fla. Dec. 7, 2021) ........................4

4878-4805-4367.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
  §1404(a) ....................................................................................................................3, 4, 5
  §1407............................................................................................................................ *passim*

Fed. R. Civ. P.
  Rule 1 .................................................................................................................................2, 4
  Rule 21 ..................................................................................................................................5
  Rule 23(g) .............................................................................................................................5

Patrick J. Rabbitte ("Rabbitte"), plaintiff in the action styled *In re FTX Investors Sequoia Capital Litigation*, No. 4:23-cv-00655-JSC (N.D. Cal.) ("*Sequoia Capital*"), respectfully files his Interested Party Response in Opposition to Petitioners, Edwin Garrison, Gregg Podalsky, Skyler Lindeed, Alexander Chernyavsky, Sunil Kavuri, Gary Gallant, and David Nicol's ("Petitioners") Motion for Transfer of Related Actions to the Southern District of Florida ("Motion to Transfer") (ECF 1), and states as follows:[1]

### A. Centralization Will Result in No Efficiencies, Substantial Delay, Unnecessary Cost, and Defeat the Purpose of 28 U.S.C. §1407

The Motion to Transfer should be denied. Rabbitte agrees with the position advocated by nearly all plaintiffs and nearly all defendants in the "related cases" that there is no reason to centralize and consolidate the cases for pretrial purposes under 28 U.S.C. §1407 simply because they all concern, in one form or another, the collapse of FTX.[2] As the defendants in the self-described "Celebrity Cases" and the Silvergate Respondents accurately explain, the sheer number of unique parties, facts, witnesses, and legal theories[3] in the cases, *see* ECF 56 at 1, 10-15; ECF

---

[1] Rabbitte's case, originally styled *Rabbitte v. Sequoia Capital Operations, LLC*, No. 3:23-cv-00655-JSC (N.D. Cal.), was tagged to this MDL on March 10, 2023 (ECF 51). The Panel closed briefing on March 20, 2023 (ECF 74), but noted that "[p]arties in any potential tag-along action may file an Interested Party response . . . no later than the Thursday prior to the hearing session at which the motion for transfer is to be heard by the Panel." On March 24, 2023, the case was consolidated with a similar case, *Girshovich v. Sequoia Capital Operations, LLC*, No. 3:23-cv-00945-JSC (N.D. Cal.), and re-captioned by court order as the *Sequoia Capital* consolidated action.

[2] When, as here, "almost all parties agree that Section 1407 centralization would provide little or no benefit," this Panel should deny centralization. *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 273 F. Supp. 3d 1357, 1358 (J.P.M.L. 2017).

[3] Even if there were some common legal issues among the varied cases, this Panel has denied centralization based on the purported commonality of "legal questions," because such legal questions "by [themselves are] usually not sufficient to justify Section 1407 centralization." *In re Supplemental Nutrition Assistance Program Litig.*, No. MDL 3041, 2022 WL 3134129, at *1 (J.P.M.L. Aug. 2, 2022).

4878-4805-4367.v1

52 at 5-8, if centralized before a single transferee judge, would create a multi-headed hydra that is bound to overwhelm the transferee judge, her staff, the parties, and their attorneys, leading to significant and unreasonable delay in resolving the cases, by trial or settlement, and would increase the cost of litigation to everyone.  This is precisely the opposite of §1407's intent (*i.e.*, to "promote the just and efficient conduct of the litigation"), *In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1375 (J.P.M.L. 2021), and at bottom, violates the command of Fed. R. Civ. P. 1 that "[the Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[4]

To be sure, the Panel has on occasion centralized cases involving multiple defendants and noted that the transferee court could establish different "tracks" to address the problem.  *See, e.g.*, *In re Janus Mut. Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004).  However, that is the exception, not the rule.  The Panel is generally "hesitant to bring together actions involving competing defendants," unless there is "***significant overlap*** in the central factual issues, parties, proposed classes, and claims[.]"  *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019).[5]  Here, as defendants in the Celebrity Cases and the Silvergate Respondents explain in detail, there is no "significant overlap" since the facts and legal theories alleged against each of the approximately 40 individual defendants in each

---

[4]  *See also In re Cincinnati Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, 492 F. Supp. 3d 1347, 1350 (J.P.M.L. 2020) (denying centralization because "[e]fficiency here is best obtained outside the MDL context.  If these actions were centralized, the transferee court would have to establish a pretrial structure to manage numerous plaintiffs, many of which are pursuing distinct theories of liability.").

