**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re: FTX Cryptocurrency Exchange Collapse Litigation | MDL No. 3076 |

**INTERESTED PARTY RESPONSE OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SIGNATURE BANK OPPOSING TRANSFER**

Pursuant to JPML Rule 6.2(e), the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as the Receiver for Signature Bank ("FDIC-Receiver"), submits this Interested Party Response to Petitioners' Motion to Transfer and Consolidate all purportedly Related Actions ("Motion") stemming from the collapse of FTX to the Southern District of Florida. (ECF No.1.) Specifically, the FDIC-Receiver opposes the transfer of the potential tag-along action entitled *Statistica Capital Ltd. et al v. Signature Bank,* currently pending before Judge Andrew Carter in the United States District Court for the Southern District of New York under Civil Action No. 1:23-CV-993 (S.D.N.Y.) (the "Statistica Action").[1]

**PRELIMINARY STATEMENT**

The Statistica Action involves unique factual and legal claims against Signature Bank ("Signature" or the "Bank"), a former New York bank that was closed on March 12, 2023, and placed into an FDIC receivership. Signature is not a party to any of the other actions that the Motion concerns. Unlike any of the other actions, the Statistica Action is currently stayed pending the exhaustion of the mandatory receivership claims process set forth in the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), as codified at 12 U.S.C. §

---

[1] The Statistica Action was tagged to this MDL on March 9, 2023. (ECF Nos. 41, 42.) The Panel closed briefing on the Motion on March 20, 2023, but noted that "[p]arties in any potential tag-along action may file an Interested Party response . . . no later than the Thursday prior to the hearing session at which the motion for transfer is to be heard by the Panel." (ECF No. 74.) The Statistica Plaintiffs also oppose transfer of the Statistica Action. (ECF No. 59.)

1821(d).  For the reasons set forth below, transferring that action is not warranted under 28 U.S.C § 1407.

First, until the Statistica Plaintiffs have complied with FIRREA's mandatory administrative claims process, no court may assert jurisdiction over the claims relating to Signature's alleged acts and omissions at issue in the Statistica Action. The Statistica Plaintiffs have until July 17, 2023, the administrative claims bar date, to file their claims.  The FDIC-Receiver then has 180 days to review the claims, and if disallowed, the Statistica Plaintiffs will have 60 days to continue their lawsuit. Thus, exhaustion of the administrative claims process may take until 2024.  Given the unique posture of the Statistica Action, transfer from the Southern District of New York would not promote the just and efficient conduct of the Related Actions as required under Section 1407. Transfer would also contravene FIRREA's objective of an efficient receivership claims process.

Second, the parties, factual issues and legal issues in the Statistica Action are starkly different than those in the other approximately 15 actions that the transfer motion concerns. Signature is not currently a defendant in any other pending FTX related litigation.[2]  Nor are any of the more than 60 unique parties in those other actions parties in the Statistica Action. The Statistica Plaintiffs allege that Signature facilitated FTX's fraud by allowing their funds to be improperly transferred to Alameda. Those claims, based on New York law, have little in common with the claims in the other 15 cases. The FDIC-Receiver also has unique federal defenses not available to other defendants.  Because unique issues of fact and law predominate

---

[2] Although Signature was originally named as a defendant in *O'Keefe v. Sequoia Cap. Operations, LLC et al.,* No. 1:23-cv-20700 (S.D. Fla.), plaintiff O'Keefe voluntarily dismissed all claims against Signature on April 5, 2023. (Exhibit A hereto.) Therefore, any transfer motion relating to the *O'Keefe* case is moot as to Signature.

over any common issues, transfer of the Statistica Action will not promote efficiency under Section 1407.

Third, because Signature was a New York based bank, many of the witnesses in the Statistica Action, including the individual defendants, will likely be residents of New York. The Statistica Plaintiffs are British Virginia Island limited companies. Thus, transferring the case to Florida will not promote the convenience of the witnesses or parties.

