## ANTHONY SCORDO, ESQ., PC

1425 POMPTON AVENUE-SUITE 2-2
CEDAR GROVE, NEW JERSEY 07009
TEL: 973-837-1861
FAX: 973-837-9650

*E-MAIL: anthonyscordo@msn.com

ADMITTED TO PRACTICE IN N.J. AND N.Y.
LL. M. IN ENVIRONMENTAL LAW

June 13, 2023

<u>Via ECF only</u>
Judicial Panel on Multi- District Litigation
1 Columbus Cir. NE Room G-255
North Lobby
Washington DC 20544

> Re: *Lucky D. et. al v. Prager Metis, et. al*
> *Civ. No. 23-389 (D. N.J.)*
> *In re FTX Cryptocurrency Exchange Collapse Litigation*
> *MDL No. 3076*

Dear Honorable Members of the Multi-District Panel:

I represent plaintiffs in the captioned matter. Please accept this letter in lieu of a more formal brief in opposition to this Panel's Order designating this action as a "tag along" with respect to the FTX Cryptocurrency Exchange Collapse Litigation and ordering the matter transferred to and consolidated with certain class action lawsuits filed by certain plaintiffs against FTX and other defendants in the Southern District of Florida. The captioned matter involves multiple plaintiffs naming as defendants only two public accounting firms Prager Metis LLP and Armanino LLP, which conducted audits and published opinions as to the two FTX

non-public companies',known as FTX (international) and FTX.US (domestic), financial statements.

    Multi-district litigation is a method for consolidation of similar cases during the pretrial and discovery phase of litigation. 28 USC sec. 1407 (a). To be appropriate for transfer to multi district litigation, there must be multiple cases pending in various federal district courts that share common questions. These common questions must be predominately factual; if the common questions are predominately legal, the panel should deny transfer. <u>In re EPA Pesticide Litigation</u>, 434 F. Supp. 1235 (J.P.M.L. 1977). Such questions must be more than just common to the consolidated matters, they must also be numerous, complex and heavily disputed. <u>In re Georgeson Shareholders Share Exchange Litigation</u>, 277 F. Supp. 2d 1372 (J.P.M.L. 2003).  Claims of different individual plaintiffs which involve common legal issues but totally different alleged facts may not be grouped into a single action under the plain and unambiguous language of Federal Rule of Civil Procedure 20(a)(1). <u>In re Asbestos Product Liability Litigation,</u> Civ. No. 08-89546 (E.D. Pa. 2008). Where permitting multi-plaintiff actions with unrelated claims to proceed would complicate discovery and interfere with completion of assigned deadlines, the matter should be rejected by the Panel, or be severed and is already consolidated. Ibid.

    "Tag along" actions differ from those initially consolidated and instead are defined as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." MDL Rule 1.1. Plaintiffs maintain that the captioned matter is improperly labelled as a "tag along" action and consolidation in the FTX MDL must be refused or, if preliminarily granted, severed and remanded to the plaintiffs' choice of forum, the District of New Jersey.

    The only claim being asserted here by these individual plaintiffs (plai9n tiffs in this matter are <u>not</u> representatives of a putative class and this is apparently the only proposed MDL action where plaintiffs are not seeking class status) is that their severe financial losses were proximately caused by the negligence of two accounting firms acting solely in their professional capacities which deviated from professional standards in conducting audits and rendering opinions as to FTX' financial statements.

    An analogous, though concededly not completely identical, situation has arisen where plaintiffs sought to join claims for product liability against manufacturers of bodily implants used in surgery with their claims against medical providers. See, e.g. <u>Smith v. Hendricks,</u> 140 F. Supp. 3d 66 (D.D.C. 2015). There, Plaintiff filed a claim against her surgeon who utilized an implanted surgical mesh

device as a treatment for pelvic organ prolapse and stress urinary incontinence manufactured by Boston Scientific. Post-surgery she experienced complications and adverse events. She named her surgeon, the facility where she had the surgery alleging medical malpractice as well as the manufacturer Boston Scientific which removed the matter from state court and then requested that the matter be transferred to the multi-district product liability action pending in the Southern District of West Virginia.

The medical providers in Smith contended that they were improperly joined with the claims against Boston Scientific, arguing that neither prong of Rule 20(a) was satisfied as:
1. The claims did not arise out of the same transaction or occurrence; and
2. There was an absence of common questions of law or fact between the types of claims.

The district court in Smith agreed that the claims were improperly joined as the malpractice claims and the product liability claims were "wholly distinct," stating as follows:

> The factual basis for the claims against the healthcare defendants pertains the plaintiff's treatment by and interaction with her healthcare providers. The factual bases of the claims against Boston Scientific pertain to the research development production and marketing of the (implant system).

As such, Smith's claim was severed from the MDL and remanded to state court in D.C. The Smith court cites in support numerous cases including In re Stryker Hip Implants, D. Minn. 2013; Hughes v. Sears Roebuck, N. D. W.V. 2009; In re Guidant Debrillators, D. Minn. 2007; (but see also cited, contra, Stephens v, Kaiser, D. Md. 2011 .

One of the panelists at the Philadelphia May 25 hearing, in questioning an attorney arguing against consolidation, asked how "aiders and abettors" claims could proceed without joinder of FTX since FTX' wrongdoing is at the heart of the claims against those co-defendants that marketed on FTX' behalf, recommended FTX as an investment etc. These plaintiffs maintain that the claims they are pursuing against the accountant defendants are "wholly distinct" from the putative class action claims alleging fraud and conspiracy of the so-called aiders and abettors of FTX. The detailed allegations against these defendants, set forth in a careful review of the Complaint, are not that they conspired to advance FTX' fraud but that they failed to comport their respective audits with

professionally accepted auditing/accounting standards which resulted in reports justifiably relied upon these plaintiffs who became customers of FTX and consequently lost their deposits *in toto*. Conspiracy or accomplice liability is not alleged at all. **Joinder of this action with the garden variety class actions destined for Miami MDL 3160 is therefore improper under Rule 20(a) and tag along status should be rejected by this panel out of hand.**

With respect to convenience and efficiency, upon information and belief the audits of FTX International subsidiary were conducted in New Jersey by Prager Metis. These plaintiffs were all international FTX customers and the witnesses and relevant documents are presumably located in New Jersey and not Florida. While the other auditor of FTX' domestic subsidiary, Armanino, is located in California, it is submitted that, the primary accountant defendant from whom these plaintiffs is seeking relief is Prager Metis not Armanino. Thus, New Jersey remains the most convenient place to conduct discovery and eventual trial, though California would be more acceptable than Florida.

In summary, this Panel should reject tag-along status for the captioned matter and allow it to proceed in the District of New Jersey where it is currently venued.

Respectfully submitted,

s/ Anthony Scordo

Anthony Scordo
Attorney for plaintiffs

AS/al