BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: FTX CYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                                                         MDL No. 3076

*Garrison v. Singh*, E.D. Michigan, Case No. 2:23-cv-011764-LJM-KGA

_____/

MOTION TO REINSTATE CONDITIONAL
TRANSFER ORDER DATED AUGUST 1, 2023 (CTO-2)

Now comes Defendant Jaspreet Singh, by and through his attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, by Ronald G. Acho, and for his Motion to Reinstate Conditional Transfer Order dated August 1, 2023 (CTO-2), states as follows:

1. The captioned matter (E.D. Michigan, Case No. 23-cv-011764-LJM-KGA) involves multiple Plaintiffs who have named Defendant, Jaspreet Singh, as a Defendant in a "tag-along" litigation with respect to the FTX Cryptocurrency Exchange Collapse.

2. On August 1, 2023. the United States Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order in *In re: FTX Cryprocurrency Exchange Collapse Litigation*, MDL No. 3076 and ordered this matter consolidated with certain class action lawsuits filed by certain plaintiffs against FTX and other defendants in the Southern District of Florida.

3. On August 9, 2023, after receiving a notification of filing from the Judicial Panel on Multidistrict Litigation (Doc. 185) regarding the lifting of the stay, Defense counsel contacted the Local Court regarding the Conditional Transfer Order.

4. Defense counsel was unsure what the Order meant, and as a result, he directed his office to contact the Local Court to request clarification and the next steps, such as the scheduling of a phone status conference.

5. The Local Court was uncertain, and as a result, Defense counsel could not get any clear direction.

6. Defendant Jaspreet Singh now wishes to seek an Order from this Honorable United States Judicial Panel on Multidistrict Litigation reinstating the Conditional Transfer Order dated August 1, 2023 (CTO-2) as to E.D. Michigan, Case No. 23-cv-011764-LJM-KGA so that he can file a notice of opposition to CTO-2.

7. Defendant Jaspreet Singh is a single individual who operates his local business in Northville, Michigan, which is within the jurisdiction of the Eastern District of Michigan.

8. Defendant Singh has been sued by individuals unknown to him and with whom he has had no dealings, personal or business related.

9. Defendant Singh was named in a lawsuit that was filed in Miami, Florida even though he does not transact business in Florida.

10. The complaint that was filed contained no specific allegations of wrongdoing by Defendant Jaspreet Singh.

11. Defendant Jaspreet Singh does not even know most of the Co-Defendants who were identified and named as defendants in the same Complaint filed in the Florida federal court that names Defendant Singh as a Defendant.

12. Instead, the Complaint that was served on Defendant Singh was a self-styled class action in which he should have never been named as a Defendant.

13. What is occurring is that Plaintiffs' attorneys are doing a dragnet operation in naming anyone and everyone that had any connection with FTX.

14. The complaints that have been filed are "cookie cutter" lawsuits that allege that every defendant did the identical actions, which is simply untrue and strongly suggests that

Plaintiff's attorneys have not satisfied their obligations under Federal Rule of Civil Procedure 11.

15. There is no basis whatsoever for any Plaintiff to sue Defendant Jaspreet Singh in federal court in Florida or anywhere else.

16. But at a minimum, if any litigation had any foundation, or even any potential for liability, it should take place in Michigan where the Defendant lives and works.

17. This attempted class action is also an extortion of sorts because it is causing an individual, like Defendant Jaspreet Singh, to spend countless thousands of dollars for no good reason.

18. This litigation is a source of pressure executed by Plaintiffs and their counsel in order to extract a settlement so that the Defendant will not have to spend literally hundreds of thousands of dollars to defend himself from unwarranted and unsubstantiated allegations levied by individuals he does not even know.

19. Here, the claims against Defendant Singh are unrelated and do not arise out of the same transactions or occurrences as the other Defendants, and as such they claims are not related within the meaning of Federal Rule of Civil Procedure 20(a)(1). This lawsuit involves different facts, different witnesses, different evidence, different legal theories and different defenses.

20. For these reasons, this matter is properly before the Eastern District of Michigan.

21. Attached to this Moton is Defendant Jaspreet Singh's proposed *Notice of Opposition to Conditional Transfer Order Dated August 1, 2023 (CTO-2).*

22. With this Motion, Defendant Jaspreet Singh requests that this Honorable United States Judicial Panel on Multidistrict Litigation reinstate the Conditional Transfer Order (CTO-2) in order for Defendant Singh to oppose the transfer of Case No. E.D. Michigan, Case No. 23-cv-011764-LJM-KGA pursuant to the CTO.

**WHEREFORE**, Defendant Jaspreet Singh respectfully requests that this Honorable United States Judicial Panel on Multidistrict Litigation Reinstate the Conditional Transfer Order dated August 1, 2023 (CTO-2) and allow the Defendant to oppose the transfer of Case No. E.D. Michigan, Case No. 23-cv-011764-LJM-KGA pursuant to CTO-2.

Dated:  August 15, 2023             Respectfully Submitted,

/s/ *Ronald G. Acho*
Ronald G. Acho
P23913
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com