BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: FTX Cryptocurrency Exchange Collapse Litigation | MDL Docket 3076 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO VACATE CONDITIONAL TRANSFER ORDER
DATED AUGUST 1, 2023 (CTO-2)**

Plaintiffs hereby oppose Defendant Jaspreet Singh's Motion to Vacate Conditional Transfer Order Dated August 1, 2023 (CTO-2) ("Mot."), ECF No. 208, regarding *Garrison v. Singh*, E.D. Michigan, Case No. 23-cv-011764-LJM-KGA (the "Singh Action"). The claims in the Singh Action, as well as claims against similarly-situated defendants, are included in actions that have *already* been transferred to the Southern District of Florida for consolidated proceedings in MDL No. 3076. In the Panel's Transfer Order creating this MDL, ECF No. 138, the Panel already considered and decided the issues that are raised in the current Motion to Vacate. The Panel should now reject Defendant Singh's attempt to relitigate these issues and deny the Motion to Vacate.

## BACKGROUND

On March 15, 2023, Plaintiffs filed an action against multiple "Influencers," including Jaspreet Singh, alleging claims arising out of the sale of unregistered securities by a set of related FTX Entities. *Garrisson v. Paffrath*, S. D. Fla. 23-cv-21023 ("Paffrath Action"). The Paffrath Action includes the claims against the single Defendant in the Singh Action that is the subject of the current Motion to Vacate. On June 5, 2023, the JPML ordered the transfer and consolidation of actions arising out of the FTX collapse to the Southern District of Florida and assigned them to the Hon. K. Michael Moore under 28 U.S.C. § 1407. ECF No. 138. As a result, the Paffrath Action was re-assigned to Judge Moore, and he confirmed "the claims [would] proceed" in the

1

consolidated MDL proceedings. *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, S.D. Florida, 1:23-md-03076-KMM ("FTX MDL"), ECF No. 120.

On June 21, 2023 Judge Moore held a Status Conference discussing, among other issues, the resolution of various Defendants' challenges to personal jurisdiction. Plaintiffs' counsel advised the Court that if any Defendant did not consent to personal jurisdiction in the Southern District of Florida, the Plaintiffs would refile complaints in courts that can assert personal jurisdiction over the Defendants and, subsequently, transfer the cases as tag-alongs in the multi-district litigation. Ex. A (Hrg. Transcript), at 7:13-17. Subsequently, Defendant Singh declined to waive his personal jurisdiction defenses in Florida, and Plaintiffs informed Judge Moore and the parties that they would be filing complaints in the home jurisdictions of Singh and others who continued to object to personal jurisdiction in Florida. Ex. B (Pls.' Notice on Personal Jur.) at 2. As a result, Plaintiffs filed the Singh Action in the Eastern District of Michigan, notified the Panel of the action as a potential tag-along, and the Panel issued Conditional Transfer Order CTO-2 that included the Singh Action. ECF No. 178. Now Defendant Singh objects to transfer of this action—filed only because of his objections to personal jurisdiction in Florida—to the MDL, raising arguments that already have already been rejected by the Panel.

## ARGUMENT

Pursuant to 28 U.S.C. § 1407(a), the MDL Panel may transfer and consolidate cases that meet three requirements: (1) the cases "involv[e] one or more common questions of fact;" (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;" and (3) transfer and consolidation or coordination "will promote the just and efficient conduct of [the] actions." In its initial Transfer Order, the Panel acknowledged that "[t]he actions undoubtedly involve several non-overlapping defendants and raise defendant-specific issues," but concluded

that the actions "all rest on the same core set of facts concerning the alleged fraud that led to FTX's collapse." ECF No. 138, at 2. The Panel further concluded that "the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core." *Id.*

Now Defendant Singh argues that any common issues of fact are de minimis. Br. in Supp. of Mot. to Vacate, ECF No. 208-1 ("Br."), at 5. The Panel has already rejected this argument in creating the MDL in the first place. No different result is required because the claims in the Singh Action are only against this single Defendant. As set out above, Plaintiffs filed this action in the Eastern District of Michigan, Defendant's home jurisdiction, only because he refused to consent to personal jurisdiction in Florida. The Panel reasoning in creating the MDL resolves this issue directly. The claims against all of the "Influencers" from the Paffrath Action (including Defendant Singh himself) are already proceeding as part of the MDL. So, too, are claims against similarly-situated celebrities, such as Larry David and Tom Brady, who were originally Defendants in *Garrison v. Bankman-Fried*, S.D. Fla., 1:22−23753. *See* Transfer Order, ECF No. 138, Schedule A. The claims against Singh and these other Defendants are now encompassed in the Administrative Class Action Complaint against the Promoters and Digital Creator Defendants filed in the MDL. FTX MDL, ECF No. 179 (Corrected Administrative Class Action Complaint).

Defendant Singh also argues that transfer of the case would not make the case more efficient or advance the just and efficient conduct of the litigation. But transfer would necessarily be more efficient because claims against this Defendant and against other similarly-situated Defendants are already proceeding in the Southern District of Florida and will proceed regardless of whether this case is transferred. Moreover, Mr. Singh's argument that "any substantive pre-trial litigation," including motions to dismiss, "would be completely separate," from other Defendants,

Br. at 8, is inconsistent with the MDL proceeding themselves. Together with other Influencer Defendants, Mr. Singh is expected to file a joint motion to dismiss under Rule 12(b)(6). FTX MDL, ECF Nos. 216, 236. Contrary to Defendant's claims in his Motion to Vacate, transferring this action to Florida will advance the just and efficient conduct of this litigation and is consistent with the Panel's previous actions regarding this MDL.

## CONCLUSION

For the reasons set out above, the Panel should deny Defendant's Motion to Vacate and transfer the Singh Action to the United States District Court for the Southern District of Florida as part of the consolidated proceedings in MDL No. 3076 now before Judge Moore.

Certificate of Service attached.

Respectfully submitted on September 19, 2023,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: /s/ Adam Moskowitz<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ David Boies<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

4