BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE: FTX COLLAPSE LITIGATION | MDL Docket 3076 |
|---|---|

**PETITIONERS' MOTION FOR TRANSFER OF RELATED ACTION TO THE SOUTHERN DISTRICT OF FLORIDA FOR CONSOLIDATION INTO MDL NO. 3076 AND INCORPORATED BRIEF MEMORANDUM OF LAW**

Petitioners hereby move for entry of an order transferring the Related Action (described below) for coordination and consolidation in the existing MDL *In re: FTX Cryptocurrency Exchange Collapse Litigation*, 1:23-md-03076-KMM (S.D. Fla.) (Moore, J.) (the "FTX MDL"), pursuant to 28 U.S.C. § 1407 and Rules 6.1 and 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation. This Motion is supported by the incorporated Brief and attached Schedule of Actions. In support of the Motion, Petitioners state:

1. In November 2022, the cryptocurrency exchange platform "FTX" suddenly collapsed. Valued at $32 billion, FTX and its affiliated companies saw their valuation plummet to almost nothing over the span of a mere ten days, and on November 11, 2022 filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose as a result of the calamitous downfall of FTX, principally alleging fraudulent and conspiratorial conduct with regard to the promotion, marketing, auditing, and misappropriation of funds for the FTX platform.

2. The first-class action against FTX was filed in the Southern District of Florida on November 15, 2022, two (2) business days after it was revealed that FTX operated as an alleged fraudulent scheme and sought emergency bankruptcy relief.[1] Extensive expert testimony was presented and all Defendants in *Garrison* were served. Since *Garrison*, additional cases have been

---

[1] *Garrison v. Bankman-Fried, et al.,* No. 1:22-cv-23753-KMM, Dkt. No. 192 (S.D. Fla.) (Moore, J.).

filed, including state and federal actions, mainly in Florida and California, against various defendants from the FTX collapse, including accountants, venture capital funds, law firms and FTX insiders. On May 12, 2023, the *Garrison* Court granted Plaintiffs leave to file a 327-page Amended Complaint, [ECF No. 205], which included significant substantive amendments, including newly uncovered information evidencing how FTX's Miami office served as the epicenter for most of the FTX domestic dealings with 3rd parties, as well as adding new parties and new expert analysis. On June 5, 2023, this Panel entered the Transfer Order and created the FTX MDL as the Related Actions "***arise from a common factual core***." *See* Trans. Order, 2.

3. As the Panel noted in the Transfer Order, Defendant Daniel Friedberg, former Chief Compliance Officer of FTX, filed a Declaration with the *Garrison* Amended Complaint, explaining his agreement to provide significant cooperation and information to Plaintiffs regarding different FTX Defendants and Insiders, and providing factual information, such as facts illustrating the strong connection between FTX's Miami office and many of the aiders and abettors.[2]

4. On August 11, 2023, with leave of the FTX MDL Court, the FTX MDL Plaintiffs filed a Consolidated Administrative Class Action Complaint against the FTX Insiders, consolidating claims against Defendants Sam Bankman-Fried, Caroline Ellison, Nishad Singh, and Gary Wang (which had been pending in various courts, including the Southern District of Florida, since November 15, 2022), for violations of RICO, state securities and consumer protection laws, civil conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory judgment. *See* FTX MDL, ECF No. 178 (the "Insider

---

[2] As noted in the JPML Transfer Order, "a significant part of FTX's conduct allegedly emanated from [the Southern District of Florida." *See* Transfer Order, 3.

Complaint"). While the Insider Complaint is stayed pending completion of Mr. Bankman-Fried's criminal proceedings, the FTX MDL Plaintiffs also have pending Consolidated Administrative Class Action Complaints against the related Banks, Law Firms, Accountants, Promoters, and Domestic and Multinational Venture Capital Funds, for similar violations.

5. Motions to Dismiss are fully briefed in the FTX MDL and the Parties are currently conducting jurisdictional discovery related to the coordinated pretrial proceedings.

