# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE: FTX Cryptocurrency Exchange Collapse Litigation | MDL No. 3076 |
|---|---|

## OPPOSITION AND/OR OBJECTION TO NOTICE OF POTENTIAL TAG-ALONG ACTION

Nir Lahav, Plaintiff in N.D. Cal. litigation Civ. No. 3:23-cv-05038-TLT ("Lahav Action"), hereby opposes and/or objects to the notice of December 29, 2023 (ECF 229) filed by Co-Counsel for Plaintiffs and the Class in Civ. No. 23-md-03076-KMM ("MDL Action") currently pending in the Southern District of Florida.

First, even Plaintiffs in the MDL Action recognize the weakness in their notice by merely designating it a "Potential" tag-along action. In reality, the Lahav Action does not meet the definition of a "tag-along action" under Rule 1.1(h) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML Rules"). There are no "common questions of fact" with actions previously transferred to the MDL Action, nor are there any common Defendants. *Id*. On the contrary, every Defendant in the MDL Action was *promoting* FTX, with interests aligned to FTX; whereas Defendants in the Lahav Action—namely, Binance Holdings Ltd. and Changpeng Zhao, BAM Trading Services Inc. and BAM Management US Holdings Inc. (collectively, "Binance") were *competitors* to FTX, with interests adverse to FTX. The liability in the Lahav Action is based on independent acts of Binance rather than those of the FTX Defendants. Discovery will differ substantially not only for those reasons, but also because the time period for promotional activities by the FTX Defendants differs from the time period in which Binance caused an FTX bank-run by its social media tweets.

Second, the claims in the MDL Action are solely based on consumer-protection laws whereas the Lahav Action includes PSLRA. The factual allegations are exactly opposite given

the adverse alignment compared to the FTX Defendants. Rather than streamlining discovery merging the Lahav Action with the MDL Action will likely obscure and complicate discovery.

Last, by merging discovery through a single MDL Action, there would be risk of dissemination of highly confidential information, including competitive information, from the Binance Defendants, headquartered outside of US to primarily US-based FTX Defendants and *vice versa*. Indeed, Counsel for foreign Defendants Binance Holdings Ltd. and Changpeng Zhao were not served the notice of potential tag-along (ECF 229).

Respectfully, a conditional transfer order under Rule 7.1(b) should not be issued.

Dated: January 2, 2024                           **DEVLIN LAW FIRM, LLC**

                                                 By:   /s/ Deepali A. Brahmbhatt
                                                      Deepali A. Brahmbhatt

                                                      Deepali A. Brahmbhatt
                                                      Email: dbrahmbhatt@devlinlawfirm.com
                                                      DEVLIN LAW FIRM LLC
                                                      3120 Scott Blvd. #13,
                                                      Santa Clara, CA 95054
                                                      Telephone:    (650) 254-9805

                                                      Timothy Devlin
                                                      Email: tdevlin@devlinlawfirm.com
                                                      Devlin Law Firm LLC
                                                      1526 Gilpin Avenue
                                                      Wilmington, DE 19806
                                                      Telephone: (302) 449-9010

                                                      *Attorneys for Plaintiff and the Class Nir Lahav on behalf of himself and all others similarly situated*

## PROOF OF SERVICE

In accordance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, the undersigned hereby certifies that on January 2, 2024, copies of the Opposition/Objection to Notice of Potential Tag-Along Action was filed electronically through the CM/ECF system, and copies of same were sent by USPS and/or Email to all parties on the attached service list:

*Lahav v. Binance et al.*, Case No.: 3:23-cv-05038, Judge Trina L Thompson (N. D. Cal.) filed October 2, 2023.

*Counsel for Defendants BAM Trading Services Inc., BAM Management US Holdings Inc.*

Adam Michael Foslid
Email: afoslid@winston.com
Tel: 305-910-0646

Daniel Tramel Stabile
Email: dstabile@winston.com
Tel: 305-379-9139

Winston & Strawn LLP
200 S. Biscayne Boulevard
Suite 2400
Miami, FL 33131
Fax: 305-910-0505

Jeffrey L. Steinfeld (SBN 294848)
Email: jlsteinfeld@winston.com
Tel: 213-615-1960
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071

*Counsel for Defendants Binance Holdings Ltd. and Changpeng Zhao*

Daniel J. Tyukody (SBN 123323)
tyukody@gtlaw.com

Alex Linhardt (SBN 303669)
linhardt@gtlaw.com

GREENBERG TRAURIG, LLP

1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800