BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>**FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** | *Onusz, et al. v. West Realm Shires Inc., et al.*,<br>Bankr. D. Delaware, 1:22-AP-50513 |

**DEFENDANT SAM BANKMAN-FRIED'S RESPONSE IN SUPPORT OF PETITIONERS' MOTION FOR TRANSFER OF RELATED ACTION TO THE SOUTHERN DISTRICT OF FLORIDA FOR CONSOLIDATION INTO MDL NO. 3076**

Defendant Sam Bankman-Fried ("Mr. Bankman-Fried") files this Response in Support of the Relief Sought in Petitioners' Motion for Transfer of Related Action to the Southern District of Florida for Consolidation into MDL No. 3076. In submitting this Response, Mr. Bankman-Fried does not support or adopt Petitioners' arguments, but rather joins Petitioners only in the relief sought, for the reasons described below:

**INTRODUCTION**

The class action adversary proceeding in the FTX Bankruptcy Proceedings, *In re: FTX Trading Ltd., et al.,* No. 22-11068 (JTD) (Bankr. D. Del.) (the "FTX Bankruptcy"), styled *Austin Onusz, et al., v. West Realm Shires Inc., et al.,* No. 1:22-AP-50513 (JTD) (Bankr. D. Del.) (the "*Onusz* Action"), should be transferred to this multi-district litigation ("MDL No. 3076"). The *Onusz* Action asserts claims that are substantially identical to many of the civil actions that had previously been filed in United States District Courts and are now part of MDL No. 3076, and thus the *Onusz* Action is a "Related" or "Tag-Along" Action subject to transfer and consolidation into the FTX MDL pursuant to 28 U.S.C. § 1407. It is within this Panel's authority to transfer and consolidate the *Onusz* Action with MDL No. 3076. Such transfer is in the best interests of the

conserving party and judicial resources, avoiding possible conflicting pretrial rulings, and preventing duplicative litigation.

**ARGUMENT**

1. In the wake of the FTX bankruptcy, numerous lawsuits were filed in various courts across the country. Many of these were putative class actions brought on behalf of individuals who were allegedly former customers of FTX, claiming to have sustained damages as a result of, *inter alia*, alleged misconduct by FTX management and ownership. Those cases were consolidated into this MDL by Order dated June 5, 2023 in accordance with 28 U.S.C. § 1407.

2. Thereafter, on August 11, 2023, Petitioners filed a Consolidated Administrative Class Action Complaint against the "FTX Insider" Defendants, including Mr. Bankman-Fried. *See* FTX MDL, ECF No. 178 (the "Insiders MDL Complaint").

3. On December 27, 2022, FTX customers Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar (the "*Onusz* Plaintiffs") filed the Onusz Action.

4. The claims asserted in the *Onusz* Action arise out of the same alleged factual circumstances as those alleged in the Insiders MDL Complaint. As explained by Petitioners, the *Onusz* Action class is narrower than, and fully subsumed within the FTX MDL Plaintiffs' class articulated in the Insiders MDL Complaint. *See* Petitioners' Mot. at 3, ¶ 7.

5. Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain, in regard to the *Onusz* Action complaint, is currently pending before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain includes arguments directly relevant to MDL No. 3076 and the Insiders MDL Complaint, including but not limited to the applicability of the FTX US and FTX Trading terms

of service to claims asserted against the "FTX Insiders." *See* Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain, attached hereto as Exhibit A.

6. Requiring both the Bankruptcy Court and the FTX MDL court to separately adjudicate the arguments contained in Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain would be a classic instance of duplicative litigation, posing dangers of inconsistent resolutions, judicial waste, and needlessly increased costs for the parties.

7. Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain additionally argues that the Bankruptcy Court should transfer the *Onusz* Action to MDL No. 3076 because, *inter alia*, the FTX MDL Court is uniquely situated to best coordinate and manage the claims asserted in the *Onusz* Action along with those asserted in the Consolidated Administrative Class Action Complaint which are substantially similar. *See* Ex. A.

8. Further, as explained at length in Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain, the Bankruptcy Court lacks subject matter jurisdiction over the claims asserted in the *Onusz* Action and, even if it did have jurisdiction, permissive abstention is appropriate pursuant to 28 U.S.C. § 1334(c)(1). *See* Ex. A.

9. As correctly explained by Petitioners, the Panel has authority to transfer and consolidate an adversary proceeding into an MDL. *See* Petitioners' Mot. at 4, ¶ 10.

10. For the reasons described in this Response and in greater depth in Mr. Bankman-Fried's Motion to Dismiss, Transfer, or Abstain, the FTX MDL Court is best situated to coordinate and manage the claims asserted in the *Onusz* Action as part of the Court's coordination and management of virtually identical claims made in the other consolidated actions.

11.     Accordingly, Mr. Bankman-Fried joins in the relief sought in Petitioners' Motion, insofar as Petitioners' Motion seeks the transfer and consolidation of the *Onusz* Action into the FTX MDL, as a "Related" or "Tag-Along" Action pursuant to 28 U.S.C. § 1407.

## CONCLUSION

For the foregoing reasons, this Panel should exercise its authority to transfer and consolidate the *Onusz* Action with MDL No. 3076, as a "Related" or "Tag-Along" Action pursuant to 28 U.S.C. § 1407.

Dated: January 17, 2024                             Respectfully Submitted,

*/s/ Jeremy D. Mishkin*
JEREMY D. MISHKIN
MONTGOMERY MCCRACKEN
1735 Market Street, 21st Floor
Philadelphia, PA 19103-7505
Telephone 215-772-1500
jmishkin@mmwr.com
*Counsel for Defendant Sam Bankman-Fried*