**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | MDL No. 3076 |

**DELAWARE ADVERSARY PROCEEDING PLAINTIFFS' OPPOSITION**
**TO PETITIONERS' MOTION FOR TRANSFER TO THE FTX MDL**

**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle
Sal H. Lee
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Tel: (512) 710-5960
aentwistle@entwistle-law.com
slee@entwistle-law.com

-and-

Robert N. Cappucci
Joshua K. Porter
230 Park Avenue, 3rd Floor
New York, New York 10169
Tel: (212) 894-7200
rcappucci@entwistle-law.com
jporter@entwistle-law.com

**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH LLP**
Robert J. Kriner, Jr.
Scott M. Tucker
2711 Centerville Rd, Suite 201
Wilmington, Delaware 19808
Tel: (302) 656-2500
robertkriner@chimicles.com
scotttucker@chimicles.com

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    A.    The Delaware Adversary Proceeding is a "Core" Proceeding Seeking Recovery of Customer Property That is Properly Subject to the Delaware Bankruptcy Court's Jurisdiction ................................................................................................. 3

    B.    The Delaware Adversary Proceeding Needs Nothing From the FTX MDL .......... 6

    C.    Transfer Will Not Otherwise Serve the Convenience of the Parties or the Interests of Justice ......................................................................................................... 7

    D.    Transfer Would Create a Grave Conflict in the FTX MDL Between Various Customer and Former Customer Constituencies ..................................................... 8

    E.    Petitioners' Criticism of the Delaware Adversary Proceeding Plaintiffs' Prosecution of Their Claims is Misplaced and Irrelevant ..................................... 10

    F.    Petitioners' Remaining Efficiency Arguments Do Not Demonstrate That Transfer is Appropriate ......................................................................................... 11

    G.    FTX Insider Defendant Bankman-Fried's Support for Transfer is Irrelevant ...... 14

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Columbia Helicopters, Inc. v. Carson Helicopters, Inc.*,
No. 08-6415-AA, 2011 WL 13388893 (D. Or. Apr. 5, 2011) ........................................ 13

*In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*,
448 F. Supp. 271 (J.P.M.L. 1978) ................................................................................. 12

*In re Air Crash Disaster at Durango, Mexico, on July 31, 2018*,
359 F. Supp. 3d 1384 (J.P.M.L. 2019) .......................................................................... 12

*In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*,
804 F. Supp. 2d 1376 (J.P.M.L. 2011) .......................................................................... 13

*In re CP4 Fuel Pump Mktg., Sales Practices & Prods. Liab. Litig.*,
412 F. Supp. 3d 1365 (J.P.M.L. 2019) .......................................................................... 12

*In re Luca Int'l Grp. Sec. Litig.*,
338 F. Supp. 3d 1358 (J.P.M.L. 2018) .......................................................................... 11

*In re Nat'l Student Mktg. Litig.*,
368 F. Supp. 1311 (J.P.M.L. 1972) ................................................................................. 8

*In re Point Blank Sols., Inc.*,
449 B.R. 446 (Bankr. D. Del. 2011) ............................................................................... 5

*In re Raymond Lee Org., Inc. Sec. Litig.*,
446 F. Supp. 1266 (J.P.M.L. 1978) ............................................................................... 13

*In re SemCrude L.P.*,
864 F.3d 280 (3d Cir. 2017) ........................................................................................... 5

*In re Tobacco/Governmental Health Care Costs Litig.*,
76 F. Supp. 2d 5 (D.D.C. 1999) ..................................................................................... 3

**Statutes**

28 U.S.C. § 1407 ....................................................................................................................... 3

28 U.S.C. § 157 ......................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 1 ....................................................................................................................... 8

**Other Authorities**

*Manual for Complex Litigation (Fourth)*,
§ 20.11 (2023) ................................................................................................................. 7

The Delaware Adversary Proceeding Plaintiffs in the customer class action adversary proceeding pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"),[1] entitled *Austin Onusz, et al. v. West Realm Shires Inc., et al.*, Adv. No. 22-50513 (JTD) (Bankr. D. Del.) (the "Delaware Adversary Proceeding"), hereby submit their opposition to Petitioners' motion to transfer the Delaware Adversary Proceeding for consolidated or coordinated pretrial proceedings ("Motion" or "Mot.") in the existing multi-district litigation *In re: FTX Cryptocurrency Exchange Collapse Litigation*, No. 1:23-md-03076-KMM (S.D. Fla.) (Moore, J.) (the "FTX MDL").[2]

