**BEFORE THE UNITED STATES**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX Cryptocurrency Exchange Collapse Litigation | **MDL No. 3076** |

**BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL**
**TRANSFER ORDER DATED JANUARY 3, 2024 (CTO-4)**

<u>**INDEX OF DOCUMENTS**</u>

1. Notice of Motion to Vacate CTO-4

2. Brief in support of Motion to Vacate CTO-4

3. Schedule of Actions

4. Certificate of Service

5. Declaration of Timothy Devlin

6. Exhibits

   - Exhibit A: Complaint of the Lahav action

   - Exhibit B: Docket report of the Lahav action

   - Exhibit C: Civil Rules Committee Report on MDL actions

   - Exhibit D: FTX Principals Criminal Action Event Report from Docket Alarm

## <u>TABLE OF CONTENTS</u>

I.      ISSUES TO BE DECIDED ...................................................................................1

II.     INTRODUCTION AND SUMMARY OF ARGUMENTS .................................................1

III.    BACKGROUND ...............................................................................................2
        A.    Factual Contentions Not Under Dispute that Support Vacating CTO-4 .................2
        B.    Legal Contentions Not Under Dispute Require Vacating CTO-4 ............................3

IV.     APPLICABLE LEGAL STANDARD .....................................................................3
        A.    28 U.S.C.S § 1407's Purpose to Promote Just and Efficient Conduct ....................3
        B.    Little Potential for Common Discovery Without Common Defendants Should
              Preclude Consolidation ...........................................................................4
        C.    Transfer Should Be Denied When Consolidating Competing Defendants in a
              Single Action Raises Confidentiality Concerns ...................................................5
        D.    Transfer Should Be Denied When Actions Are in Procedurally Different Stages...5
        E.    Voluntary Coordination Among Courts and Parties Is Sufficient When No
              Common Factual Issues Exist ...................................................................6

V.      MOTION TO VACATE CTO-4 SHOULD BE GRANTED ...........................................6
        A.    There Are Zero Common Defendants in the Lahav and MDL Actions .................6
        B.    The Lahav Legal Claims Are Markedly Distinct from the MDL Action ................6
        C.    The Factual Disputes Are Also Markedly Distinct From the MDL action .............7
        D.    There Is No Joint Liability Nor Any Joint Conspiracy Claim Between the Binance
              Defendants and the FTX Defendants.......................................................8
        E.    Both Plaintiff and Defendants Oppose Transfer.........................................9
        F.    MDL Action's Co-Class Counsel's Filing of Interested Parties Is Improper..........9

VI.     CONCLUSION .................................................................................................10

## **TABLE OF AUTHORITIES**

**CASES**

54 Employee Benefits Cas. (BNA) 2609, 2012 U.S. Dist. LEXIS 152498 (C.D. Cal. 2012) ........ 5

*Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3, 135 S. Ct. 897, 904 (2015) ..................... 2

*In re Bulk Mailing to County Jail Inmates in the State of Washington*, 867 F. Supp. 2d 1339,
    2012 U.S. Dist. LEXIS 82955 (J.P.M.L. 2012) ................................................................... 6, 8

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 166091
    (J.P.M.L. June 15, 2010) ..................................................................................................... 4

*In re Covid-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 2020 U.S. Dist. LEXIS
    144446 (J.P.M.L. 2020), transferred, 492 F. Supp. 3d 1359, 2020 U.S. Dist. LEXIS 183678
    (J.P.M.L. 2020), dismissed in part, 522 F. Supp. 3d 457, 2021 U.S. Dist. LEXIS 37096 (N.D.
    Ill. 2021), dismissed, 2021 U.S. Dist. LEXIS 185031 (D.D.C. Sept. 28, 2021) ................ 4, 6, 8

*In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L.
    1978) ..................................................................................................................... 4, 6

*In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation*, 434 F. Supp.
    1235, 1977 U.S. Dist. LEXIS 14888 (J.P.M.L. 1977) .......................................................... 5, 8

*In re Harmony Loan Co., Sec. Litig.*, 372 F. Supp. 1406, 1406-07 (J.P.M.L. 1974)..................... 5

*In re Helicopter Crash near Weaverville*, 626 F. Supp. 2d 1355, 2009 U.S. Dist. LEXIS 81550
    (J.P.M.L. 2009), transferred, 714 F. Supp. 2d 1098, 2010 U.S. Dist. LEXIS 49104 (D. Or.
    2010)..................................................................................................................... 4

