BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE: FTX Cryptocurrency Exchange Collapse Litigation | MDL Docket 3076 |
|---|---|

**PETITIONERS' REPLY IN SUPPORT OF MOTION FOR TRANSFER OF RELATED ACTION TO THE SOUTHERN DISTRICT OF FLORIDA FOR CONSOLIDATION INTO MDL NO. 3076**

Petitioners' Motion for Transfer, ECF No. 227, demonstrated why the Panel should transfer the adversary proceeding pending in the Delaware Bankruptcy Court, *Onusz v. West Realm Shires Inc.*, No. 1:22-AP-50513 (Bankr. D. Del.) (the "*Onusz* Action") to the Southern District of Florida for consolidation into MDL No. 3076, which consolidated various actions pertaining to the collapse of the FTX cryptocurrency exchange (the "FTX MDL"). As this Court has already twice ordered, "centralization was warranted for actions concerning the collapse of the FTX cryptocurrency exchange and the ensuing losses suffered by depositors and investors." *See In re FTX Cryptocurrency Exchange Collapse Litig.*, MDL No. 3076, at 1 (J.P.M.L. December 6, 2023) (citing *In re FTX Cryptocurrency Exchange Collapse Litig.*, __ F. Supp. 3d __, 2023 WL 3829242 (J.P.M.L. June 5, 2023)). This is true for any actions concerning these issues, "and the presence of additional facts is not significant when the actions arise from a common factual core." *Id.*, at 2.

No one briefing Petitioners' motion disputes that the *Onusz* Action fits this criteria such that transfer is warranted. As shown below, the positions of the various parties to the *Onusz* Action—even of those that oppose transfer—confirm that transfer is appropriate here. Transferring the *Onusz* Action will prevent unnecessary duplication of litigation, thus preserving party and judicial resources, maximize potential recoveries for the victims, and eliminate potentially conflicting pre-trial rulings. In light of the similarity of the claims in the *Onusz* Action to those

1

already consolidated in the FTX MDL and in light of the positions of the parties in the *Onsuz* Action itself, the Panel should grant the Motion to Transfer.

## ARGUMENT

### I. Transfer of the *Onusz* Action Meets the Standard Set Out in 28 U.S.C. § 1407

The first question before the Panel is whether the *Onusz* Action and the claims in the FTX MDL involve "one or more common questions of fact." 28 U.S.C. § 1407(a). The *Onusz* Plaintiffs do *not* dispute that this requirement is met. *See Onusz* Plaintiffs' Opposition, ECF No. 248 ("Opp.") ¶ 27; *see also* Mot. ¶ 15 (setting out multiple common questions of fact). The remaining question for the Panel is whether the transfer of the *Onusz* Action "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Petitioners have shown that this requirement is met as well.

As explained in Petitioners' Motion, the FTX MDL already includes claims against FTX "insiders" Sam Bankman-Fried, Caroline Ellison, Nishad Singh, and Gary Wang (the "Insider Defendants"). Mot. ¶ 4. The *Onusz* Action includes (1) claims by a handful of individual FTX customers against the FTX debtors, which have settled tentatively, subject to Plan confirmation in the Delaware Bankruptcy Court, Opp. ¶¶ 3, 6, and (2) claims by FTX customers against the Insider Defendants, which remain pending. As Petitioners also previously explained, the *Onusz* claims against the Insider Defendants are narrower than and thus subsumed within the putative class claims brought in the FTX MDL. Mot. ¶ 7. Because the *Onusz* Action and the pending Consolidated Class Action Complaint in the FTX MDL both seek to certify a national class that includes FTX customers with common law claims against overlapping defendants,[1] this Court

---

[1] These claims include breach of fiduciary duty, conversion, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion.

would be presented with the same merits, choice of law, and class certification issues that will be addressed by the MDL Court. Given the overlapping class claims, transfer would serve both the convenience of parties and witnesses and promote the just and efficient conduct of the litigation, including preventing inconsistent rulings as to overlapping classes.

