# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FTX TRADING LTD., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br><br> (Jointly Administered) |
| AUSTIN ONUSZ, CEDRIC KEES VAN PUTTEN, NICHOLAS J. MARSHALL and HAMAD DAR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WEST REALM SHIRES INC., WEST REALM SHIRES SERVICES INC. (D/B/A FTX US), FTX TRADING LTD., ALAMEDA RESEARCH LLC, SAM BANKMAN-FRIED, ZIXIAO WANG, NISHAD SINGH and CAROLINE ELLISON, <br><br> Defendants. | Adversary Proceeding No. 22-50513 (JTD) |

**DEFENDANTS CAROLINE ELLISON, NISHAD SINGH, AND GARY WANG'S JOINT REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTIONS TO SEVER THE CLAIMS AGAINST THEM AND TO EXTEND THEIR TIME TO RESPOND TO THE COMPLAINT**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

Plaintiffs' opposition fails to explain why this consumer class action against non-debtor defendants should remain in Bankruptcy Court when Plaintiffs concede (1) that they have settled any claims against the Debtors and (2) that their putative class and the claims asserted against Caroline Ellison, Nishad Singh, Gary Wang and the other individual defendant are entirely subsumed by the multidistrict litigation pending before Judge Kevin M. Moore in the Southern District of Florida.

Plaintiffs do not identify any concrete prejudice that they would incur from litigating these claims before Judge Moore. And Plaintiffs do not explain why it would make sense to relitigate in this Court the very same claims that are before Judge Moore.

Ms. Ellison, Mr. Singh, and Mr. Wang therefore respectfully request that the Court grant their motions to sever.[2] Should the Court grant severance before the Judicial Panel on Multidistrict Litigation's ("JPML") March hearing, when it will likely consider the MDL steering committee's pending motion to designate Plaintiffs' claims against the individual defendants as a "tagalong action," it will facilitate fast and efficient consolidation of this duplicative class action into the FTX MDL. That outcome would promote judicial economy and avoid wasting resources that should go to compensating victims, not litigating a duplicative class action.

---

[2] Mr. Wang filed his motion to sever (the "Wang Motion"), the facts and arguments of which substantially mirror those in Ms. Ellison's and Mr. Singh's motions to sever, after the Plaintiffs filed their opposition. Counsel for Mr. Wang conferred with Plaintiffs' counsel for Plaintiffs and the other movants and agreed that: (i) Plaintiffs' opposition shall be deemed to apply to the Wang Motion, (ii) Mr. Wang may join in any reply filed by Ms. Ellison and Mr. Singh to the opposition, (iii) all future deadlines and hearings related to Ms. Ellison's motion to sever shall apply to Mr. Wang in relation to the Wang Motion, and (iv) all parties reserve all other rights. Counsel are memorializing a stipulation confirming the same.

**ARGUMENT**

I. **The Claims Against The Individual Defendants Should Be Severed And Ultimately Transferred To The FTX MDL**

It is undisputed that Bankruptcy Rule 7021 authorizes this Court to sever the claims against Ms. Ellison, Mr. Singh, and Mr. Wang (or, alternatively, against all four individual defendants) from the claims against the Debtors if the Court determines that their severance and eventual transfer into the FTX MDL would promote judicial economy without unduly prejudicing the parties. *See* Fed. R. Civ. P. 21; *In re LMI Legacy Holdings, Inc.*, 553 B.R. 235, 253 (Bankr. D. Del. 2016); Mot.7-8; Dkt. 90 ("Opp.") at 8.[3] Severance and transfer to the FTX MDL would serve judicial economy because it would prevent "the same issues"—*i.e.,* claims by the same putative class of FTX customers against Mr. Singh and Mr. Wang for breaching their fiduciary duties and against Ms. Ellison for aiding and abetting those breaches—"[from] be[ing] litigated in two places." *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999).