[5]  Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise noted.

of the 17 different cases vary significantly and discovery may, at best, only partially overlap.[6] The Motion to Transfer should therefore be denied.[7]

### B.     If the Panel Grants the Motion to Transfer, *Sequoia Capital* Should be Excluded

Even if the Panel finds that centralization under §1407 is appropriate, *Sequoia Capital* should not be included in the MDL. There are currently ***only two*** cases brought against the VC Defendants named in Rabbitte's complaint: *Sequoia Capital* and the later-filed *O'Keefe v. Sequoia Capital Operations, et al.*, No. 1:23-cv-20700-JEM (S.D. Fla.) ("*O'Keefe*"). In this circumstance, and as the Panel often holds, the preferred practice is to allow the two district courts the option (if a party so moves) of transferring one of the two cases to the other district under 28 U.S.C. §1404(a). *See In re Allianz Structured Alpha Funds Litig.*, 544 F. Supp. 3d 1361, 1362 (J.P.M.L. 2021) (denying centralization, noting that "transfer under Section 1404(a), if granted, could achieve efficiencies that extend into the trial stage of this complex litigation," and "emphasiz[ing] that centralization under Section 1407 should be the ***last solution*** after considered review of all other options.").

---

[6]   For example, the Celebrity Cases and Rabbitte's case against venture-capital firms Sequoia Capital, Thoma Bravo, and Paradigm (collectively, the "VC Defendants") will result in limited overlapping discovery. And, as the Silvergate Respondents similarly assert, it is highly unlikely that most witnesses in *Sequoia Capital* will be witnesses in other non-VC Defendants cases. ECF 52 at 7.

[7]   Creating one massive "FTX" MDL would be the same as if the Panel created one big "Bernie Madoff" MDL. But that's not what the Panel did. Instead, the Panel created multiple smaller MDLs, each one against a particular defendant or related defendants. *See, e.g.*, *In re Meridian Funds Grp. Sec. & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 645 F. Supp. 2d 1360 (J.P.M.L. 2009); *In re Optimal Strategic U.S. Equity Fund Sec. Litig.*, 648 F. Supp. 2d 1388, 1388 (J.P.M.L. 2009); *In re: Fairfield Greenwich Grp. Sec. Litig.*, 655 F. Supp. 2d 1352, 1353 (J.P.M.L. 2009); *In re: Rye Select Broad Mkt. Prime Fund Sec. & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 648 F. Supp. 2d 1385, 1387 (J.P.M.L. 2009); *In re: Tremont Grp. Holdings, Inc., Sec. Litig.*, 626 F. Supp. 2d 1338, 1339 (J.P.M.L. 2009). No party is advocating for separate MDLs in this case.

Indeed, §1404(a) remains on the table for all of the "related cases" in this proposed MDL, given that there are only 16 total cases,[8] in only four districts,[9] and several of the courts have already consolidated the cases before them. *See, e.g.*, *Sequoia Cap.*, ECF 43 (consolidating *Rabbitte* with *Girshovich*); *see also* ECF 56 at 2 (defendants in the "Celebrity Cases" discussing various other consolidation orders). Thus, to the extent some or all of the cases before this Panel do truly involve predominating common questions of fact such that efficiency would benefit from consolidation (which Rabbitte believes is not the case), the district judges can decide whether consolidation is appropriate on a case-by-case basis.