Finally, even the Petitioners recognize that Signature, which is in a FDIC receivership, and Silvergate Bank, which is in voluntary liquidation, fall in a different category than all other defendants in the purportedly Related Actions. Indeed, Petitioners argue in their reply papers that they would support excluding Signature and Silvergate Bank from any MDL if the Panel were to find that including them would not advance Section 1407's objectives. (ECF No. 8 at 2.)

In short, including Signature and the Statistica Action in any proposed MDL would not advance Section 1407's objectives, but would create inefficiencies. Therefore, if the Panel determines to transfer any of the other FTX Related Actions, the Statistica Action should be excluded.

## BACKGROUND

On February 6, 2023, Plaintiffs Statistica Capital Ltd. and Statistica Ltd. (collectively, "Statistica Plaintiffs" or "Plaintiffs"), customers of former cryptocurrency exchange FTX, commenced the Statistica putative class action against Signature. Plaintiffs claim that Signature had "actual knowledge of and substantially facilitated the now-infamous FTX fraud" by allowing funds that Plaintiffs intended to send to FTX for deposit into their FTX trading accounts to instead be transferred to Alameda. (Statistica Complaint, filed February 6, 2023, ¶¶ 1-2, 156-62, 259-60 ("Compl.").) Plaintiffs claim that they have been unable to recoup approximately $2 million that they intended to send to FTX via Signet, Signature's blockchain payments based

solution. (*Id.*, ¶¶ 259-60.) Plaintiffs assert claims under New York law against the Bank for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and unjust enrichment, and seek to recover statutory, compensatory and punitive damages. (*Id.*, ¶¶ 270-86.)

On March 12, 2023, the New York State Department of Financial Services closed Signature and appointed the FDIC as the Bank's Receiver. As a result of that appointment and pursuant to 12 U.S.C. § 1821(d)(2), the FDIC-Receiver succeeded by operation of law to all the rights, titles, powers, and privileges of the Bank and is charged with the duty of resolving all outstanding claims against Bank, including the claims in the Statistica Action. *See* 12 U.S.C. § 1821(d)(3).

On March 15, 2023, the FDIC-Receiver substituted into the Statistica Action as the defendant in place of the closed institution. On March 16, 2023, Plaintiffs filed an amended complaint adding four former Bank executives as individual defendants. On March 27, 2023, Judge Carter granted the FDIC-Receiver's motion to stay the Statistica Action pending completion of the administrative claims process mandated by FIRREA. (*See* Exhibit B hereto (Statistica Docket) at No. 43.)

## ARGUMENT

**I.  Legal Standard.**

Under 28 U.S.C § 1407, transfer for consolidated pretrial proceedings may be appropriate when (1) the actions involve "one of more common questions of fact;" (2) transfer will "be for the convenience of parties and witnesses;" and (3) transfer will "promote the just and efficient conduct of such actions."  Those requirements are not met with respect to the Statistica Action pending in the Southern District of New York.

**II.      Because The Statistica Action Claims Must Be Exhausted Under FIRREA's Mandatory Administrative Claims Process as a Prerequisite to Judicial Review, Transfer Would Not Promote Efficiency under Section 1407 or FIRREA.**

    **A. FIRREA's Mandatory Administrative Claims Process.**

Under FIRREA, Congress created a comprehensive administrative claims process to efficiently resolve claims involving FDIC receiverships. 12 U.S.C. §§ 1821(d)(13)(D), 1821(d)(6)(A). One "of the important goals of FIRREA is to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation." *National Union Fire Ins. Co. v. City Savings*, 28 F.3d 376, 388 (3d Cir. 1994). To accomplish that goal, FIRREA establishes a mandatory administrative claims process.

Specifically, the administrative claims procedure, codified in 12 U.S.C. §§ 1821(d)(3)-(13), creates the following steps:

1. All claimants, including claimants with litigation pending against the failed institution at the time of the receiver's appointment, must file claims with the receiver and await the receiver's determination of their claim before taking further action in the suit. 12 U.S.C. § 1821(d)(6)(A). The failure to file a claim bars any further right to pursue the claim. 12 U.S.C. § 1821(d)(5)(C).