6. On December 27, 2022, a month and a half after *Garrison* was filed in the Southern District of Florida, FTX customers Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar (the "*Onusz* Plaintiffs") filed a class action adversary proceeding in the FTX Bankruptcy Proceedings, *In re: FTX Trading Ltd., et al.,* No. 22-11068 (JTD) (Bankr. D. Del.) (the "FTX Bankruptcy"), styled *Austin Onusz, et al., c, West Realm Shires Inc., et al.,* No. 1:22-AP-50513 (JTD) (Bankr. D. Del.) (the "*Onusz* Action"), seeking to represent a class of all FTX customers "who deposited or held customer property with FTX US and/or FTX.com," and "who have been unable to withdraw, use or access [those] assets" since FTX's collapse, for claims of declaratory judgment, breach of contract, breach of fiduciary duty, negligence, conversion, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion against the FTX Debtor Entities and the FTX Insiders, namely Mr. Bankman-Fried, Ms. Ellison, Mr. Singh, and Mr. Wang.

7. The *Onusz* class is narrower than, and fully subsumed within the FTX MDL Plaintiffs' class against the Insiders, which seek to certify an international class and a nationwide class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." *See* Insider Complaint ¶ 287.

8. The class definitions in the FTX MDL complaints, including the Insider Complaint, are in fact broader than the proposed class in the *Onusz* Action, which is limited to FTX customers with deposits on the exchange when it collapsed, and who have been unable to withdraw those deposits since, whereas the Insider Complaint class as defined includes FTX customers who have made deposits at any time on any FTX exchange.

9. *Onusz* is therefore a "Related" or "Tag-Along" Action, subject to transfer and consolidation into the FTX MDL pursuant to 28 U.S.C. § 1407.

10. It is beyond dispute that the Panel has authority to transfer and consolidate an adversary proceeding into an MDL. *In re: Nat'l Arbitration Forum Trade Practices Litig.*, 729 F. Supp. 2d 1353, 1353 (U.S. Jud. Pan. Mult. Lit. 2010) ("The Panel has previously transferred multiple adversary proceedings under Section 1407. *See In re Phar–Mor, Inc., Securities Litigation*, MDL No. 959, 1994 WL 41830, at *1 n. 2 (J.P.M.L. Jan. 31, 1994) ('Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets').").[3]

11. Once transferred and consolidated, the FTX MDL Transferee Court is imbued with the same basis for jurisdiction over the transferred defendants as the transferor court. *See In re*

---

[3] *See also In re Fleming Companies Inc. Sec. & Derivative Litig.*, 370 F. Supp. 2d 1352, 1353 (J.P.M.L. 2005) ("We also point out that the Panel has never found any impediment regarding the Panel's authority to transfer an adversary proceeding under Section 1407.") (citing *In re Phar–Mor, Inc., Securities Litigation*, 1994 WL 41830 (J.P.M.L. 1994) (citing several other examples)); *In re Gross Common Carrier, Inc., Freight Undercharge Claims Litig.*, 843 F. Supp. 1506, 1508 (J.P.M.L. 1994) ("Inasmuch as the Panel has determined to centralize this litigation in the district where the adversary proceedings are already pending, the Panel will leave to the discretion of the transferee court the determination of the extent of any coordination between the centralized district court actions and the adversary proceedings."); *In re Luca Int'l Group Sec. Litig.*, 338 F. Supp. 3d 1358, 1359 (J.P.M.L. 2018) (Panel concluding that centralization of SEC enforcement action and adversary proceeding were not warranted, though only because it was just two pending actions with different procedural postures, implying that if factors for transfer were met, JMPL could have centralized an adversary proceeding in an MDL).

*In re: FTX Collapse Litigation*

*Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) ("Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.")