## INTRODUCTION

1.      On December 20, 2023, the Clerk of this Panel *sua sponte* properly determined that the Delaware Adversary Proceeding was "not appropriate for inclusion in the MDL" (ECF No. 226) in response to Petitioners' *Notice of a Potential Tag-Along Action* (ECF No. 223).  This should have ended the matter.  Instead, Petitioners filed their instant Motion by which they urge the Panel to jam a square peg in a round hole.  Put simply, the Delaware Adversary Proceeding – a "core" bankruptcy proceeding dealing with the disposition of estate assets – has little in common with the FTX MDL in the United States District Court for the Southern District of Florida, which involves dozens of disparate plaintiffs, defendants, and state and federal statutory claims, and does not belong in consolidated or coordinated pretrial proceedings in the FTX MDL.

---

[1] The Delaware Adversary Proceeding Plaintiffs are Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar.

[2] Defendants in the Delaware Adversary Proceeding are Debtor West Realm Shires Services Inc., ("FTX US"), Debtor FTX Trading Ltd. ("FTX.com"), Debtor Alameda Research LLC ("Alameda," together with FTX US and FTX.com, the "Debtor Defendants"), and the four management co-conspirators Samuel Bankman-Fried, Zixiao "Gary" Wang, Caroline Ellison and Nishad Singh (collectively, the "FTX Insider Defendants").  "Debtors" refers to those entities in the jointly administered Chapter 11 Cases before the Hon. John T. Dorsey entitled *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (the "FTX Bankruptcy").

2.     Unlike Petitioners' claims in the FTX MDL, the Delaware Adversary Proceeding is a core bankruptcy action seeking to recover misappropriated customer assets.  Among other things, the core proceeding also sought a determination regarding whether the misappropriated customer assets were property of the customers or the estates.  Following extensive diligence of Debtors' materials and protracted negotiations, Debtors, the Official Committee of Unsecured Creditors (the "UCC"), the *Ad Hoc* Committee of Customers (the "*Ad Hoc* Committee"), and the Delaware Adversary Proceeding Plaintiffs reached a tentative settlement (the "Plan Support Agreement" or "PSA") of that portion of the proceeding (and a related proceeding by the *Ad Hoc* Committee) concerning whether the misappropriated assets are customer or estate property (the "Customer Property Settlement").

3.     The Delaware Adversary Proceeding and a related adversary proceeding commenced by Debtors (the "Debtors' Adversary Proceeding"), which also seeks recovery from the FTX Insider Defendants under common law, are continuing and are unaffected by the Customer Property Settlement beyond resolution of the customer property issue.  The settlement remains subject to confirmation by Judge Dorsey in connection with the Debtors' proposed Plan of Reorganization.  Among other things, the Plan Support Agreement memorializing the Customer Property Settlement provides that customer assets misappropriated by the FTX Insider Defendants are property of the estate distributable to customers with missing deposits on a priority basis.  Thus, the Delaware Adversary Proceeding seeks recovery of customer assets that the various constituencies in the bankruptcy have now agreed are property of the estate.  All assets so recovered will be distributed through the claims process implemented in the FTX Bankruptcy in accordance with the confirmed Plan.  The claims process is fully developed and has been largely approved through various proceedings in the bankruptcy court (including resolution of claims

related to the Bahamian administrators), subject only to final Plan confirmation, which is expected in late spring.  In contrast, Petitioners' claims in the FTX MDL include all manner of claims on behalf of all manner of claimants, including many that did not have deposits at FTX US and FTX.com when the exchanges collapsed.

4.      Petitioners simply have not, and cannot, meet their burden to demonstrate that transfer of the unique Delaware Adversary Proceeding to the FTX MDL pursuant to 28 U.S.C. § 1407 is appropriate.  *See, e.g.*, *In re Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 7 (D.D.C. 1999) ("In moving to transfer a 'tag-along' action, the moving party has the burden of 'demonstrating that transfer will further the purposes' of Section 1407." (quoting *In re G. D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F. Supp. 1343, 1345 (J.P.M.L. 1980))).