*In re Light Cigarettes Mktg. & Sales Practices Litig.*, 652 F. Supp. 2d 1379, 1380-81 (J.P.M.L.
    2009)..................................................................................................................... 5

*In re "Lite Beer" Trademark Litigation*, 437 F. Supp. 754, 1977 U.S. Dist. LEXIS 14044
    (J.P.M.L. 1977) ..................................................................................................... 9

*In re Louisiana-Pacific Corp.*, 867 F. Supp. 2d 1346, 2012 U.S. Dist. LEXIS 82953 (J.P.M.L.
    2012)..................................................................................................................... 5, 7

*In re Midwest Milk Monopolization Litigation*, 441 F. Supp. 930, 1977-2 Trade Cas. (CCH) ¶ 61780, 1977 U.S. Dist. LEXIS 12526 (J.P.M.L. 1977) ............................................................ 5

*In re Orthalliance, Inc.*, 350 F. Supp. 2d 1354 (J.P.M.L. 2004) .............................................. 4, 6

*In re U.S. Postal Services Next Generation Delivery Vehicle Acquisitions Program Record of Decision Litigation*, 2022 WL 5408780 (J.P.M.L. 2022) ........................................................ 7

*In re U.S. Postal Services Next Generation Delivery Vehicle Acquisitions Program Record of Decision Litigation*, 2022 WL 5408780 (U.S.J.P.M.L. 2022) ..................................................... 4

*In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) 5, 8

*In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2012) ........................................................................................ 4, 5,6, 8, 9

*Samsell v. WellPoint, Inc. (In re Wellpoint, Inc.)*, 652 F. Supp. 2d 1375, 2009 U.S. Dist. LEXIS 124175 (J.P.M.L. 2009) ............................................................................ 5

*Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593, 133 S. Ct. 1345, 1349 (2013) ................. 9

**STATUTES**

28 U.S.C.S § 1407.......................................................................................... 1, 3, 5

28 U.S.C.S. § 1491(b)(1) ................................................................................. 9

**RULES**

The Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation (1.1h).... 7

**TREATISES**

Manual for Complex Litigation, Fourth, § 20.14 (2004)..................................................... 4, 6, 9

I.      **ISSUES TO BE DECIDED**

Whether the conditional transfer order 4 ("CTO-4") of a potential tag-along Lahav action[1] pursuant to 28 U.S.C.S § 1407 should be vacated because: (i) consolidating the Lahav action with the MDL action goes against well-established J.P.M.L. precedent on not consolidating cases against competitors (*infra* IV(B)-(C)); (ii) Plaintiff and Defendants both oppose transfer (J.M.P.L. ECFs 240, 242); (iii) a trial date has been set in the Lahav action (Lahav action ECF 38); (iv) the transferee MDL action[2] is stayed, potentially at least for a year or more, pending completion of Sam Bankman-Fried's criminal-action[3] (MDL action ECF 318), an issue that has no effect on the Lahav action at issue here; (v) there is ***no risk*** of pre-trial inconsistent rulings; and (vi) transfer will ***not promote*** just and efficient conduct in actions.

II.     **INTRODUCTION AND SUMMARY OF ARGUMENTS**

None of the factors supporting consolidation are present in this action.

First, the Lahav action at issue here involves completely different companies, subsidiaries and principals than the parties in the MDL action.  Indeed, and second, the defendants in the Lahav action are competitors to the FTX Trading Company defendants in the MDL action. Third, the Lahav action involves separate tortious activity than at issue in the MDL action. Accordingly, and fourth, the key factual issues are not common, and the actions are at different stages of development.  Fifth, a trial date has been set in the Lahav action, whereas the MDL action is stayed pending resolution of the criminal action against FTX principals.  (Ex. B[4], Lahav action ECF 38).  Accordingly, and sixth, causing the Lahav action to be stayed by consolidation will not promote efficient conduct.