## II.  The Insider Defendants Agree that Transfer to the FTX MDL Is Appropriate

The arguments of the Insider Defendants—before this Panel and before the Delaware Bankruptcy Court—bolster Petitioners' central argument that the *Onusz* Action should be transferred because it would promote the efficient and consistent litigation of the overlapping claims in the cases. In his brief to the Panel in support of the relief sought in Petitioners' Motion, Defendant Bankman-Fried correctly argues that "transfer is in the best interests of the [parties], conserving party and judicial resources, avoiding possible conflicting pretrial rulings, and preventing duplicative litigation." ECF No. 247, at 1–2. He also explained that "the FTX MDL Court is best situated to coordinate and manage the claims asserted in the *Onusz* Action as part of the Court's coordination and management of virtually identical claims made in the other consolidated actions." *Id.* ¶ 10.[2]

The remaining Insider Defendants—Ellison, Singh, and Wang—each moved the Bankruptcy Court to sever the claims against them from the claims against the Debtors (which have been settled, pending Plan confirmation).[3] *Onusz* Action, ECF Nos. 80, 87, 92. They argued

---

[2] The *Onusz* Plaintiffs attempt to dismiss Bankman-Fried's arguments on the grounds that he the "core wrongdoer . . . in the first place." Opp. at 14. But the culpability of Bankman-Fried—after all, that is why the *Onusz* Plaintiffs and the MDL Plaintiffs sued him—does not render irrelevant his position or that of other Insider Defendants as to whether the *Onusz* Action should be transferred. Indeed, the Panel already considered the position of the various defendants—all of whom various plaintiffs argue are culpable—in creating the MDL in the first instance. *See* ECF No. 138, at 2. There is no reason to switch tacks now.

[3] Ellison, Wang, and Singh have not filed a brief in the proceedings before Panel but their filings in the *Onusz* Action itself, as explained here, set out their position.

to the Bankruptcy Court that "the claims against the individual defendants should be severed and ultimately transferred to the FTX MDL." Defs.' Joint Mem. in Further Supp. of Their Mots. to Sever ("Joint Mem."), *Onusz* Action, ECF No. 102, attached hereto as Exhibit A, at 3 (capitalization removed). Ellison, Singh, and Wang further explained that "[s]everance and transfer to the FTX MDL would serve judicial economy because it would prevent 'the same issues'—i.e., claims by the same putative class of FTX customers against Mr. Singh and Mr. Wang for breaching their fiduciary duties and against Ms. Ellison for aiding and abetting those breaches—'[from] be[ing] litigated in two places.'" *Id.* (quoting *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) (alteration in original)). These Insider Defendants also explain how "denying severance would require[the bankruptcy court] to manage a consumer class action with no claims remaining against the Debtors and without producing any efficiencies." *Id.* at 5. That inefficient outcome—litigation of parallel consumer class outcomes—would also obtain if the Panel were to decline to transfer the *Onusz* Action to the FTX MDL (with or without the claims against the debtors).

### III. The *Onusz* Plaintiffs' Own Arguments Confirm that Transfer Is Appropriate

The *Onusz* Plaintiffs oppose transfer. ECF No. 228. However, they provide no persuasive reason that the Panel should not transfer the *Onusz* Action. To the contrary, after setting aside arguments that are irrelevant to the actual questions before the Panel, their arguments show why transfer is warranted in these circumstances.

*First*, the *Onusz* Plaintiffs argue that the *Onusz* Action (what they call the "Delaware Adversary Proceeding") is subject to the Bankruptcy Court's jurisdiction. Regardless of the strengths of arguments as to the bankruptcy court's jurisdiction, it is irrelevant to the question before this Panel: whether to transfer the adversary proceeding under 28 U.S.C. § 1407. Petitioners have shown that it is proper for the Panel to transfer an adversary proceeding and consolidate it

into an MDL. *See* Mot. ¶ 10 & n.3. And the *Onsuz* Plaintiffs nowhere even attempt to show that this Panel does not have the power to transfer the *Onusz* Action or that it should refrain as a matter of course from transferring an adversary proceeding to an MDL. *See* Opp. at 3–6.