Plaintiffs go to great lengths to establish the uncontroverted proposition that they were authorized to join their consumer class action claims against the non-debtor individual defendants to claims against the Debtors and then file this case as an adversary proceeding in this Bankruptcy Court rather than an ordinary civil action in district court. *See, e.g.*, Opp.8. But Plaintiffs tellingly never explain the fundamental *purpose* of their claims against the Debtors, which they have now settled, albeit only in their *individual* capacities, and *not* on behalf of the putative class. *See* Ex. A at 5, 7, 9 & ¶ 5 (establishing that Plaintiffs commit to dismiss their claims against the Debtors once a specified portion of the named Plaintiffs, acting only in their individual capacities, have signed

---

[3] Unless otherwise specified, all internal citations, quotations, alterations, and emphases have been omitted from all sources cited herein.

the Settlement and Plan Support Agreement).[4] Moreover, Plaintiffs have impliedly conceded, both in their opposition and before the JPML, that their awkward joinder tactic is the only reason their duplicative class action against the individual defendants was pinned in Bankruptcy Court rather than consolidated into the MDL like the other lookalike class actions filed around the country. *See* Opp.7-8; Ex. B. at 2 (Plaintiffs arguing before the JPML that "it is inappropriate for the MDL to take any action respecting the Delaware Adversary Proceeding" "until the settlement [with the Debtors] is effective, and/or Judge Dorsey resolves the [severance] motions"). Nor do Plaintiffs establish why this class action should remain in Bankruptcy Court, yoked to claims against the Debtors that Plaintiffs do not plan to litigate, and thereby forgo the substantial judicial efficiencies that the JPML concluded would arise from consolidation of all similar class actions before Judge Moore. Severance under Bankruptcy Rule 7021 is therefore appropriate because it would "prevent … [P]laintiff[s] from manipulating the system" through joinder "for the sole purpose of accentuating the burdens of trial upon [Ms. Ellison, Mr. Singh, and Mr. Wang,] who would otherwise have been entitled to a … transfer" to the FTX MDL under 28 U.S.C. § 1407. *LMI Legacy Holdings*, 553 B.R. at 252.

Plaintiffs' opposition to severance and consolidation rests principally on their illogical contention that judicial economy would be better served by litigating the same class claims in two fora rather than one. That position rests both on illusory benefits supposedly to be gained by litigating the class claims in this Court and on an unfounded caricature of the FTX MDL.

---

[4] Since Plaintiffs have not sought certification of a settlement class and approval under the Bankruptcy Rule 7023 safeguards in connection with their settlement with the Debtors, any class settlement with any of the individual defendants would incur significant, new administrative expenses to provide class notice and substantial fees for litigation of objections and fairness hearings. These costs are duplicative of those that will necessarily be incurred in the FTX MDL and will ultimately be borne by victims, including Plaintiffs.

*First*, denying severance would require this Court to manage a consumer class action with no claims remaining against the Debtors and without producing any efficiencies. Plaintiffs hypothesize some judicial efficiency "***within*** the adversary proceeding," Opp.10 (emphasis in original), by ignoring that their settlement agreement with the Debtors means there is nothing left to litigate in this adversary proceeding *other than* the claims that are subsumed within the FTX MDL Insiders MDL Complaint.[5] Plaintiffs have already committed not to prosecute their claims against the Debtors: Plaintiffs' request to adjourn the Debtors' response deadlines until March 31, 2024 was already so-ordered, *see* Dkt. 89, and the settlement agreement obliges Plaintiffs to continue doing nothing until such time as they must dismiss those claims outright, *see* Ex. A ¶ 5. There is accordingly no prospect of efficiency gains from "overlapping discovery, witness testimony, and evidentiary development at trial" among Plaintiffs' claims against the Debtors and against the individual defendants. Opp.10. Any efficiencies to be gained by litigating Plaintiffs' claims against all the individual defendants in a single forum can be just as readily achieved if the claims against all four individual defendants are transferred together to the FTX MDL. It is therefore irrelevant that "claims against Ellison, Singh, and the other FTX Insider Defendants are manifestly interwoven with one another." *Id.* at 11.

Indeed, once Plaintiffs complete their settlement with the Debtors, the Bankruptcy Court may well no longer have jurisdiction over what remains of this Adversary Proceeding. In the absence of live claims against the Debtors, it is hard to see how the remaining claims by one set of non-debtors (Plaintiffs) against another set of non-debtor defendants (*i.e.*, Ms. Ellison, Mr. Singh, Mr. Wang and the other individual defendant) could "in any way impact[] upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.