In addition, since there are only two cases brought against the VC Defendants, the district court in *O'Keefe* has other tools in its toolbox under the "first-filed" rule: (i) the court could stay or dismiss the *O'Keefe* action against the VC Defendants, while *Sequoia Capital* is litigated in the other court, *see, e.g.*, *Wynn v. Vilsack*, No. 3:21-CV-514-MMH-LLL, 2021 WL 7501821, at *4 (M.D. Fla. Dec. 7, 2021); or (ii) the court could transfer the claims against the VC Defendants in *O'Keefe*. *See, e.g.*, *D & L Distrib., LLC v. Agxplore Int'l, LLC*, 959 F. Supp. 2d 757, 761 (E.D. Pa. 2013).

Notably, two of the three VC Defendants (Thoma Bravo did not take a position) appear to be the ***only*** defendants supporting §1407 centralization. *See* ECF 55. In a boilerplate response, these defendants contend that this situation poses a "classic case for coordinated or consolidated pretrial proceedings," *id.* at 2, and mimic Petitioners' arguments that all cases "concern virtually

---

[8]   While there was somewhat of a flurry of new case activity just prior to and at the start of the briefing to this Panel, only one new case was tagged to this MDL between March 14, 2023 and April 17, 2023 (ECF 87)

[9]   At last count, there were ten cases in the Northern District of California, five in the Southern District of Florida, one in the District of New Jersey, and one in the Southern District of New York.

4878-4805-4367.v1

the same underlying allegations involving the conduct of FTX . . . culminating in FTX's collapse in November 2022." *Id.* at 6. These arguments fail for the reasons explained herein and in other respondents' briefs. These two VC Defendants appear to be principally concerned that they may have to litigate the same claims in two different districts. *Id.* at 1-4. Section 1407, however, is not the answer. *See In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."); *In re W.E. Hall Co., Inc., Pat. Litig.*, 206 F. Supp. 2d 1367, 1368 (J.P.M.L. 2002) (denying centralization of only two cases in two districts because "alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings."); *In re Fleet Bank Credit Card Terms Litig.*, 206 F. Supp. 2d 1368, 1369 (J.P.M.L. 2002) (same).[10]

    **C.**    **If *Sequoia Capital* Is Included in a Centralization, the Northern District of California and Judge Corley Are – by a Wide Margin – the Appropriate Transferee Court and Transferee Judge, Respectively**

If the Panel decides that centralization of all of the "FTX" cases, including *Sequoia Capital*, is appropriate, then the Northern District of California is clearly the most suitable transferee court, and the Honorable Jacqueline Scott Corley of that court the most suitable transferee judge.

With respect to *Sequoia Capital* and *O'Keefe* specifically, as noted above, Judge Corley has already consolidated two related cases against the VC Defendants, set a pleadings schedule, and appointed interim class counsel under Fed. R. Civ. P. 23(g) for the putative class. *Sequoia*

---

[10] It is of no moment that the *O'Keefe* complaint names many others as defendants insofar as a district court is empowered under Rule 21 to sever claims against one or more defendants and then transfer those claims to another court under §1404(a). *See, e.g., In re Processed Egg Prods. Antitrust Litig.*, No. 08-MD-2002, 2019 WL 5394109, at *2 (E.D. Pa. Oct. 22, 2019) ("Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants.").

*Capital*, ECF 43.  Judge Corley also presides over seven (soon to be eight) of ten other "FTX" cases in her District, led by *Lam v. Bankman-Fried, et al.*, No. 3:22-cv-07336-JSC (N.D. Cal.).  Moreover, over one-half of all of the FTX cases are pending in the Northern District of California and over a majority of defendants in all of the related cases are citizens of California,[11] making the Northern District of California much more convenient to the parties and witnesses than any alternative District.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. MDL 2873, 2023 WL 2875926, at *4 (J.P.M.L. Apr. 10, 2023) ("transfer under 28 U.S.C. §1407 will serve the convenience of the parties and witnesses"); *In re PersonalWeb Techs., LLC & Level 3 Commc'ns, LLC, Patent Litig.*, 340 F. Supp. 3d 1373, 1374-75 (J.P.M.L. 2018) (transferring cases were "[t]he majority of the cases are pending . . . .").