2. After a claim is filed, the receiver has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A).

3. If the receiver disallows a timely claim (or the 180-day period expires without action by the receiver), the claimant has sixty days after the date of the notice of disallowance to file suit for a *de novo* judicial determination of the claim (or to continue any pre-receivership litigation). 12 U.S.C. § 1821(d)(6)(B).

To ensure that all claimants comply with the administrative claims process, FIRREA includes a jurisdictional bar that provides for federal court adjudication of claims only <u>after</u> timely exhaustion of the statutory claims procedure. *See Carlyle Towers Condo. Ass'n, Inc. v. FDIC,* 170 F.3d 301, 307 (2d Cir. 1999) (FIRREA "creates a requirement that all claims must be presented to the FDIC before a claimant may seek judicial review"); *accord FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991).

**B.  The Stay of the Statistica Action Weighs Against Transfer.**

To permit the Statistica Plaintiffs to exhaust the mandatory claims process described above, Judge Carter entered an order staying the Statistica Action pending the completion of that process. (Exhibit B at No. 43.) As noted above, the Bar Date for filing claims against the Signature Bank Receivership is July 17, 2023. As of April 30, 2023, the Signature Bank Receivership claims database does not reflect that any claims have been received from the Statistica Plaintiffs. If the Statistica Plaintiffs file receivership claims, the FDIC-Receiver has up to 180 days to consider such claims, and the Plaintiffs have 60 days following the FDIC-Receiver's decision on their claims (or implied denial) within which to take affirmative steps to continue the litigation. *See above.* As a result, the Statistica Action could be stayed for an additional six months or longer depending on if and when the Statistica Plaintiffs file their claims.[3] If Plaintiffs do not file timely claims, the FDIC-Receiver will move to dismiss the action.

Given the unique posture of the Statistica Action, transfer and consolidation with other FTX related litigation would not promote the just and efficient conduct of the Related Actions

---

[3] FIRREA requires that "all claims must be presented to the FDIC before a claimant may seek judicial review." *Carlyle*, 170 F.3d at 307. There is no exception for class claims. Therefore, each individual member of the putative class in the Statistica Action will also be required to satisfy FIRREA's administrative exhaustion requirement. *Cassese v. Washington Mutual, Inc*. 711 F. Supp. 2d 261, 270 (E.D.N.Y. 2010).

under Section 1407. Moreover, transfer of the Statistica Action to the Southern District of Florida for consolidated pretrial proceedings with the other approximately 15 actions and more than 60 parties would undermine FIRREA's goal of efficient claims determination by burdening the FDIC-Receiver with "complex and costly litigation." *See National Union Fire Ins. Co.*, 28 F.3d at 388.

### C. Continuing the Action in the Southern District of New York is also Consistent with FIRREA's Venue Provision.

FIRREA provides that within 60 days after a claim is disallowed, a dissatisfied claimant may:

> file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A).

Thus, FIRREA provides that post-receivership actions may only be filed in either the federal district courts for the District of Columbia or the district where Signature's principal place of business was located. 12 U.S.C. § 1821(d)(6)(A). FIRREA also provides that an action commenced before the appointment of the receiver—like the Statistica Action—may be continued after timely exhaustion of the claims process. Without FIRREA's venue provision, the FDIC as receiver would be "forced to defend actions at various locations throughout the country, with the attendant disruption of the Bank's records and personnel, [and] the defendant's task would become further complicated." *Hudson United Bank v. Chase Manhattan Bank of Connecticut, NA,* 43 F.3d 843, 849 (3d Cir. 1994) (citation and internal quotation marks omitted). Therefore, continuing the action in the Southern District of New York, where Signature's principal place of business is located also promotes FIRREA's goal of resolving litigation efficiently.

### III. Because the Parties and Issues in The Statistica Action Are Unique, Transfer and Consolidation Would Not Promote Efficiency or the Convenience of Parties and Witnesses.