12. In the year since the *Onusz* Action was filed, the *Onusz* Plaintiffs have not taken any steps to prosecute their claims in that action, as detailed on the attached Docket Sheet. It also appears that the *Onusz* Plaintiffs have ceased their intention to pursue the claims in the *Onusz* Action, and have instead entered in an apparent agreement in principle for the *Onusz* Plaintiffs to, *in their individual and not representative capacities*, support a proposed Chapter 11 Plan in the FTX Bankruptcy. *See* FTX Bankruptcy, ECF No. 3291-1, a copy of which is attached hereto. The *Onusz* Plaintiffs' apparent abandonment of the *Onusz* Action in favor of the proposed Plan, which is *not* a proposed class action settlement (and it is yet undisclosed what compensation or other terms of the "agreement in principle" the *Onusz* Plaintiffs and FTX Debtors have reached that would inure to the benefit of the *Onusz* Plaintiffs), would prejudice the FTX MDL Plaintiffs and the proposed overlapping class they all seek to represent.

13. The *Onusz* Plaintiffs have also used the pendency of their dormant adversary proceeding to hamper efforts for the FTX MDL Plaintiffs and certain FTX Defendants from engaging in negotiations to fully resolve claims for the benefit of all FTX customer class members, in contravention of prior orders of this Panel and the FTX MDL Court in managing the pretrial proceedings of these Related Actions, including the authority granted to the FTX MDL Plaintiffs and their counsel to prosecute these claims in accordance with the FTX MDL Court's Leadership Order dated June 21, 2023, *see* FTX MDL, ECF No. 61.

14. Although the *Onusz* Plaintiffs may contend that there are currently motions pending in the *Onusz* Action to transfer those claims to the FTX MDL, it is clear that only this Panel is

5

empowered to effect a transfer of the *Onusz* Action to the FTX MDL, while the FTX Bankruptcy Court is constrained to consider the transfer pursuant to the different standards for change of venue under 28 U.S.C. § 1412. *In re Holmes*, 306 B.R. 11 (Bankr. M.D. Ga. 2004) (concluding that only the JPML can authorize transfer of an adversary proceeding to an MDL, bankruptcy court was constrained to use § 1412 for transfer of adversary proceedings and found movant did not sustain burden for § 1412 transfer of adversary proceeding to district where MDL was pending). Thus, the Panel is the appropriate forum for this Motion and to effect the relief the FTX MDL Plaintiffs seek.

15. As required by 28 U.S.C. § 1407(a), the Related Actions proposed for transfer and coordination "involve[] one or more common questions of fact," including:

(a) whether the FTX Entities operated a Ponzi scheme from their domestic headquarters in Miami;

(b) Whether the FTX Defendants committed breach of fiduciary duty by misappraising, misusing, or stealing customer property, and are thereby liable to the Class;

(c) Whether the FTX Defendants committed conversion by misappropriating, misusing, or stealing customer property, and are thereby liable to the Customer Class;

(d) Whether the FTX Defendants acted negligently by misappropriating, misusing, or stealing customer property, and are thereby liable to the Customer Class;

(e) Whether the Insider Defendants aided and abetted the FTX Defendants misconduct and are thereby liable to the Customer Class;

(f) the type and measure of damages suffered by Plaintiffs and the Classes;

(g) whether Plaintiffs and Class members are entitled to consequential damages, punitive damages, statutory damages, disgorgement, and/or other legal or equitable appropriate remedies as a result of Defendants' conduct.

16. Transfer of the actions will prevent duplication of litigation and discovery, eliminate the possibility of conflicting pretrial rulings, conserve party and judicial resources, and vindicate the authority of this Panel and the FTX MDL Court.

Accordingly, the Petitioners respectfully requests that the Panel transfer the Related *Onusz* Action to the Southern District of Florida for consolidation and coordinated pre-trial proceedings.

Dated: December 22, 2023    Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Joseph M. Kaye
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

By: */s/ David Boies*
David Boies
Alex Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Tyler Ulrich
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*In re: FTX Collapse Litigation*

tulrich@bsfllp.com

**By:** */s/Jose M. Ferrer*
Jose M. Ferrer
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

**By:** */s/Kerry J. Miller*
James R. Swanson
Kerry J. Miller
Molly L. Wells
C. Hogan Paschal
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

*Co-Counsel for Petitioners and FTX MDL Plaintiffs*