## ARGUMENT

**A.      The Delaware Adversary Proceeding is a "Core" Proceeding Seeking Recovery of Customer Property That is Properly Subject to the Delaware Bankruptcy Court's Jurisdiction**

5.      On December 27, 2022, the Delaware Adversary Proceeding Plaintiffs filed their complaint on behalf of customers of FTX US and FTX.com whose deposits were misappropriated by or at the direction of the four FTX Insider Defendants (the "Adversary Complaint").  The Delaware Adversary Proceeding was the first adversary proceeding filed in the Delaware Bankruptcy Court seeking the recovery and return of misappropriated customer property.

6.      The Adversary Complaint alleges claims: (i) for declaratory judgment against the Debtor Defendants that digital assets or fiat currency deposited by customers are not property of the Debtors' estates; (ii) against FTX US and FTX.com for breach of their respective terms of service; (iii) against FTX US, FTX.com, and FTX Insider Defendants Bankman-Fried, Wang, and Singh for negligence, breach of fiduciary duty, and conversion; and (iv) against Debtor Defendant Alameda and FTX Insider Defendant Ellison for aiding and abetting breach of fiduciary duty and

conversion. (*See* Motion, Attachment 3 at ¶¶ 188-226). As noted, the claims against the Debtor Defendants have been tentatively resolved by the Customer Property Settlement. The tort claims against the FTX Insider Defendants all arise out of their misappropriation of customer deposits, and all of them have either been convicted of related felonies or pleaded guilty to those crimes.

7.      The Delaware Adversary Proceeding was followed by similar adversary proceedings by the *Ad Hoc* Committee (which asserts only claims for declaratory judgment on the customer property issues) and later, the Debtors, alleging fraudulent transfer claims and tort claims seeking similar relief as the Delaware Adversary Proceeding Plaintiffs. *See FTX Trading Ltd., et al. v. Bankman-Fried, et al.*, Adv. No. 23-50448 (JTD) (Bankr. D. Del.) at D.I. 1.[3]

8.      Critically, the Delaware Adversary Proceeding is *only* on behalf of customers of FTX US and FTX.com who currently have misappropriated deposits with the Debtors and *only* seeks to recover money that belongs to those existing customers (or belonged to them before the collapse of the exchanges)—whether that property is currently in the hands of the Debtors, was seized by the government, or can be recovered from the FTX Insider Defendants—to be distributed through estate administration.

9.      The Debtors' Adversary Proceeding filed on July 27, 2023, asserts, among other things, tort claims – such as breach of fiduciary duty and conversion – against the FTX Insider Defendants for misappropriating customer deposits. Both the Delaware Adversary Proceeding and Debtors' Adversary Proceeding are pending before Judge Dorsey, who is presiding over the FTX Bankruptcy.

10.     Following a series of heavily contested multi-day meetings in September and

---

[3] Rather than burden the Panel with additional papers, the Delaware Adversary Proceeding Plaintiffs will provide full citations to publicly available docket entries to the extent relevant to the instant motion.

October 2023, the Delaware Adversary Proceeding Plaintiffs, Debtors, the *Ad Hoc* Committee, and the UCC reached the "global" Customer Property Settlement in principle to resolve, among other things, the customer property dispute underlying the Delaware Adversary Proceeding and related *Ad Hoc* Committee case.  The Plan Support Agreement (FTX Bankruptcy, D.I. 3291), which memorializes the terms reached by the parties after extensive, arm's-length negotiations, acknowledges that recovery of misappropriated customer property is a core issue in the bankruptcy and provides that the customer assets the Delaware Adversary Proceeding seeks to recover are assets of the estates.

11.     Accordingly, it is clear that the Delaware Adversary Proceeding is a "core" proceeding under 28 U.S.C. § 157 or, *at the very least*, the Delaware Bankruptcy Court has "related to" jurisdiction over the issues raised in that proceeding, including the recovery of estate assets for and on behalf of FTX US and FTX.com customers.  *See, e.g.*, *In re Point Blank Sols., Inc.*, 449 B.R. 446, 449 (Bankr. D. Del. 2011) ("The claim for declaratory relief asks this Court to determine Debtor's rights to the Escrowed Funds.  It is well established that proceedings to determine what constitutes property of the bankruptcy estate under section 541(a) of the Bankruptcy Code are core proceedings."); *In re SemCrude L.P.*, 864 F.3d 280, 289 (3d Cir. 2017) (affirming that "related-to" bankruptcy jurisdiction exists "where the adversary proceeding has any conceivable effect on the bankruptcy estate" (internal quotation marks omitted)).