In short, transfer here would not promote the just and efficient conduct of actions, avoid inconsistent pre-trial rulings, nor prevent any duplicative discovery.  Instead, the request is

---

[1] *Lahav v. Binance et al.*, N. D. California, Civ. No: 3:23-cv-05038-TLT ("Lahav action").
[2] *In re: FTX Cryptocurrency Exchange Collapse Litigation*, Civ. No. 1:23-md-03076-KMM ("MDL action").
[3] *USA v. Bankman-Fried*, N.Y.S.D., Crim. No. 1:22-cr-00673 orders dated Feb. 28, 2023.
[4] Unless otherwise noted, all exhibits are attached to the Declaration of Timothy Devlin ("Devlin Decl.").

tactical.  The Standing Committee on Civil Rules has acknowledged comments from practitioners reflecting the concern that MDL actions have become a mechanism to drive settlements for billions of dollars.  (*See* Ex. C at 33).  Given the already-assigned roles of lead co-class counsels and the steering committees in the MDL action, this request to consolidate the unaffiliated Lahav action is driven not by judicial economy, but by tactical advantage unrelated to merits of the underlying claims.

## III.    BACKGROUND

FTX users, including individuals and small business owners, have lost substantial amounts of their savings with the collapse of the FTX Trading Exchange.  The entire cause, however, is not restricted to the actions of FTX and its principals.  The Lahav action here represents a completely separate claim based on actions of other individuals and organizations, which separately establish liability for losses via FTX.  The issue of liability in the Lahav action for Defendants Binance Holdings Ltd., Changpeng Zhao, BAM Trading Services Inc. and BAM Management US Holdings Inc., collectively, "Binance" —an FTX competitor—in bringing about the FTX collapse is thus separate and distinct from FTX itself.  Having these separate and distinct options to redress the FTX users' injury is not duplicative and given the vastly different discovery and liability issues does not risk inconsistent pre-trial rulings.

### A.  Factual Contentions Not Under Dispute that Support Vacating CTO-4

Multiple uncontested facts weigh against consolidation here.

The MDL action involves seven amended complaints for different groups of defendants. (MDL action ECFs 153, 155, 157-158, 178-179, 182.)  The Lahav action does not overlap with any of the seven groups.  Adding factual allegations from the Lahav action as a distinct eighth group will unnecessarily complicate the issues of discovery rather than simplify them.  *See Gelboim v. Bank of Am. Corp*., 574 U.S. 405, 413 n.3, 135 S. Ct. 897, 904 (2015).

It is for this reason among others that both Plaintiff and Defendants in the Lahav action oppose transfer.  Both parties understand that consolidation with the MDL action would needlessly complicate and delay final disposition of the Lahav action.

Given the vastly different bases of liability, there is no discovery in the Lahav action relevant to the claims at issue in the MDL actions, nor vice versa.

Importantly, the MDL action is stayed pending resolution of Sam Bankman-Fried's criminal action.  (Ex. D, MDL action ECF 318.)  While some jurisdictional discovery has been allowed (none of which is relevant to the Lahav action), the MDL action is stayed for all other discovery and procedure.  (MDL action ECF 478.)  This stay serves no purpose in the Lahav action.  The claims in the Lahav action are based on Binance principals' actions, independent of Sam Bankman-Fried and FTX principals' criminal liability.  Accordingly, a stay on discovery would only serve to unnecessarily delay the Lahav action.

### B.  Legal Contentions Not Under Dispute Require Vacating CTO-4

Multiple uncontested legal bases further weigh against consolidation.

The Binance Defendants' liability is separate from, and in addition to, that of any of the FTX Defendants.  Resolution of one matter will not obviate the other.   In particular, there is no dispositive or preclusive effect between the actions, neither under the principles of collateral estoppel nor any other principle of law.

The Lahav action and the actions consolidated in the MDL action have causation theories that are distinct, *i.e.*, Lahav action examines the impact on the crowd to cause a bank-run after Binance principals' social media disclosures for the purposes of competitive gain, without any control-person involvement.  In contrast, each of the seven complaints in the MDL action is premised on control-person liability along with that of affiliated individuals or entities.

## IV.    APPLICABLE LEGAL STANDARD

### A.  28 U.S.C.S § 1407's Purpose to Promote Just and Efficient Conduct

28 U.S.C.S § 1407 permits transfers "upon [J.P.M.L.'s] determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  The purpose is to avoid duplicative discovery and inconsistent pre-trial rulings when common issues of law and fact are involved in multiple actions.  *See, e.g.*, *In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242,

244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).  *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2012); *In re Orthalliance, Inc.*, 350 F. Supp. 2d 1354, 2004 U.S. Dist. LEXIS 25041 (J.P.M.L. 2004).