*Second*, the *Onusz* Plaintiffs argue that their adversary proceeding "needs nothing from the FTX MDL." Opp. at 6 (capitalization removed). But the question is not whether the adversary proceeding "needs" something from the MDL—it is whether it meets the standards under 28 U.S.C. § 1407(a), and Petitioners have shown that it does.[4] The *Onusz* Plaintiffs also state without basis that they should not "have to wait around for discovery by Petitioners or the other dozens of parties in the FTX MDL to occur." Opp. at 7. But there is no reason to believe that this outcome is likely. As a threshold matter, the *Onusz* Action and the Insider Action are in procedurally comparable places—in both actions, the Insider Defendants (other than Bankman-Fried) have not responded to the claims against them. *See* FTX MDL, ECF No. 318 (staying FTX Insider Action pending resolution of criminal cases); *Onusz* Action, ECF No. 102 (describing Insider Defendants' request for extension to respond to complaint).[5] For the same reason, the *Onusz* Plaintiffs' suggestion that their case would proceed quickly to summary judgment or trial is baseless. Opp. at 6–7. Regardless, in designating Judge Moore to coordinate the sprawling FTX litigation, this Panel already concluded that Judge Moore "is an experienced transferee judge," and it is "confident he will steer this matter on a prudent and expeditious course." Over the past seven months, Judge

---

[4] The *Onusz* Plaintiffs may also believe they do not "need" anything from the MDL because they have settled their individual claims with the Debtors and can rely on the Debtors to litigate their claims against the Insider Defendants, as discussed further below.

[5] The *Onusz* Plaintiffs rely on the Manual for Complex Litigation for their—baseless—complaint about discovery delays, but the cited provision only pertains to the consolidation of cases under Federal Rule of Civil Procedure 42(a), not action by the Panel with respect to consolidation in an MDL. *Manual for Complex Litigation* (Fourth), § 20.11 (2023) ("Cases in Same Court").

Moore has demonstrated his ability to efficiently carry out this responsibility, and there is no basis for the *Onusz* Plaintiffs to question that now.

*Third*, in arguing that the "transfer will not otherwise serve the convenience of the parties or the interest of the justice," Opp. at 7 (capitalization removed), the *Onusz* Plaintiffs point to a legal standard not applicable to the present motion to transfer.[6] In any event, transfer would serve both convenience and interest of justice—and as required by the relevant statute—"the just and efficient conduct" of the litigation. The *Onusz* Plaintiffs admit that their claims and the claims the Insider Defendants in the MDL are "facially similar common law claims." Opp. at 7. But they are in fact similar—not just "facially" similar. The *Onusz* claims against the Insider Defendants are claims by customers for breach of fiduciary duty, negligence, conversion, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion. Opp. ¶ 6.[7] The MDL claims against the Insider Defendants include similar common law claims by FTX customers—breach of fiduciary duty, negligent misrepresentation, conversion, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion—as well as other statutory claims. Mot., ¶ 4. Contrary to the *Onusz* Plaintiffs' claims, Opp. ¶ 17, it is irrelevant that the MDL *also* includes claims against other categories of defendants and includes multiple law firms representing multiple plaintiffs. It is unremarkable that MDLs may have different tracks of plaintiffs and defendants. Judge Moore has divided the MDL into different litigation tracks and is more than capable of managing them all. The *Onusz* Plaintiffs's speculation that Judge Moore would allow MDL parties to embark on

---

[6] Under Federal Rule of Bankruptcy Procedure 7087 and 28 U.S.C. § 1412, a bankruptcy court may transfer an adversary proceeding "in the interest of justice or for the convenience of the parties." 28 U.S.C § 1412. But that is a question for the Delaware Bankruptcy Court—not for the Panel in determining a Motion to Transfer. As set out above, Petitioners have shown that the proposed transfer meets the standard set out in 28 U.S.C. § 1407(a).