---

[5] Capitalized terms not defined here have the meanings set forth in Ms. Ellison's motion, Dkt. 81.

1984). Denying severance would therefore lead inevitably to additional motion practice over this Court's continuing jurisdiction, burdening the Court and imposing further, unnecessary expenses that the victims will ultimately absorb.[6]

Plaintiffs also posit supposed efficiencies from litigating the class claims against the individual defendants in the same court as the "similar claims being pursued by the Debtors against them." Opp.10. But Plaintiffs never provide any specifics for how the existence of a separate adversary proceeding brought by the Debtors (that has not been actively litigated and will likely be settled before any response is due, and is in any event not consolidated for any purpose with this adversary proceeding) could possibly offset the burden of litigating a duplicative class action. *See id.*[7] To the extent Ms. Ellison, Mr. Singh, or Mr. Wang can assist the Debtors or contribute (limited) assets to the bankruptcy estate, those goals will be accomplished by the Debtors' action itself; granting severance here will have no effect on that. Indeed, Plaintiffs' proffered interest in maintaining their litigation in this Court is to "[r]ecover[] the assets" that FTX Insiders ostensibly stole "for distribution through the bankruptcy process." Opp.14. But that is what the Debtors' adversary proceeding—which Plaintiffs themselves acknowledge brings similar claims—is designed to accomplish. That Plaintiffs oppose consolidation to usurp or duplicate the role of the Debtors confirms the absence of any efficiencies to be gained by denying severance.

*Second*, Plaintiffs deny the potential efficiencies of severance and transfer only by unjustifiably denigrating the FTX MDL as a "morass of wildly disparate claims against a myriad of third-party defendants." Opp.11. That description is insulting to both the JPML and Judge

---

[6] Defendants reserve the right to raise the issue of subject matter jurisdiction and any other defense.

[7] Even more irrelevant is Plaintiffs' assertion that some economies could arise if Ms. Ellison, Mr. Singh, or Mr. Wang were "perhaps" sued by the UCC, Opp.12, since no such claims have been filed, nor do Plaintiffs provide any reason to believe they would be.

Moore, and it has no basis in fact or law. Plaintiffs acknowledge, as they must, that their claims against Ms. Ellison, Mr. Singh, Mr. Wang, and the other individual defendant are encompassed by the FTX MDL. *See* Opp.5. The fact that the FTX MDL seeks compensation from a broader set of defendants on behalf of a broader set of victims is of no consequence, particularly given the well-organized manner in which those proceedings are being managed. When the JPML created the FTX MDL, it explained that the individual defendants in this action "are central figures in all of the related actions" identified for consolidation, and so the consolidated actions "present common questions of fact concerning the collapse of the FTX cryptocurrency exchange," even in connection with cases that named other defendants, such as promoters or facilitators of FTX. *In re FTX Cryptocurrency Exch. Collapse Litig.*, No. MDL 3076, 2023 WL 3829242, at *2 (U.S. Jud. Pan. Mult. Lit. June 5, 2023). Judge Moore's effective management of the litigation thus far has borne out the JPML's judgment that he "is an experienced transferee judge," who would "steer this matter on a prudent an expeditious course." *Id.* For instance, Judge Moore has appointed an experienced MDL steering committee, divided the MDL into parallel tracks based on the type of defendants and claims (including an "FTX Insiders" action that admittedly subsumes Plaintiffs' case), taken motions to dismiss under submission, opened jurisdictional discovery for certain defendants disputing personal jurisdiction, and established a framework for approving proposed class settlements with other defendants.

All the victims of the FTX collapse, including Plaintiffs' putative customer class members (who are also included in the putative classes suing promoters and other current and prospective MDL defendants), are best served by having Ms. Ellison, Mr. Singh, and Mr. Wang devote their limited resources to assisting MDL counsel pursue others, rather than litigating a duplicative action in this Court. Duplicating here the litigation costs and judicial infrastructure erected by Judge

Moore and the MDL steering committee would needlessly waste resources, thereby prejudicing Plaintiffs and members of their putative class. Denying severance will waste resources even if the result were similar class settlements here and in the MDL court, because this Court and counsel would have to issue a duplicate notice to the putative class and litigate duplicate fairness hearings. *See supra* n.4. Such waste would prejudice the parties and burden the Court.