On the other hand, the Southern District of Florida has virtually no connection to these cases.  The Motion to Transfer argues that "the FTX entities was [sic] based in the Southern District of Florida," ECF 1 at 4, but those entities are not defendants in ***any*** of the "related cases" because they are defunct, and the individual FTX defendants (not named in most cases) reside in The Bahamas, Hong Kong, California, and Washington.  Petitioners' other arguments in support of the Southern District of Florida – the procedural posture of the cases there and experience of the jurists – cannot outweigh the obvious inconvenience to nearly ***all*** defendants and ***all*** plaintiffs who do not reside anywhere near that District.[12]

---

[11]  A review of the complaints tagged to this MDL reveals that 17 defendants are citizens of California, five are citizens of Florida (all celebrities), six are citizens of The Bahamas, four are citizens of New York, two are citizens of Washington, two are citizens of Texas, and only one is a citizen of Mississippi, Hong Kong, Washington, D.C., Singapore, Australia, Japan, Georgia.

[12]  Plaintiffs in their respective complaints claim to be citizens of the following: California (2); Oklahoma (1); Alaska; (1); Utah (1); New Jersey (2); Tennessee (1); Connecticut (1); Virginia (1); Florida (5); Mississippi (1); Maryland (1); New Mexico (2); Puerto Rico (1); Panama (1); Canada

Moreover, the VC Defendants in *Sequoia Capital* have no connection to (and potentially are not even subject to personal jurisdiction in) the Southern District of Florida at all. Indeed, the plaintiff in *O'Keefe*, Connor O'Keefe, filed a "kitchen-sink" complaint in the Southern District of Florida against the VC Defendants and dozens of other defendants, even though he himself does not reside in Florida, but in Mississippi, and ***not a single named defendant*** is a citizen of Florida. *See* Class Action Complaint, ¶¶11-29, *O'Keefe*, ECF 1. Thus, if "convenience of the parties and witnesses" is a strong factor in the Panel's analysis in deciding on a transferee court, as it often is, the Northern District of California wins over the Southern District of Florida.

Judge Corley is extremely capable of overseeing an MDL, should one be created. She served as a well-respected United States Magistrate Judge for over ten years before her appointment to the district court. During her time as a Magistrate Judge, she played an integral role in several major MDLs, including: *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL 2672 (N.D. Cal.); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, MDL 2843 (N.D. Cal.); *In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, MDL No. 2032 (N.D. Cal.). Judge Corley also oversaw the discovery process in *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, No. 18-cv-07591 (CRB) (JSC) (N.D. Cal.), an offshoot of MDL 2804, the sprawling *In re National Prescription Opiate Litigation* matter. Currently, Judge Corley is the transferee judge in *In re Qualcomm Antitrust Litigation*, MDL No. 2773 (N.D. Cal.), ably steering that case.

* * *

---

(2); Hong Kong (9); the European Union (3); Singapore (5); the United Kingdom (4); the Republic of Korea (1); Australia (1); and the British Virgin Islands (2).

For the foregoing reasons, Rabbitte respectfully requests that the Panel decline to centralize these cases into an MDL. In the event the panel does centralize, the Panel should not include *Sequoia Capital* in its transfer order or, if it does, centralize the cases in the Northern District of California before Judge Corley.

Respectfully submitted,

DATED: April 24, 2023

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
STUART A. DAVIDSON
ANNY M. MARTIN

*s/ Stuart A. Davidson*
STUART A. DAVIDSON

225 NE Mizner Blvd., Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
ERIC I. NIEHAUS
BRIAN E. COCHRAN
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
SHAWN A. WILLIAMS
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

*Counsel for Plaintiff Patrick J. Rabbitte and Interim Class Counsel in Case No. 3:23-cv-00655-JSC (N.D. Cal.)*

- 9 -

4878-4805-4367.v1