Transfer and centralization may be appropriate where it will "eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re: Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Pracs. Litig.*, 844 F. Supp. 2d 1380, 1381 (U.S. Jud. Pan. Mult. Lit. 2012). However, as other parties have argued, transfer would not achieve those benefits because there are simply too many unique factual issues and legal theories, different applicable laws, and distinct parties involved in the approximately 16 disparate actions. Petitioners' argument that transfer is justified merely because each action is related in some way to the alleged FTX fraud must be rejected. (*See* ECF 1 at 3.) Where, as here, individual factual issues will predominate over any alleged common factual issues, transfer should be denied. *See, e.g., In re Belviq (Lorcaserin HCI) Prod. Liab. Litig.*, 555 F. Supp. 3d 1369, 1370 (U.S. Jud. Pan. Mult. Lit. 2021) (denying transfer where "individualized factual issues" predominated and diminished "potential to achieve significant efficiencies"); *accord In re: Abbott Lab'ys, Inc., Similac Prod. Liab. Litig.*, 763 F. Supp. 2d 1376 (U.S. Jud. Pan. Mult. Lit. 2011).

That is especially true with respect to the Statistica Action, which asserts unique claims against Signature Bank under New York law that will require different discovery and proof than in any of the other cases. For the following reasons, the Statistica Action should be excluded from any transfer order that the Panel may enter.

First, the issues in the Statistica Actions are different than those in almost all other cases. For example, Petitioners assert that common questions of fact justifying transfer include:

(1) whether all Yield Bearing Accounts ("YBAs"), FTT cryptocurrency tokens or other assets offered or sold by Defendants were unregistered securities;

(2) whether Defendants' participation in FTX's offerings and sales of YBAs violated

8

      federal and Florida securities law; and

   (3) whether Defendant's practices violate the Florida Deceptive and Unfair Trade Practices Act or analogous state consumer statutes.

(ECF 1 at 3.)

Not one of those "common" questions of fact is at issue in the Statistica Action. The Statistica Complaint does not allege violations of securities laws or of state consumer statutes. Thus, there is no risk of duplicative discovery on those issues or of inconsistent pretrial rulings.

      The Statistica Plaintiffs, institutional banking customers of Signature, allege that Signature facilitated FTX's fraud by improperly allowing funds that Plaintiffs intended to be deposited with FTX to be transferred instead via Signature's Signet platform to Alameda, another Signature customer. (Compl., ¶¶ 1-2, 156-62.) The Complaint alleges three claims under New York law for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and unjust enrichment. Those claims alleging improper banking transactions on Signature's Signet platform have nothing in common with the claims in other cases that celebrity defendants allegedly influenced consumers to invest in allegedly unregistered securities offered by FTX or that FTX's accountants allegedly schemed to deceive consumers into investing in FTX.

      Several actions allege that defendant Silvergate Bank aided and abetted FTX's fraud by improperly commingling funds.[4] However, the aiding and abetting claims against Signature and those against Silvergate are based on different state laws,[5] involve unique facts, and will require individualized discovery and proof regarding each bank's conduct; each bank's account relationships; each bank's alleged knowledge of FTX's fraud; and the details of the specific banking transactions. Such claims raise factual questions unique to each defendant that would

---

[4] See ECF no. 52 at 1-3 (identifying the actions in which Silvergate is a defendant).

[5] The claims in the Statistica Action are based on New York law; those against Silvergate are based on California and Florida law.

not benefit from coordination or consolidation.

Second, there is no overlap between the parties in the Statistica Action and the parties in the other approximately 15 actions the Motion concerns. Signature is a defendant in only one case. No party from any of the other 15 cases is a party in the Statistica Action. Further, the proposed class in the Statistica Action, which includes "persons who between May 2019 and November 2022 obtained banking services from Signature Bank" is different than the proposed class in any other case. (*See* Compl., ¶ 261.)