12.     Now, more than a year after substantial progress has been made in the Delaware Adversary Proceeding, including the Customer Property Settlement, Petitioners seek to transfer the proceeding to the Southern District of Florida pursuant to Section 1407 by mischaracterizing the Delaware Adversary Proceeding as a "tag-along" action.  Petitioners' mischaracterization notwithstanding, it is beyond dispute

- that the Delaware Adversary Proceeding currently involves "core" claims seeking to recover customer deposits and to resolve the Debtors' property interests in the customer deposits (which is already in an advanced state due to extensive cooperation and negotiations with the Debtors, the UCC, and the *Ad Hoc* Committee);

- that Debtors are pursuing similar claims against the FTX Insider Defendants as those being pursued against them in the Delaware Adversary Proceeding;

- that the Delaware Adversary Proceeding and the Debtors' Adversary Proceeding both seek recovery of customer deposits that the Customer Property Settlement concludes are property of the estate and subject to administration and allocation through the bankruptcy; and

- that the Delaware Bankruptcy Court can most efficiently and cost-effectively resolve the Delaware Adversary Proceeding and the Debtors' Adversary Proceeding and administer the allocation and distribution of estate assets recovered from the FTX Insider Defendants, *without* any of the complicated discovery or other lengthy pre-trial proceedings that will be required in the FTX MDL.

13.     Considering these critical attributes, there is simply no logical or legal basis to transfer the claims.

**B.     The Delaware Adversary Proceeding Needs Nothing From the FTX MDL**

14.     Petitioners assert without any exposition that "[t]ransfer of the actions [sic] will prevent duplication of litigation and discovery." (Mot. at ¶ 16). In reality, the opposite is true. The Delaware Adversary Proceeding Plaintiffs need virtually no discovery to prevail on their tort claims against the FTX Insider Defendants. And to the extent they do need discovery, all the relevant documents are in the custody and control of the Debtors and subject to the jurisdiction of the Delaware Bankruptcy Court. To suggest that it is somehow more efficient for the Delaware Adversary Proceeding Plaintiffs to proceed in the FTX MDL in the Southern District of Florida just to then come back to the Delaware Bankruptcy Court to obtain discovery defies common sense. In fact, once these transfer issues are resolved, it is anticipated that the Delaware Adversary Proceeding will move quickly to summary judgment and/or go to trial based largely (if not solely)

on the Debtors' records currently in the custody and control of the Delaware Bankruptcy Court, as well as the testimony given by the FTX Insider Defendants in the criminal trial. What limited discovery does occur in the Delaware Adversary Proceeding will be coextensive with the discovery in the Debtors' Adversary Proceeding against the FTX Insider Defendants—not with the wide-ranging discovery on disparate issues that is readily anticipated in the FTX MDL.

15. Indeed, neither the Delaware Adversary Proceeding Plaintiffs nor the class of customers they represent – i.e., customers who have been unable to access their misappropriated deposits since the collapse – should have to wait around for discovery by Petitioners or the other dozens of parties in the FTX MDL to occur. *See*, *e.g.*, *Manual for Complex Litigation (Fourth)*, § 20.11 (2023) ("Cases should not be consolidated if it would result in increased delay and other unnecessary burdens on parties, such as having to participate in discovery irrelevant to their cases.").

**C.    Transfer Will Not Otherwise Serve the Convenience of the Parties or the Interests of Justice**

16. Other than naming the same four FTX Insider Defendants (out of more than 40 defendants in the FTX MDL) and asserting some facially similar common law claims to those in one of seven Consolidated Administrative Class Action Complaints pending in the FTX MDL, the Delaware Adversary Proceeding is manifestly different than any of the actions currently in the FTX MDL.