Even when actions, unlike the actions here, have overlapping legal questions, transfer is denied when there is required little or no centralized discovery.  *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 166091 (J.P.M.L. June 15, 2010).  The mere existence of common questions of law do not justify transfer.  *In re U.S. Postal Services Next Generation Delivery Vehicle Acquisitions Program Record of Decision Litigation*, 2022 WL 5408780 (U.S.J.P.M.L. 2022) (denying transfer where actions would turn primarily on questions of law with respect to whether agency decision was arbitrary and capricious and violated NEPA; stating that in similar circumstances, court has held centralization unwarranted).  Here, there is neither any overlap on legal questions nor any overlap on factual discovery.

### B. Little Potential for Common Discovery Without Common Defendants Should Preclude Consolidation

The Panel has held that when there is ***no common defendant*** in actions, and thus little potential for common discovery, transfer should be denied.  *In re Covid-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 2020 U.S. Dist. LEXIS 144446 (J.P.M.L. 2020), transferred, 492 F. Supp. 3d 1359, 2020 U.S. Dist. LEXIS 183678 (J.P.M.L. 2020), dismissed in part, 522 F. Supp. 3d 457, 2021 U.S. Dist. LEXIS 37096 (N.D. Ill. 2021), dismissed, 2021 U.S. Dist. LEXIS 185031 (D.D.C. Sept. 28, 2021).  Likewise, factually distinguishable actions should be excluded from centralized proceedings.  *See In re Helicopter Crash near Weaverville*, 626 F. Supp. 2d 1355, 2009 U.S. Dist. LEXIS 81550 (J.P.M.L. 2009), transferred, 714 F. Supp. 2d 1098, 2010 U.S. Dist. LEXIS 49104 (D. Or. 2010).

### C.  Transfer Should Be Denied When Consolidating Competing Defendants in a Single Action Raises Confidentiality Concerns

The Panel is "typically hesitant to centralize litigation against multiple, ***competing defendants***[5] which marketed, manufactured and sold similar products."  *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012). "[D]efendants may need to erect complicated confidentiality barriers, since they are business competitors."  *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012); *In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation*, 434 F. Supp. 1235, 1977 U.S. Dist. LEXIS 14888 (J.P.M.L. 1977) (transfer denied when there were confidentiality and disclosure concerns among parties).

### D.  Transfer Should Be Denied When Actions Are in Procedurally Different Stages

The Panel has also held that an action should not be transferred when ***a trial date has been set*** and is expected to proceed at a faster pace of completion than the centralized action. *See e.g., In re Midwest Milk Monopolization Litigation*, 441 F. Supp. 930, 1977-2 Trade Cas. (CCH) ¶ 61780, 1977 U.S. Dist. LEXIS 12526 (J.P.M.L. 1977).  For actions that are procedurally at different stages of litigation, transfer does not serve purposes of 28 U.S.C.S § 1407.  *In re Louisiana-Pacific Corp.*, 867 F. Supp. 2d 1346, 2012 U.S. Dist. LEXIS 82953 (J.P.M.L. 2012); *see also Samsell v. WellPoint, Inc. (In re Wellpoint, Inc.)*, 652 F. Supp. 2d 1375, 2009 U.S. Dist. LEXIS 124175 (J.P.M.L. 2009), dismissed, 903 F. Supp. 2d 880, 54 Employee Benefits Cas. (BNA) 2609, 2012 U.S. Dist. LEXIS 152498 (C.D. Cal. 2012); *In re Light Cigarettes Mktg. & Sales Practices Litig.*, 652 F. Supp. 2d 1379, 1380-81 (J.P.M.L. 2009). Transfer should thus be denied to avoid delay in the final disposition of actions and avoid needlessly complicating discovery.  *In re Harmony Loan Co., Sec. Litig.*, 372 F. Supp. 1406, 1406-07 (J.P.M.L. 1974).

---

[5] Unless otherwise noted, emphasis is added in quotations.

**E. Voluntary Coordination Among Courts and Parties Is Sufficient When No Common Factual Issues Exist**

Finally, the Panel has held that transfer should be denied where informal coordination among courts and attorneys is sufficient. *In re: Bulk Mailing to County Jail Inmates in the State of Washington*, 867 F. Supp. 2d 1339, 2012 U.S. Dist. LEXIS 82955 (J.P.M.L. 2012); *see also In re Orthalliance, Inc.*, 350 F. Supp. 2d 1354, 2004 U.S. Dist. LEXIS 25041 (J.P.M.L. 2004); *In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2012); *Manual for Complex Litigation, Fourth*, § 20.14 (2004).