[7] The *Onusz* Action includes claims against the debtors as well, which have tentatively settled, pending Plan confirmation. Opp. ¶ 6.

"unnecessary and time-consuming pretrial proceedings" is unsupportable. Opp. ¶ 18. Neither the MDL court nor the parties have any interest in embarking on unnecessary and lengthy pretrial proceedings.

*Fourth*, the *Onusz* Plaintiffs argue that transfer would create a "grave conflict" between customer and former customer constituencies. Plaintiffs have not shown that there is in fact a "grave conflict" simply because the *Onusz* Action includes only holders of current claims against the estate and the MDL includes a broader set of claims. Class action MDLs regularly contain member cases with different class definitions. Nor have the *Onusz* Plaintiffs shown that the relief they seek is "straightforward[]" just because it is within the context of the bankruptcy. Opp. ¶ 21. Contrary to the representation that the adversary proceeding will proceed "straightforwardly," the Insider Defendants (other than Bankman-Fried) have not even responded to the *Onusz* complaint. Any potential conflicts simply present a question that Judge Moore is well-suited to handle should they arise on class certification or other pre-trial proceedings. Indeed, if faced with a settlement among the parties, Judge Moore would be charged with "determining the fairness of the settlement." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021). In reviewing any proposed settlement, Judge Moore would be required to avoid conflicts that are "'substantial' and 'fundamental' to the specific issues in controversy." *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1091 (11th Cir. 2023).[8] And regardless, to the extent any asserted "conflicts" in class structures exist, it is better to have them encompassed within the MDL so that Judge Moore can handle such issues rather than being litigated in parallel

---

[8] "Minor conflicts are not enough" to block a settlement. *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th at 1091.

between the bankruptcy proceedings and the MDL with the risk of inconsistent rulings and outcomes.

*Fifth*, the *Onusz* Plaintiffs minimize the fact that they have focused their efforts on their individual claims against the *FTX debtors*, with the claims against the *Insider Defendants* taking a back seat. Opp. ¶¶ 24–25. But their narrative does not erase the fact that the Insider Defendants (other than Bankman-Fried) have still not responded to the *Onusz* complaint. Because the *Onusz* claims against the Insider Defendants have effectively not left the starting gate, this remains an appropriate time for the Panel to transfer the *Onusz* action to the MDL.

*Sixth*, none of the *Onusz* Plaintiffs' cited authorities provide support for their opposition to transfer. They do not cite any cases confronting the question pending before the Panel: whether to transfer a single tag-along action to an already-created MDL under Section 1407(a). All but one of the cases that the *Onusz* Plaintiffs cite with respect to this argument pertains to the question of whether the JPML should centralize matters *in the first instance*—not whether to transfer a tag-along action.[9] Here, the Panel already determined the FTX MDL should be created and it should include claims against the Insider Defendants that are substantially identical to the claims in the Adversary Action, as well as transferred multiple additional tag-along actions for consolidation with the FTX MDL. In any event, the general propositions cited from these cases do not