The opposition also wrongly suggests that severance and consolidation in the MDL would prejudice Plaintiffs by supposedly redirecting the individual defendants' purported financial resources. *See* Opp. 11-13. Not so. Ms. Ellison, Mr. Singh, and Mr. Wang have limited assets remaining in their names, and pursuant to their plea agreements those assets will likely be directed to the benefit of FTX victims pursuant to forfeiture and/or restitution orders imposed by Judge Lewis A. Kaplan at their sentencings. Moreover, any settlement between Ms. Ellison, Mr. Singh, or Mr. Wang and the MDL plaintiffs will be subject to the safeguards of Fed. R. Civ. P. 23, including Judge Moore's review for procedural and substantive fairness. There is absolutely no basis to the suggestion (*see* Opp.12-13) that the individual defendants seek severance to hold onto assets themselves or that the MDL steering committee seeks an inappropriate settlement that would leave funds owed to victims in their hands at the end of these overlapping judicial processes. In any event, the Debtors' claims against Ms. Ellison, Mr. Singh, Mr. Wang, and the other individual defendant remain outstanding, *see FTX Trading Ltd. v. Bankman-Fried*, No. 23-ap-50448 (Bankr. D. Del. Nov. 21, 2023) Dkt. 9, further undermining the notion that this severance motion is designed to shield assets or will prejudice the Debtors' creditors.

Finally, Plaintiffs wrongly state that the "MDL Panel's determination" is that this adversary proceeding should not be consolidated, thereby suggesting that the severed claims may not be consolidated. Opp.7. Not so. While the MDL steering committee's December 8, 2023 "notice" to

the JPML identifying this adversary proceeding as a potential tag-along action was denied, that denial was not a final determination of "the MDL Panel." *See id.* Rather, the "notice to counsel" was issued by the "Clerk of the Panel," was not signed by any judge, and directed the MDL steering committee to refile a motion for consolidation pursuant to JPML's Rule 7.1(b)(i). *In re: FTX Cryptocurrency Exchange Collapse Litig.*, MDL No. 3076 (U.S. Jud. Pan. Mult. Lit. Dec. 20, 2023) Dkt. 226. While the text-only order provided no reasoning, it could be that the Debtors' continued presence in this adversary proceeding is what made the adversary proceeding "not appropriate for inclusion" at that time. *Id.*; *see also* Ex. B at 2 (Plaintiffs' counsel arguing the same to the JPML). The MDL steering committee subsequently filed a motion as directed by the JPML's clerk, and counsel understands that the JPML will likely hear that motion at its March session. If at that time this Court has already severed the claims against the individual defendants, then the adversary proceeding will be in a posture ripe for direct and efficient consolidation into the FTX MDL.[8] Plaintiffs have not provided any substantive reason why the JPML would decline to consolidate their copycat claims into the MDL after the Debtors have been removed from the case.

Both the factors of judicial economy and the parties' prejudice therefore weigh in favor of severing the claims against Ms. Ellison, Mr. Singh, Mr. Wang and the other individual defendant for their eventual consolidation into the FTX MDL. Plaintiffs' opposition provides no concrete reason to the contrary.

---

[8] While Ms. Ellison's motion contemplated seeking the severed claims' transfer to district court, either in Delaware or Florida, before requesting their consolidation into the FTX MDL, *see* Dkt. 81 at 8, that intermediate step may not be necessary should the JPML again conclude, when adjudicating the MDL steering committee's pending motion, that it is appropriate to transfer the severed claims directly from bankruptcy court to the FTX MDL under 28 U.S.C. § 1407, *see, e.g.*, *In re: Nat'l Arb. F. Trade Pracs. Litig.*, 729 F. Supp. 2d 1353, n.1 (U.S. Jud. Pan. Mult. Lit. 2010) ("The Panel has previously transferred multiple adversary proceedings under Section 1407.").