Third, different substantive law applies to the Statistica Action than to the other cases. The Statistica Complaint asserts claims under New York law; the other actions assert claims under California and Florida law. As the Statistica Plaintiffs noted in their Interested Party Response Opposing Transfer, there will also be unique issues relating to the Plaintiffs' contract with Signature, including a requirement for venue in New York County. (ECF No. 59 at 12.) As the substituted defendant in the Statistica Action, the FDIC-Receiver also has unique federal defenses not available to defendants in other cases. Those defenses include, for example, the requirement that all class members must exhaust FIRREA's mandatory claims process as a jurisdictional prerequisite to judicial review (12 U.S.C. § 1821(d)); the statutory bar against punitive damages awards against the receiver (12 U.S.C. § 1825(b)(3)); the statutory bar against equitable claims against the receiver (12 U.S.C. § 1821(j)); and the provision that any potential damages judgment may be satisfied with a receivership certificate (12 U.S.C. § 1821(d)(10), (11)). *See In re: Genetic Techs. Ltd. (%2C179) Pat. Litig.*, 883 F. Supp. 2d 1337, 1338 (U.S. Jud. Pan. Mult. Lit. 2012) (that certain defendants have "idiosyncratic potentially dispositive defenses" is a factor that weighs against transfer).

Fourth, because Signature was a New York commercial bank with its principal place of business located in New York county, the witnesses in the Statistica Action, including the four

individual defendants, who are former Bank officers, will likely be residents of New York (or nearby states). Nor will the Signature witnesses be witnesses in any other case. Thus, transferring the case to Florida will not promote the convenience of the witnesses or parties as required under Section 1407.

Tellingly, even the Petitioners recognize that Signature Bank, which is in an FDIC receivership, and Silvergate Bank, which is in voluntary liquidation, are in a different category than all other defendants in the FTX related litigations. After acknowledging "the Silvergate Bank and Signature Bank closure-related issues," Petitioners argue in the alternative that "should the Panel find including those Defendants in liquidation would not advance the objectives of § 1407, Petitioners support excluding these Financier Defendants from the MDL." (ECF No. 8 at 2.) The FDIC-Receiver agrees with the Petitioner's alternative position.

There is virtually no overlap between the central factual issues, parties, proposed classes and claims between the Statistica Action and the other FTX related litigations. Because "individual factual questions overwhelmingly predominate over any common factual issues it may share" with the other actions, there would no efficiencies gained by transferring the Statistica Action to Florida. *See In re Western Elec. Co., Inc. Semiconductor Pat. Litig.,* 415 F. Supp. 378, 380 (J.P.M.L. 1976).  To the contrary, transferring the Statistica Action to Florida to coordinate pretrial proceedings with approximately 15 cases with different factual and legal issues, more than 60 parties, and different applicable laws will only impose unnecessary burden and costs on the FDIC-Receiver contrary to both Section 1407's and FIRREA's efficiency objectives.

Based on these facts, if the Panel enters a transfer order regarding the other cases, the Statistica Action should be excluded. S*ee, e.g.*, *In re Pennsylvania Life Co. Sec. Litig.*, 389 F. Supp. 981, 983 (J.P.M.L. 1975) (excluding case that raised only limited questions of fact

common to other cases from transfer order).

## CONCLUSION

For the reasons stated above, the FDIC-Receiver opposes the transfer of the Statistica Action and respectfully requests that the Panel exclude Signature Bank and the Statistica Action from any MDL transfer order that it may issue in this matter.

Dated: May 1, 2023

                          Respectfully submitted,

                          **FEDERAL DEPOSIT INSURANCE CORPORATON AS RECEIVER FOR SIGNATURE BANK**

                          By its attorneys

                          /s/ Rosemary Q. Barry
                          Rosemary Q. Barry, Counsel
                          Federal Deposit Insurance Corporation
                          Legal Division
                          New York Legal Services Office
                          350 Fifth Avenue, Suite 1200
                          New York, New York 10118
                          Telephone: (917) 320-2862
                          Email: rbarry@fdic.gov

                          Sonya Levine, Counsel
                          Federal Deposit Insurance Corporation
                          Legal Division
                          3501 Fairfax Drive
                          Arlington, Virginia 22226
                          Telephone: (703) 562-2783
                          Email: slevine@fdic.gov

**Of Counsel:**
FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION
Jeffrey E. Schmitt, Senior Counsel
3501 Fairfax Drive
Arlington, Virginia 22226
(972) 310-4937
jschmitt@fdic.gov