17. In contrast to its discrete claims seeking recovery of estate assets before the Delaware Bankruptcy Court, the Delaware Adversary Proceeding bears little resemblance to the vast, far-reaching FTX MDL, which involves dozens of plaintiffs and law firms alleging claims against not only the FTX Insider Defendants under various theories of liability, but also more than forty other unaffiliated defendants, including celebrity endorsers, banks, venture capitalists,

auditors, and law firms. Indeed, the one Consolidated Administrative Class Action Complaint that solely names the FTX Insider Defendants alleges claims on behalf of sixteen separate plaintiffs asserting fifteen separate causes of action, including various claims under common law; Florida and California state statutes governing deceptive trade practices, unfair competition, and sale of unregistered securities; and even the federal Racketeer Influenced and Corrupt Organizations Act.

18.     Accordingly, granting transfer as requested by Petitioners would not serve any parties' convenience or the interests of justice but instead simply force the Delaware Adversary Proceeding Plaintiffs to engage in unnecessary and time-consuming pretrial proceedings, alongside dozens of disparate parties litigating claims unrelated to the core issues in the bankruptcy, thereby unduly delaying resolution of the straightforward claims in the Delaware Adversary Proceeding for unreturned FTX customer deposits, which is the exact opposite of what a Section 1407 transfer is meant to do. *See In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1972) ("The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'" (quoting Fed. R. Civ. P. 1)).

## D.     Transfer Would Create a Grave Conflict in the FTX MDL Between Various Customer and Former Customer Constituencies

19.     Concerned with gaining control of all the claims against the FTX Insider Defendants, Petitioners complain that the Delaware Adversary Proceeding Plaintiffs have acted to "hamper efforts for the FTX MDL Plaintiffs and certain FTX Defendants from engaging in negotiations to fully resolve claims for the benefit of all FTX customer class members." (Mot. at ¶ 13). This is, of course, not true. The Delaware Adversary Proceeding Plaintiffs have been focused on resolving their claims on behalf of customers and have made progress with the Customer Property Settlement. However, Petitioners' failure to see the fundamental conflict

between the various customer claimants also weighs heavily against the Panel transferring the Delaware Adversary Proceeding for consolidation into the FTX MDL.

20.     Unlike the Delaware Adversary Proceeding, where the proposed class includes *only* those customers of FTX US and FTX.com that have *current* claims against the estates in the FTX Bankruptcy for unreturned deposits, the proposed class[es] in the FTX MDL complaint against the FTX Insider Defendants is brought against a nearly endless and indeterminable proposed class involving *any* person or entity that ever made a deposit in, or purchased *any* product from, FTX US and/or FTX.com, including FTT or yield-bearing accounts:

> [a]ll persons or entities . . . who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest ***in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT***.

21.     Put another way, the claims, class(es), and potential distribution of proceeds in the FTX MDL are not coextensive, but rather much more complicated than in the Delaware Adversary Proceeding, where the claims and relief sought are straightforwardly tied to the core issues in the FTX Bankruptcy related to the recovery and return of misappropriated FTX US and FTX.com customer assets.

22.     Petitioners are evidently attempting to settle the claims against the FTX Insider Defendants and split the proceeds – which is comprised of money stolen from existing customers – with *former* customers and purchasers of *any* product of FTX US and FTX.com. This would be manifestly unjust. If Petitioners wish to distribute proceeds of claims against the celebrity endorsers with former customers who purchased "unregistered securities" so be it. But such a desire is directly in conflict with the PSA and the related core bankruptcy issues (which are at the center of the Delaware Adversary Proceeding) requiring that the missing customer deposits

must go back to current customer victims who have priority over those deposits pursuant to the PSA and that any such distribution must go through the administration of the FTX Bankruptcy.

23.     Petitioners argue that transfer is warranted under Section 1407(a) because the proposed class[es] in the MDL are broader than the proposed class in the Delaware Adversary Proceeding.  That argument is wholly inapt.  What is relevant is that Petitioners themselves acknowledge that the putative class in the Delaware Adversary Proceeding "is limited to FTX customers with deposits on the exchange when it collapsed, and who have been unable to withdraw those deposits since."  (Mot. at ¶ 8).  Petitioners' acknowledgment that the proposed class in the Delaware Adversary Proceeding is limited to customers with cognizable claims against the Debtors' estates is precisely why transfer of the Delaware Adversary Proceeding from the Delaware Bankruptcy Court to the Southern District of Florida is wholly inappropriate.