**V.     MOTION TO VACATE CTO-4 SHOULD BE GRANTED**

Every factor weighs against transfer here, and the Motion to vacate should be granted.

**A. There Are Zero Common Defendants in the Lahav and MDL Actions**

There are simply no common defendants that would give rise to common questions of fact to support transfer. This factor clearly weighs against transfer. *In re Covid-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 2020 U.S. Dist. LEXIS 144446 (J.P.M.L. 2020), transferred, 492 F. Supp. 3d 1359, 2020 U.S. Dist. LEXIS 183678 (J.P.M.L. 2020), dismissed in part, 522 F. Supp. 3d 457, 2021 U.S. Dist. LEXIS 37096 (N.D. Ill. 2021), dismissed, 2021 U.S. Dist. LEXIS 185031 (D.D.C. Sept. 28, 2021).

**B. The Lahav Legal Claims Are Markedly Distinct from the MDL Action**

The Lahav action involves claims under the Private Securities Litigation Reform Act (PSLRA) and California's consumer protection laws that prohibit anticompetitive conduct that harms the consumers. (*See* Exhibit A, Operative Complaint in the Lahav action.) Defendants in the Lahav action were competitors to FTX, with interests ***adverse*** to FTX. This alone weighs against transfer. *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2012)*; also see* Manual for Complex Litigation, Fourth, § 20.14 (2004). Liability in the Lahav action is based on the independent acts of the Binance Defendants rather than those of the FTX Defendants. *Id; see supra* III(B).

None of the seven MDL Amended Complaints (MDL action ECFs 153, 155, 157-158, 178-179, 182) match the issues of fact or law presented in the Lahav action. (Ex. A). The claim counts in the Lahav action are as follows: (1) violations of §10(b) of the Exchange Act and SEC Rule 10b-5; (2) violations of S.E.C. Section 17(a); (3) violations of California's Unfair Competition Law; (4) Violation of Cal. Corp. Code §25504.1; (5) Negligent Misrepresentation; (6) Intentional Misrepresentation; (7) Restitution or Unjust Enrichment. Each of these claims are based on the Binance Defendants' actions. These are distinct from the MDL claims against the FTX defendants, and the Lahav action thus does not have any overlapping legal questions with any of the actions consolidated in the MDL action. Transfer should be denied. *In re U.S. Postal Services Next Generation Delivery Vehicle Acquisitions Program Record of Decision Litigation*, 2022 WL 5408780 (J.P.M.L. 2022).

Moreover, the trial date is set in the Lahav action. (Ex. B, Lahav action ECF 38.) This also weighs against transfer. *See e.g., In re Midwest Milk Monopolization Litigation*, 441 F. Supp. 930, 1977-2 Trade Cas. (CCH) ¶ 61780, 1977 U.S. Dist. LEXIS 12526 (J.P.M.L. 1977). This is especially true given that discovery is stayed in the MDL action pending completion of FTX principals' criminal trial. The MDL action has already had its initial conference and discovery management, along with the appointment of class-counsel and steering committees unfamiliar with the claims in the Lahav action. Given the procedurally distinct stages, merging Lahav action with the MDL action will be inefficient and delay prosecution in the Lahav action. *In re Louisiana-Pacific Corp*., 867 F. Supp. 2d 1346, 2012 U.S. Dist. LEXIS 82953 (J.P.M.L. 2012); *see also, supra* IV(D).

### C.  The Factual Disputes Are Also Markedly Distinct From the MDL action

The Lahav action does not meet the definition of a "tag-along action" under Rule 1.1(h) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("J.P.M.L. Rules").

First, there are no common defendants. *In re Covid-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 2020 U.S. Dist. LEXIS 144446 (J.P.M.L. 2020), transferred, 492 F. Supp.

3d 1359, 2020 U.S. Dist. LEXIS 183678 (J.P.M.L. 2020), dismissed in part, 522 F. Supp. 3d
457, 2021 U.S. Dist. LEXIS 37096 (N.D. Ill. 2021), dismissed, 2021 U.S. Dist. LEXIS 185031
(D.D.C. Sept. 28, 2021).