---

[9] *See In re Nat. Student Marketing Litigation*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1972); *In re Luca Int'l Grp. Sec. Litig.*, 338 F. Supp. 3d 1358, 1359 (J.P.M.L. 2018); *In re Air Crash at Durango, Mexico, on July 31, 2018*, 359 F. Supp. 3d 1384, 1385 (J.P.M.L 2019); *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271 (J.P.M.L 1978); *In re CP4 Fuel Pump Mktg., Sales Practices & Prods. Liab. Litig.*, 412 F. Supp. 3d 1365 (J.P.M.L 2019); *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011); *In re Raymond Lee Org., Inc. Sec. Litig.*, 446 F. Supp. 1266, 1268 (J.P.M.L. 1978). The remaining case involves the question of an intradistrict transfer by a district court under Federal Rule of Civil Procedure 42(a) in a matter where the district court had already granted partial summary judgment. *Columbia Helicopters, Inc. v. Carson Helicopters, Inc.*, 2011 WL 13388893, at *2 (D. Or. Apr. 5, 2011).

demonstrate that transfer of the *Onusz* Action is inappropriate. Moreover, the *Onusz* Plaintiffs' discussion of what they call the "Debtors' Adversary Proceedings," which they say "asserts certain nearly identical claims to those" in the *Onusz* Action, Opp. at 13, confirms that they believe there is no real need for continuing prosecution of the *Onusz* Action with respect to the Insider Defendants. After all, they say that the Debtors will pursue those claims and the recoveries will be distributed through the FTX bankruptcy. *See id.* By contrast, transferring these claims to the FTX MDL will ensure that the claims are litigated vigorously on behalf of any putative *Onusz* class members and any putative class of members of FTX MDL claims against the Insider Defendants—under the appropriate scrutiny of Judge Moore as described above.

Last, the *Onusz* Plaintiffs misleadingly argue that the Panel must consider transfer under Section 1407(a) as a "last solution." Opp. at 13 (quoting *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (U.S. Jud. Pan. Mult. Lit. 2011). As noted above, *In re: Best Buy* considered only whether to create an MDL in the first instance—a bridge that has already been crossed here. 804 F. Supp. 2d at 1376–77. Moreover, the Panel there explained that an inter-district transfer under Section 1404(a) was preferable to creating an MDL where the "responding parties were amenable to" such a transfer. *Id.* at 1378. But here, Defendant Bankman-Fried moved for transfer under 28 U.S.C. § 1412—the relevant bankruptcy analogue to Section 1404(a)—and the *Onusz* Plaintiffs opposed that transfer request, too. *Onusz* Action, ECF No. 91, at 21–23. In other words, even applying the Panel's comments from *In re: Best Buy* that alternatives to Section 1407(a) are preferable when the parties are amenable, the *Onusz* Plaintiffs are opposed to the relevant alternatives as well.[10]

---

[10] Nor are these circumstance like *In re Raymond Lee Org., Inc. Sec. Litig.*, 446 F. Supp. 1266 (J.P.M.L. 1978) on which the Onusz Plaintiffs also rely. There, like *In re: Best Buy*, the Panel

9

In sum, Petitioners have shown that transfer under 28 U.S.C. § 1407(a) is appropriate, and none of the arguments presented by the *Onusz* Plaintiffs alter that result.

## CONCLUSION

For the reasons set out above, and those set out in Petitioners' Motion to Transfer, the Panel should grant Petitioners' Motion to Transfer and transfer the *Onusz* adversary proceeding to the United States District Court for the Southern District of Florida as part of the consolidated proceedings in MDL No. 3076 now before Judge Moore.

Certificate of Service attached.

Respectfully submitted on January 24, 2024,

| **Plaintiffs' Co-Lead Counsel** ||
| --- | --- |
| By: /s/ *Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ *David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

---

noted that the parties may seek transfer under Section 1404(a)—but again the *Onusz* Plaintiffs oppose such a transfer. Moreover, the Panel explained that in *In re Raymond Lee*, "there appears to be little likelihood of inconsistent class action determinations in this litigation." 446 F. Supp. at 1268 n.5. Here, however, the *Onusz* Plaintiffs themselves raise the specter of a "grave conflict." Opp. at 8. Whether such a specter is real or imagined, its presence in the *Onusz* Plaintiffs' papers demonstrates that this is not a case where is no need for consolidation or where simple informal coordination is sufficient.