**II.     The Unopposed Requests For Extensions Of Time Should Be Granted**

Plaintiffs take no position on Ms. Ellison's or Mr. Singh's (or, impliedly, to Mr. Wang's) requests for an extension of time to respond to the complaint until 30 days after the Court rules their motions to sever. *See* Opp.13. As explained in Ms. Ellison's motion, as joined by Mr. Singh and Mr. Wang, requiring them to immediately respond to the complaint would disserve the interests of justice recognized in Judge Moore's order staying all litigation of the FTX Insiders MDL Complaint; would require each of Ms. Ellison, Mr. Singh, and Mr. Wang to incur more fees, potentially reducing the funds each may have to contribute to help victims; and would drive a wedge between this action and the MDL, where this action belongs. *See In re: FTX Cryptocurrency Exchange Collapse Litig.*, No. 1:23-md-3076 (S.D.Fla. Oct. 2, 2023) Dkt. 318. Ms. Ellison, Mr. Singh, and Mr. Wang therefore respectfully request that the Court grant their unopposed motions for extensions of time.[9]

## CONCLUSION

For the reasons set forth above, Ms. Ellison, Mr. Singh, and Mr. Wang respectfully request that the Court sever the claims against them and the other individual defendant from the rest of this Adversary Proceeding, so that they may ultimately be consolidated in the FTX MDL pending in the Southern District of Florida. Ms. Ellison, Mr. Singh, and Mr. Wang also request that the

---

[9] Plaintiffs note that Mr. Singh's motion was filed after his answering deadline, Opp.13 n.8, but they do not contest that the Court has ample discretion to grant Mr. Singh's motion for extension of time to respond to the complaint. *See Chocallo v. I.R.S. Dep't of Treasury*, 145 F. App'x 746, 747 (3d Cir. 2005) (explaining a district court has "ample power, in its discretion, to extend the time for serving a motion or answer" (citation omitted)); *see also Brown v. City of Essex Cnty. N.J.*, 2011 WL 3610268, at *2-3 (D.N.J. Aug. 16, 2011) (permitting responsive pleading filed "a few weeks after the deadline to answer" had passed because there was no prejudice, substantial delay on the proceedings, or any indication of bad faith). Exercising that discretion would be especially proper here because this matter has been adjourned multiple times due to Mr. Singh's cooperation with the Government, including on a *nunc pro trunc* basis, and Plaintiffs cannot identify any prejudice from the modest delay, particularly given that Mr. Singh is in a substantively identical posture to Ms. Ellison.

Court extend their time to answer the complaint until 30 days after it has issued an order adjudicating their motions to sever, and that the Court grant such other and further relief as is just and proper.

Dated: January 18, 2024

| | |
|---|---|
| **SAUL EWING LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
| */s/ Lucian B. Murley* | */s/ Matthew P. Ward* |
| Lucian B. Murley (Del. Bar No. 4892) | Matthew P. Ward (Del. Bar No. 4471) |
| 1201 North Market Street, Suite 2300 | 1313 North Market Street, Suite 1200 |
| P.O. Box 1266 | Wilmington, Delaware 19801 |
| Wilmington, DE 19899 | Tel: (302) 252-4338 |
| Telephone: (302) 421-6898 | Fax: (302) 252-4330 |
| luke.murley@saul.com | matthew.ward@wbd-us.com |
| -and- | -and- |
| **COOLEY LLP** | **WILMER CUTLER PICKERING HALE & DORR LLP** |
| Russell Capone | Peter G. Neiman (admitted *pro hac vice*) |
| Michael Klein | Nicholas Werle (admitted *pro hac vice*) |
| 55 Hudson Yards | 7 World Trade Center |
| New York, NY 10001 | New York, NY 10007 |
| Telephone: (212) 479-6000 | Tel: (212) 230-8800 |
| Facsimile: (212) 479-6275 | peter.neiman@wilmerhale.com |
| rcapone@cooley.com | nick.werle@wilmerhale.com |
| mklein@cooley.com | |
| *Attorneys for Nishad Singh* | *Attorneys for Caroline Ellison* |

**FERRY JOSEPH, P.A.**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr. (Del. Bar No. 4123)
1521 Concord Pike, Suite 202
Wilmington, DE 19803
Telephone: (302) 575-1555, ext. 107
Fascimile: (302) 575-1714
jmclaughlin@ferryjoseph.com

-and-

**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
Adam L. Shiff
Ilan T. Graff
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
adam.shiff@friedfrank.com
ilan.graff@friedfrank.com

*Counsel for Defendant Gary Wang*