**E.     Petitioners' Criticism of the Delaware Adversary Proceeding Plaintiffs' Prosecution of Their Claims is Misplaced and Irrelevant**

24.     Petitioners assert, irrelevantly, that the Delaware Adversary Proceeding Plaintiffs "have not taken any steps to prosecute their claims" and "have ceased their intention to pursue the claims" in the Delaware Adversary Proceeding.  (Mot. at ¶ 12).  To the contrary, the Delaware Adversary Proceeding Plaintiffs have spent more than nine months working with the Debtors and the other customer and creditor constituencies to arrive at the hard-fought PSA, which aims to resolve the complex customer property dispute and guarantees that 90% of funds existing or marshalled in the Debtors' estates are distributed to customers on a priority basis.

25.     Petitioners do not explain *why* the fact that the Delaware Adversary Proceeding Plaintiffs sought and received a series of court-approved extensions during 2023, to both enable the PSA negotiations that have resolved the complicated property issues for the substantial benefit of customers and to facilitate the criminal trial and the related testimony by the FTX Insider

Defendants, is a reason to transfer the action for consolidation into the FTX MDL.  To the contrary, the Delaware Adversary Proceeding Plaintiffs have been involved in the bankruptcy proceedings since their inception addressing the various bankruptcy-related issues in those proceedings, and both the PSA and related Customer Property Settlement and the conviction of FTX Insider Defendant Bankman-Fried and related testimony and guilty pleas by the other FTX Insider Defendants have all substantially advanced the prosecution of the Delaware Adversary Proceeding for the benefit of the putative customer class.

26.      And, of course, Judge Dorsey retains core jurisdiction over the remaining claims against the FTX Insider Defendants in the Delaware Adversary Proceeding and the Debtors' Adversary Proceeding, as well as over the final approval and confirmation of the Customer Property Settlement and the other matters resolved by the PSA and/or addressed in connection with Plan confirmation and related matters currently pending before him.

**F.      Petitioners' Remaining Efficiency Arguments Do Not Demonstrate That Transfer is Appropriate**

27.      The mere fact that both the Delaware Adversary Proceeding and the FTX MDL have some common issues of fact concerning the FTX Insider Defendants' scheme to defraud customers is not enough to show "efficiency" sufficient to warrant transfer under Section 1407 over all other factors.  As this Panel has made clear, even where the actions share common factual issues with respect to the alleged scheme or misconduct perpetrated by the defendants, transfer should be avoided when "centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation."  *In re Luca Int'l Grp. Sec. Litig.*, 338 F. Supp. 3d 1358, 1359 (J.P.M.L. 2018).  This is particularly so when, as here, "the litigation will involve little or no discovery involving liability or other common issues."  *In re Air*

*Crash Disaster at Durango, Mexico, on July 31, 2018*, 359 F. Supp. 3d 1384, 1385 (J.P.M.L. 2019).

28.     Petitioners argue that the Delaware Adversary Proceeding and the FTX MDL "involve one or more common questions of fact" as contemplated by Section 1407(a).  (*See* Mot. at ¶ 15).  While superficially true, there are countless issues raised by the FTX MDL complaint against the FTX Insider Defendants – including whether those defendants violated the various elements of wide-ranging state and federal statutes and which of the FTX MDL plaintiffs, if any, even have damages – that have nothing to do whatsoever with the straightforward Delaware Adversary Proceeding, rendering the two actions manifestly inappropriate for consolidation or coordination for the purposes of pretrial proceedings.  As the movants seeking transfer, Petitioners bear the "heavy burden to show that those [purported] common questions of fact are sufficiently complex . . . as to justify transfer under Section 1407."  *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 273 (J.P.M.L. 1978).  They have not met their heavy burden here.

29.     As discussed, the vast differences in the claims against the FTX Insider Defendants and the issues with the FTX MDL plaintiffs weigh against transfer.  *See, e.g.*, *In re CP4 Fuel Pump Mktg., Sales Practices & Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1366 (J.P.M.L. 2019) (finding "centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation," where "notwithstanding the existence of certain common factual issues . . . , these cases also present numerous [defendant]-specific and plaintiff-specific issues").