With no common defendants, there are no "common questions of fact" with actions
previously transferred to the MDL action.  (*See supra* III(A)); *In re: Bulk Mailing to County Jail
Inmates in the State of Washington*, 867 F. Supp. 2d 1339, 2012 U.S. Dist. LEXIS 82955
(J.P.M.L. 2012).  Indeed, the Binance Defendants in the Lahav action were ***adverse*** to FTX in
the marketplace.  In contrast, every Defendant in the MDL action was ***promoting*** FTX, with
interests ***aligned to FTX***.  Moreover, the time period for relevant activities differs between the
promotional activities of the FTX Defendants and the Binance social media posts at the heart of
the Lahav action.  Last, the location of where the events occurred and unfolded are also distinctly
different.  All of these factors confirm that discovery will differ substantially.

Binance is a competitor to FTX, which alone weighs against consolidation.  (Ex. A) *In
re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L.
2012).  Merging discovery via a single MDL Action would needlessly risk dissemination of
highly confidential information, including competitive information, between the Binance
Defendants, headquartered outside the U.S., to primarily US-based FTX Defendants.  *In re
Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012); *In re
Environmental Protection Agency Pesticide Listing Confidentiality Litigation*, 434 F. Supp.
1235, 1977 U.S. Dist. LEXIS 14888 (J.P.M.L. 1977).  Establishing confidentiality barriers would
further complicate and obscure discovery.  Transfer should be denied.

**D.  There Is No Joint Liability Nor Any Joint Conspiracy Claim Between the Binance
Defendants and the FTX Defendants**

In stark contrast to the other consolidated actions involving FTX Defendants, there would
be no allegation of joint liability between the Binance and MDL defendants.  (*See* J.P.M.L.
Docket and MDL action docket generally.)  There is simply no overlapping claim between them.
As a result, all pretrial procedures—discovery, motions to dismiss, motions for summary

judgment, etc.—would be completely independent.  Given that there are no factual liability issues in common between the Lahav action and any of the other actions in the FTX MDL, transfer should be denied.

### E.  Both Plaintiff and Defendants Oppose Transfer

Notably, both Plaintiff and Defendants BAM Trading Services Inc., and BAM Management US Holdings Inc., in the Lahav action oppose transfer.  (J.P.M.L. ECFs 240, 242.) The remaining Defendants in the Lahav action, Binance Holdings Ltd. and Changpeng Zhao, have not taken a position whatsoever.  This nearly unanimous opposition of the parties to transfer, coupled with absence of any party's affirmative support for transfer, weighs strongly in favor of denying transfer.  *In re "Lite Beer" Trademark Litigation*, 437 F. Supp. 754, 1977 U.S. Dist. LEXIS 14044 (J.P.M.L. 1977).

Plaintiff Lahav and his counsel are willing and ready to participate in voluntary, informal coordination with the Court, counsel and parties in the MDL action, to whatever minor extent that may be necessary.  Given these available and simpler alternatives, transfer should be denied. *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2012); *also see Manual for Complex Litigation, Fourth*, § 20.14 (2004).

### F.  MDL Action's Co-Class Counsel's Filing of Interested Parties Is Improper

Finally, it is noted that the MDL action's co-class counsel's filing of "interested parties" naming different persons is procedurally improper.  *See* 28 U.S.C.S. § 1491(b)(1).  "[A] nonnamed class member is [not] a party to the class-action litigation before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593, 133 S. Ct. 1345, 1349 (2013).  There is no limitation on damages or a common damages pool that comes into play here based on liability of distinct defendant groups.  Well-established law holds that "a damages limitation . . . cannot have a binding effect on the merits of absent class members' claims unless and until the class is certified."  *Id*.  Given the lack of overlap on discovery, liability and damages issues, the motion to vacate CTO-4 should be granted.

## VI.     CONCLUSION

For the reasons set forth above, the Conditional Transfer Order (CTO-4) should be vacated, and the Lahav case should be allowed to proceed in the Northern District of California.


Dated:  January 24, 2024                                    **DEVLIN LAW FIRM, LLC**

By:  /s/ Timothy Devlin
Timothy Devlin
Email: tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Deepali A. Brahmbhatt
Email: dbrahmbhatt@devlinlawfirm.com
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:      (650) 254-9805

*Attorneys for Plaintiff and the Class*
*Nir Lahav on behalf of himself and all*
*others similarly situated*