30.     Petitioners also assert that transfer to the FTX MDL for consolidation or coordination will "conserve party and judicial resources."  (Mot. at ¶ 16).  This simply is not so.  As

detailed above, the following facts are uncontroverted:

- Debtors' Adversary Proceeding against the FTX Insider Defendants asserts certain nearly identical claims to those in the Delaware Adversary Proceeding and will be litigated before Judge Dorsey who will preside over the Debtors' core claims;

- Debtors possess and control virtually all the documents relevant to the Delaware Adversary Proceeding Plaintiffs' claims;

- Both the Debtors' Adversary Proceeding and the Delaware Adversary Proceeding are asserting claims to recover misappropriated customer deposits that are or were misappropriated and held by the FTX Insider Defendants; and

- Any misappropriated deposits recovered in either action are property of the estate and must be distributed through the claims and distribution structure in the FTX Bankruptcy.

31.     Beyond their conclusory assertions, Petitioners do not even attempt to explain *how* transfer of the Delaware Adversary Proceeding to the wide-ranging FTX MDL serves party interests or judicial efficiency.  *See, e.g.*, *Columbia Helicopters, Inc. v. Carson Helicopters, Inc.*, No. 08-6415-AA, 2011 WL 13388893, at *2 (D. Or. Apr. 5, 2011) ("[Movant] fails to persuade me that transfer of the narrow issues raised this action promotes the efficient administration of justice, given the delay that will inevitably result if this case is transferred and consolidated with an MDL that involves numerous other claims and parties.").

32.     Given the clear statutory criteria, the Panel has long adhered to the view that "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  But Petitioners have not demonstrated that suitable alternatives to transfer under Section 1407, such as "communication and cooperation between the [involved] courts" and "cooperation of the parties," are not feasible to address their apparent concerns of judicial inefficiency, and for that reason alone, their request for transfer should be denied.  *See In re Raymond Lee Org., Inc. Sec. Litig.*, 446 F. Supp. 1266, 1268 (J.P.M.L. 1978).  To the extent there

13

needs to be any cooperation with respect to the testimony given by the FTX Insider Defendants, that can be resolved informally at a later time.

33.     Petitioners lastly claim that transfer will "vindicate the authority of this Panel and the FTX MDL Court" (Mot. at ¶ 16), but they again fail to explain *why* their thinly veiled appeal to the Panel's authority is relevant, or what it has to do with the efficient administration of justice for the parties.

**G.      FTX Insider Defendant Bankman-Fried's Support for Transfer is Irrelevant**

34.     On January 17, 2024, FTX Insider Defendant Bankman-Fried filed his *Response in Support of the Relief Sought in Petitioners' Motion for Transfer of Related Action to the Southern District of Florida for Consolidation into MDL No. 3076* (ECF No. 247).  FTX Insider Defendant Bankman-Fried is *the* core wrongdoer that caused the issues before the Delaware Bankruptcy Court concerning customer and estate property in the first place.  His argument (*id*. ¶ 7) that the claims in the Delaware Adversary Proceeding instead belong in the FTX MDL (particularly when he is going to defend the Debtors' Adversary Proceeding before the Delaware Bankruptcy Court) is both legally and logically wrong, and his preference for litigating in the FTX MDL has no bearing on the transfer issues presented here.

35.     Similarly, his argument that his recent motion challenging Judge Dorsey's subject matter jurisdiction in the Delaware Adversary Proceeding (*id.* ¶ 8) – which, incidentally, is factually and legally baseless – should be resolved in the FTX MDL rather than by Judge Dorsey is also misguided and should be disregarded.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Delaware Adversary Proceeding Plaintiffs respectfully request that the Panel deny Petitioners' Motion to transfer the Delaware Adversary Proceeding to the FTX MDL.

Dated:  January 17, 2024

Respectfully submitted,

**ENTWISTLE & CAPPUCCI LLP**

*/s/Andrew J. Entwistle*
Andrew J. Entwistle
Sal H. Lee
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Tel: (512) 710-5960
aentwistle@entwistle-law.com
slee@entwistle-law.com

-and-

Robert N. Cappucci
Joshua K. Porter
230 Park Avenue, 3rd Floor
New York, New York 10169
Tel: (212) 894-7200
rcappucci@entwistle-law.com
jporter@entwistle-law.com

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
Robert J. Kriner, Jr.
Scott M. Tucker
2711 Centerville Rd, Suite 201
Wilmington, Delaware 19808
Tel: (302) 656-2500
robertkriner@chimicles.com
scotttucker@chimicles.com

*Counsel for Respondents Austin Onusz,*
*Cedric Kees van Putten, Nicholas J.*
*Marshall and Hamad Dar*