# EXHIBIT 1
## *Lahav* Complaint

1  Deepali A. Brahmbhatt (SBN 255646)
   Email: dbrahmbhatt@devlinlawfirm.com
2  DEVLIN LAW FIRM LLC
   3120 Scott Blvd. #13,
3  Santa Clara, CA 95054
   Telephone:     (650) 254-9805
4
   Timothy Devlin (*pro hac vice* pending)
5  Email: tdevlin@devlinlawfirm.com
   Devlin Law Firm LLC
6  1526 Gilpin Avenue
   Wilmington, DE 19806
7  Telephone: (302) 449-9010

8  Curtis E. Smolar (SBN 194700)
   Email: curtis@corexlegal.com
9  Corexlegal PA
   450 Townsend Street, Suite 207
10 San Francisco, CA 94107

11 *Attorneys for Plaintiff and the Class*
   *Nir Lahav on behalf of himself and all others similarly situated*
12
                    **UNITED STATES DISTRICT COURT**
13
                  **NORTHERN DISTRICT OF CALIFORNIA**
14                        **Oakland Division**

15 Nir Lahav, on behalf of himself and all others        Case No.
   similarly situated,
16                                                        **CLASS ACTION COMPLAINT**
                    Plaintiff,
17
          vs.
18                                                        **DEMAND FOR JURY TRIAL**
19 BINANCE HOLDINGS LIMITED,
   BAM TRADING SERVICES INC.
20 BAM MANAGEMENT US HOLDINGS INC.
   AND
21 CHANGPENG ZHAO
                    Defendants.
22

23

24

25

26

27

28
                                                                          Case No`.

                          **CLASS ACTION COMPLAINT**

Plaintiff Nir Lahav, ("Plaintiff"), brings this class action individually and on behalf of a Class of all those similarly situated for damages against Defendants Binance Holdings Limited, BAM Trading Services Inc. ("BAM Trading"), BAM Management US Holdings Inc. ("BAM Management"), and Changpeng Zhao ("Zhao") (collectively, "Defendants" or "Binance") and alleges upon personal knowledge as to their own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against Defendants for injury under unfair competition and violations of Security Exchange Commission (SEC) laws for attempts to monopolize the cryptocurrency platform market by hurting the competitor trading platforms operated by the FTX Entities, as defined below.  The FTX trading platforms were run by corporate entities West Realm Shires Services Inc. d/b/a FTX US ("FTX US") and/or FTX Trading LTD. d/b/a FTX ("FTX Trading") (collectively, the "FTX Entities").

2.     An FTX Token (FTT) is a utility token and cryptocurrency that provides access to the FTX trading platform's features and services.  In 2019, Binance invested in competitor FTX Entities and its cryptocurrency FTT.  On information and belief, Binance had invested and owned up to 5% of total FTT tokens in the market.  For example, Defendant Zhao tweeted, "As part of Binance's exit from FTX equity last year, Binance received roughly $2.1 billion USD equivalent in cash (BUSD and FTT)."  On information and belief, Binance USD, which is also known as BUSD, is a U.S. dollar stablecoin issued by crypto exchange Binance and blockchain company Paxos Trust.

3.     Since 2020 and through the date of this Complaint, each of Defendants have been under SEC investigation for profiteering in a manner in violation of the federal securities laws and the investor and market protections these laws provide.  (Exhibits 1-2.)  During at least part of the same time period, Sam Bankman-Fried, the CEO and founder of competitor platform FTX, was known for promoting regulatory efforts for cryptocurrency and crypto exchange in the US.  (Exhibit 3.)  On information and belief, Defendants were unhappy with Bankman-Fried's regulatory efforts.

4.     On Sunday November 6, 2022, Zhao tweeted, "Due to recent revelations that have came [sic] to light, we have decided to liquidate any remaining FTT on our books."  On Saturday November 5,

**CLASS ACTION COMPLAINT**

1   2022, the day before his tweet, Binance had already sold and moved 23 million FTT (worth approximately

2   $530 million).  Zhao's tweet caused the price of FTT to decline 14% over a 24-hour period.  Zhao tweeted

3   "We are not against anyone'". But in the same post he added: "***But we won't support people who lobby***

4   ***against other industry players behind their backs***."

5        5.      On Tuesday, November 7, 2022, Zhao tweeted, "There is a significant liquidity crunch. To

6   protect users, we signed a non-binding [letter of intent], intending to fully acquire FTX.com."

7        6.      On Wednesday, November 8, 2022, Binance—now appearing to be armed with confidential

8   information from FTX Entities—suddenly pulled back, with Defendant Zhao tweeting an emoji putatively

9   expressing regret.

10

11

12   

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        7.      Zhao publicly disseminated this information on twitter and other social media platforms to

28   hurt FTX Entities that ultimately lead to a rushed and unprecedented collapse of FTX Entities.  FTX

Entities and its Board of Directors were unable to avoid this collapse in the market before FTX Entities' bankruptcy filings.  Zhao showed no qualms about publicly tweeting to hurt FTX Entities.

8.      Plaintiff brings this action for unfair competition and violations of SEC laws.

**PARTIES**

9.      Plaintiff Nir Lahav resides in California.  Plaintiff purchased, repurchased, invested, reinvested, deposited and/or transferred additional funds or cryptocurrencies to a FTX trading platform. Plaintiff lost cryptocurrency assets on the FTX trading platform triggered by the FTX Entities collapse and bankruptcy.

10.     Defendant Binance Holdings Ltd. is a cryptocurrency company with headquarters in 23 Lime Tree Bay Ave, Cayman Islands and operating out of the Republic of China. Defendants BAM Trading Services, Inc. doing business as Binance.US and BAM Management US Holdings Inc. are cryptocurrency Delaware corporations with headquarters at One Letterman Drive, Building C Suite C3-800, San Francisco, California 94129, US and registered agent for service of process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant Changpeng Zhao is a Canadian citizen who is Chief Executive Officer of Binance and has direct control and ownership of Binance and its subsidiaries.

**JURISDICTION AND VENUE**

11.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Defendants.

12.     This Court has personal jurisdiction over Defendant Binance Holdings Limited ("Binance") with it has a principal place of business located 23 Lime Tree Bay Ave, Cayman Islands because it conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

13.     This Court has personal jurisdiction over Defendant BAM Trading Services Inc. ("BAM Trading") because it has a principal place of business located at One Letterman Drive, Building C Suite

**CLASS ACTION COMPLAINT**

C3-800, San Francisco, California 94129, US, it conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

14.     This Court has personal jurisdiction over Defendant BAM Management US Holdings Inc. ("BAM Management") because it has a principal place of business located One Letterman Drive, Building C Suite C3-800, San Francisco, California 94129, US, it conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

15.     This Court has personal jurisdiction over Defendant Changpeng Zhao ("Zhao") because he conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

16.     The Defendants can be served using designated service of process agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

17.     Venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendants are subject to personal jurisdiction here and regularly conducts business in this District, Defendants have intentionally availed of the laws and markets within this District, Defendants do substantial business in this District, Defendants are subject to personal jurisdiction in this District and because the events giving rise to Plaintiff's claims occurred in this District.

18.     In addition, venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendants' improper conduct alleged in this complaint was targeted towards this judicial district.

## STATEMENT OF FACTS

### A.  Cryptocurrency, Crypto Exchanges And SEC

19.     While cryptocurrency and crypto exchanges are undergoing regulatory change, the laws are well established when it comes to unfairly hurting competitors that lead to a cascading effect of hurting consumers.

20.     Despite the crypto industry's cries for "regulatory clarity," the SEC's stance on cryptocurrency has been clear and consistent from the beginning. Critics of the SEC's stance toward cryptocurrency overlook an important aspect of U.S. securities law – securities regulation is not meant to be precise but is instead intentionally drafted to be broad and all-encompassing; clarity is not just

uncommon; it is deliberately avoided. This is why the definitions of "security" in Section 2(a)(1) of the Securities Act of 1933 (Securities Act), 15 U.S.C. 77b(a)(1), and Section 3(a)(10) of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. 78c(a)(10), include not only conventional securities, such as "stock[s]" and "bond[s]," but also the more general term "investment contract."

21.    Along these lines, in *Reves v. Ernst & Young*, the Supreme Court stated that:

> "The fundamental purpose undergirding the Securities Acts is 'to eliminate serious abuses in a largely unregulated securities market.' *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 421 U.S. 849 (1975). **In defining the scope of the market that it wished to regulate, Congress painted with a broad brush. It recognized the virtually limitless scope of human ingenuity, especially in the creation of 'countless and variable schemes devised by those who seek the use of the money of others on the promise of profits,** *SEC v. W.J. Howey Co*., 328 U.S. 293, 328 U.S. 299 (1946), and determined that the best way to achieve its goal of protecting investors was 'to define the term "security" in sufficiently broad and general terms so as to include within that definition the many types of instruments that in our commercial world fall within the ordinary concept of a security.' . . . Congress therefore did not attempt precisely to cabin the scope of the Securities Acts . . . Rather, it enacted a definition of 'security' sufficiently broad to encompass virtually any instrument that might be sold as an investment." (emphasis added).

22.    Crafted to contemplate not only known securities arrangements at the time, but also any prospective instruments created by those who seek the use of others' money on the promise of profits, the definition of "security" is broad, sweeping, and designed to be flexible to capture new instruments that share the common characteristics of stocks and bonds. As Supreme Court Justice (and former SEC Commissioner (1935) and Chair (1936-37)) William O. Douglas opined in *Superintendent of Insurance v. Bankers Life and Casualty Co*.:

> "We believe that section 10(b) and Rule 10b-5 prohibit all fraudulent schemes in connection with the purchase or sale of securities, whether the artifices employed involve a garden type variety fraud, or present a unique form of deception. Novel or atypical methods should not provide immunity from the securities laws."

23.    Federal courts have already confirmed the SEC's jurisdiction in numerous crypto-related emergency asset freeze hearings where the issue is always considered and affirmed, same as it has been by hundreds of federal courts across the country since the *Howey* Decision, which the Supreme Court adopted over 75 years ago.  *SEC v. W. J. Howey Co.*, 328 U.S. 293, 66 S. Ct. 1100 (1946). That decision resulted

in the *Howey* Test, which is used to determine the presence of an investment contract. The *Howey* Test stipulates that an investment contract exists if there is an "investment of money in a common enterprise with a security.

24.     The SEC has used multiple distribution channels to share its message and concerns regarding crypto, digital trading platforms, initial coin offerings, and other digital asset products and services over the past decade.  The SEC applied the *Howey Test* to the Decentralized Autonomous Organization ("DAO") crypto tokens and concluded they were securities under the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act").  Subsequent cases have confirmed this interpretation for other cryptocurrencies as well.

**B.  Binance Is FTX Entities Competitor And Zhao Had Rivalry with FTX's CEO**

25.     Zhao and Binance have openly acknowledged their rivalry and animosity towards FTX Entities and its founders for their regulatory efforts.  (Exhibit 3.) When an opportunity to hurt FTX Entities arose, Zhao did not hesitate to trigger the collapse of FTX Entities stock in the market.  Zhao's vendetta has hurt Plaintiff and the Class.

26.     After the collapse of FTX Entities, Binance is now ranked as top (first) crypto exchange with an increased market share of 62.1%.  (Exhibit 4.)  Before its collapse, FTX was ranked third after Binance and Coinbase.  (Exhibit 5.)

**C.  Binance And Zhao Made Materially False And Misleading Statements**

27.     On Sunday November 6, 2022, Zhao tweeted, "Due to recent revelations that have came [sic] to light, we have decided to liquidate any remaining FTT on our books."  This statement was false and misleading because Binance had already sold and moved 23 million FTT (worth approximately $530 million) before making this statement.  This statement was intentionally misleading and intended to cause the price of FTT in the market to decline.

28.     Zhao was able to generate the intended effect of declining and triggering the decline in the price of FTT.  Zhao's tweet caused the price of FTT to decline 14% over a 24-hour period.  Zhao tweeted "We are not against anyone'". But in the same post he added: "***But we won't support people who lobby against other industry players behind their backs***."

29.     Zhao realizing his power over the market and influence his tweets had on the price of FTT, decides to play the market some more.  In an attempt to bait the market, Zhao tweets a proposal of acquiring FTX Entities.  On Tuesday, November 7, 2022, Zhao tweeted, "There is a significant liquidity crunch. To protect users, we signed a non-binding [letter of intent], intending to fully acquire FTX.com." On information and belief and inference based on subsequent actions, Zhao never had a good faith intention to actually acquire FTX Entities.

30.     Through the FTX Entities non-binding letter of intent, Zhao implied to the market that he had confidential information from FTX Entities as to its internal operations and accounting and was allegedly working with FTX Entities' executives.  The market responded with crypto currency token FTT price stabilizing and increasing to USD 23.1510.  (Exhibit 11, Historical data of price of FTX from Yahoo Finance.)

31.     On Wednesday, November 8, 2022, with the market perception that Zhao and Binance are armed with confidential information, Zhao suddenly pulled back with an emoji of tears, clearly crocodile tears, under the circumstances.



Case No.

**CLASS ACTION COMPLAINT**

32.    Zhao publicly disseminated this information on twitter and other social media platforms to hurt FTX Entities that ultimately lead to a rushed and unprecedented collapse of FTX Entities.  FTX Entities and its Board of Directors were unable to avoid this collapse in the market before FTX Entities' bankruptcy filings.  Zhao showed no qualms about publicly tweeting to hurt FTX Entities.

33.    Zhao's tweet resulted in FTT price declining from US 23.1510 to US 3.1468.  This significant drop plummeted FTX Entities into bankruptcy without giving an opportunity or chance to FTX Entities' executives and board of directors a chance to salvage the situation and put in safe guards to protect its clients and end-users.

34.    As alleged herein, Defendants acted with scienter in that Defendants knew, or recklessly disregarded, that the public statements they issued and disseminated to the investing public in the name of Binance, or in their own name, were materially false and misleading. Defendants knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements as primary violations of the federal securities laws. Defendants, by virtue of their receipt of information reflecting the true facts regarding FTX Entities for its potential acquisition, and their control over and/or receipt of such material information, were active and culpable participants in the fraudulent scheme alleged herein.

35.    Defendants knew and recklessly disregarded the false and misleading nature of the information they caused to be disseminated to the investing public. The fraudulent scheme described herein could not have been perpetuated during the Class Period without the knowledge and complicity of, or at least the reckless disregard by, personnel at the highest levels of Binance, including the individual Defendant Zhao.

36.    Zhao because of his position with Binance, controlled the contents of Binance's public statements during the Class Period and was intimately involved in negotiating, evaluating, consummating, and ultimately terminating the FTX Entities acquisition. Zhao was provided with or had access to the information alleged herein to be false and misleading prior to or shortly before FTX Entities' November 8th decline and had the ability and opportunity to prevent it or cause it to be corrected. Because of his position and access to material, non-public information, Zhao knew or recklessly disregarded that playing the market plummeted FTX Entities when he had no intention to acquire FTX Entities in the first place.

**CLASS ACTION COMPLAINT**

37.     Zhao had already secured Binance's own assets by selling FTT before playing with the market and making any tweets.  Zhao had openly acknowledged that he did not support FTX Entities and its executives because of their lobbying efforts to regulate the cryptocurrency.  Defendants' bait and switch within a day caused FTT price to plummet and ultimately was the proximate cause of its hastened bankruptcy.  FTX Entities' board was also not able to put in safe-guards in time to protect its clients and end-users.

**D.  Unfairly Hurting FTX Entities, Has Helped Binance**

38.     Binance did a classic bait and switch to hurt FTX Entities.  (Exhibit 8). It originally signed a letter of intent to acquire FTX Entities.  (*Id.*) Within a day, Zhao tweeted that they would not be doing so.  (*Id.*)  Zhao played with the market volatility and publicly tweeting information appearing to be based on FTX Entities' confidential information.  It became clear that Zhao never had any intention to go through the deal to save FTX Entities.  (Exhibit 3.)

39.     Zhao and Defendants had a strong financial incentive to trigger the downfall of FTX Entities to remove competition and gain control on the lobbying efforts in the US for cryptocurrency.

40.     "Binance makes up more of the crypto derivatives market than ever, thanks to a ***four-month hot streak following the collapse of rival FTX***."  https://blockworks.co/news/binance-crypto-market-share-ftx last visited July 25, 2023.  (Exhibits 6-7).

41.     After eliminating FTX Entities and FTX's CEO's influence on the regulatory world, Zhao became the most powerful and the top influential person in the crypto world.  (Exhibits 6, 10).

42.     Binance's profit and glory comes at the cost of hurting US consumers who were using the FTX trading platforms.  (Exhibits 9-10.)

43.     At all relevant times, the market for FTT was an efficient market for the following reasons, among others: (a) FTX trading platforms were among the leading platforms for cryptocurrency exchange with over 1.2 million users.  (Exhibit 12); (b) $10 billion trading volume in June 2021 (*Id.*); (c) over $1 billion in revenue (*Id.*); (d) $388 million in net income the year before.  (*Id.*); (e) its clients and end-users are technologically savvy users who follow cryptocurrency trends and tweets on social-media and twitter as shown by the immediate impact of Zhao and Defendants' tweets.

44.     A presumption of reliance is also appropriate in this action under the Supreme Court's

holding in *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), because Plaintiff's claims are

based, in significant part, on Defendants' material omissions as to the timing of actual sale of its FTX

assets and truthful intentions as to FTX's acquisition.

45.     During the Class Period, as detailed herein, Defendants made false and misleading

statements and engaged in a scheme to deceive the market and a course of conduct that artificially deflated

and then stabilized the price of FTX and operated as a fraud or deceit on FTX trading platforms users by

misrepresenting its sale of FTX assets and its intentions regarding FTX acquisition. As Defendants'

misrepresentations and fraudulent conduct became apparent to the market, the price of FTT fell

precipitously as the prior artificial stabilization came out of the Defendants sale of FTX. As a result of

Defendants' sale of FTT and bait and switch of potential FTX acquisition during the Class Period, Plaintiff

and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

### CLASS ALLEGATIONS

46.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of

himself and the following proposed "Nationwide Class":

> All persons or entities in the United States, who, within the applicable
> statute of limitations period, had any fiat or cryptocurrency deposited or invested
> through an FTX trading platform during the time period of volatility starting
> before November 6, 2022 and ending after November 8, 2022.

47.     Plaintiff also seeks to represent the following "California Sub-Class":

> All persons or entities in the state of California, who, within the applicable
> statute of limitations period, had any fiat or cryptocurrency deposited or invested
> through an FTX trading platform during the time period of volatility starting
> before November 6, 2022 and ending after November 8, 2022.

48.     The Nationwide Class and the California Sub-Class will be referred to collectively as the

"Class."

49.     Excluded from the proposed class are Defendants and its affiliates, its employees, officers,

directors, legal representatives, heirs, successors, subsidiaries and affiliates, and the judicial officers and

their immediate family members and associated court staff assigned to this case, as well as all persons who

make a timely election to be excluded from the proposed class.

Case No.

**CLASS ACTION COMPLAINT**

50.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes, or to include additional classes or subclasses, before or after the Court determines whether such certification is appropriate as discovery progresses.

51.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence they would use to prove those elements in individual action alleging the same claims.

52.     This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification, in that Plaintiff can demonstrate the elements delineated below.

53.     <u>Numerosity</u>. The members of the proposed Class are so numerous and geographically dispersed that individual joinder of all proposed class members is impracticable. *See* Fed. R. Civ. P. 23(a)(1).  While Plaintiff believes that there are thousands of members of the proposed class, the precise number of Class members is unknown, but may be ascertained from self-identification with proof of an account on a FTX trading platform.

54.     Class members may be notified of the pendency of this action by recognized, court approved notice dissemination methods, which may include U.S. mail, e-mail, internet postings, and/or published notice.

55.     <u>Commonality and Predominance.</u> This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. *See* Fed. R. Civ. P. 23(a)(2) and (b)(3). These include, without limitation:

        a.     Whether previous ownership of competitor's stock allowed Defendants to create volatility that accelerated FTX Entities' bankruptcy;

        b.     Whether Defendants and Zhao had any good-faith intention to buy FTX Entities or whether they manipulated the press releases around the same;

        c.     Whether Plaintiff and members of the Class are injured and harmed directly by Defendants' directly influencing the market through tweets and social media press releases;

        d.     Whether Plaintiff and members of the Class are entitled to damages due to Defendants' conduct as alleged in this Complaint, and if so, in what amounts;

56. <u>Typicality.</u> Plaintiff's claims are typical of the putative class members' claims because, among other things, all such Class members were comparably injured through Defendants' wrongful conduct as described above. *See* Fed. R. Civ. P. 23(a)(3). Defendants' manipulation and influencing the market and its subsequent impact on FTX Entities is uniform for all, Plaintiff and Class Members.

57. <u>Adequacy.</u> Plaintiff is adequate proposed class representative because his interests do not conflict with the interests of the other members of the proposed Class they seek to represent; because he has retained counsel competent and experienced in complex class action litigation; and because they intend to prosecute this action vigorously. The interests of the proposed class will be fairly and adequately protected by Plaintiff and their counsel. *See* Fed. R. Civ. P. 23(a)(4).

58. <u>Superiority.</u> A class is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and putative Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the proposed Classes to individually seek redress for Defendants' wrongful conduct.

59. Applying the principles of equity or balance of equities, expecting an individual Plaintiff who is at a disadvantage with limited resources and spending capacity, and with minimal negotiating power, if any, to litigate claims against Defendants, a billion-dollar corporation that has immense resources and deep pockets would be unfair. Class actions are a necessary and essential means to provide for public-interest litigations with checks and balances to curtail the growing power of private corporations including Defendants.

60. In the interest of public policy and recent trends of consumer protection concerns including safeguarding the use of the internet and manipulation of public interests through social media, the Court should recognize the right of Plaintiff and Class Members to get compensated triggered by the actions of Defendants. Laws protecting securities are equally applicable to cryptocurrency platforms.

61. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system. By contrast, the class action device presents far

fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. *See* Fed. R. Civ. P. 23(b)(3).

**VIOLATIONS ALLEGED**

**COUNT I**

**VIOLATION OF §10(b) OF THE EXCHANGE ACT t [15 U.S.C. § 78j(b)] AND VIOLATION OF SEC 10(b)(5) [17 C.F.R. § 240.10b-5]**

62.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 61, above.

63.     During the Class Period, Defendants knowingly or recklessly made false and misleading statements and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

64.     Defendants violated §10(b) of the Exchange Act and SEC Rule 10b-5 in that they:

(a) employed devices, schemes, and artifices to defraud;

(b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their sale of FTX assets and bait and switch on potential acquisition of FTX Entities during the Class Period.

65.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, their assets in the FTX trading platforms were artificially frozen and when FTX price deflated with FTX plummeting into bankruptcy, Plaintiff and Class lost all of their assets in a FTX trading platform. Plaintiff and the Class would have been able to safeguard their cryptocurrency assets in the FTX trading platforms if the market would not have plummeted so rapidly within hours artificially and falsely by Defendants' false and misleading statements and fraudulent scheme of bait and switch.

**COUNT II**

**VIOLATION OF SEC SECTION 17(a)) [15 U.S.C. § 77q]**

Case No.

**CLASS ACTION COMPLAINT**

66.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 65, above.

67.     By engaging in the conduct described above, Defendants, directly or indirectly, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) With scienter, employed devices, schemes, or artifices to defraud;

(b) Obtained money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c) Engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon purchasers.

68.     By reason of the foregoing, Defendants violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## COUNT III

## VIOLATION OF THE CALIFORNIA'S UNFAIR COMPETITION LAW

## Cal. Bus. & Prof. Code §17200 *et seq.*

69.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 68, above.

70.     The California Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

71.     Defendants' unfair and deceptive practices described herein were likely to mislead – and in fact did mislead – consumers acting reasonably in the circumstances including having cryptocurrency assets on the FTX trading platforms for purchase and sale, depositing, and/or transacting in fiat currency and digital assets with accounts with the FTX Entities.

72.     **Unlawful:** During the Class Period, Defendants publicized and then executed a bait-and-switch of potential FTX acquisition using false and/or misleading claims, such that Defendants' actions as alleged herein violate at least the following laws: (a) Cal. Corp. Code §25504.1.

73. **Fraudulent:** A practice is "fraudulent" under the UCL if members of the general public were or are likely to be deceived. As detailed herein, Defendants' statements regarding, *inter alia*, the bait and switch of potential FTX acquisition and non-viability of the FTX Entities and their own due diligence activities were deceptive to the public.

74. **Unfair**: The UCL gives courts maximum discretion to address improper business practices that are "unfair." Defendants' conduct with respect to the bait-and-switch on potential FTX acquisition while disposing of the their own FTX assets before making public statements is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers in inducing them to purchase, transact, and/or deposit fiat currency and digital assets with accounts with the FTX Entities and the utility of Defendants' conduct, if any, does not remotely outweigh the gravity of the harm to their victims.

75. Plaintiff and the Class would not have lost their fiat currency and digital assets with accounts with the FTX Entities at the prices paid or at all had they known that the statements were misrepresentations and deceptive.

76. Defendants' conduct with respect to the potential acquisition of FTX Entities is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one that consumers can reasonably avoid.

77. The harm suffered by Plaintiff and the Class was directly and proximately caused by the deceptive and unfair practices of Defendants related to the bait and switch of potential acquisition of the FTX Entities, as described herein.

78. In accordance with California Business & Professions Code §17203, on behalf of the Class, Plaintiff seeks an order for the restitution of all monies made from Defendants' investments in or other business dealings with the FTX Entities, which were made resulting from acts of fraudulent, unfair, or unlawful competition as detailed herein.

<u>**COUNT IV**</u>

<u>**VIOLATION OF CAL. CORP. CODE §25504.1.**</u>

79. Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 78, above.

Case No.

**CLASS ACTION COMPLAINT**

80.     California Corporations Code §25504.1 imposes joint and several liability for "[a]ny person who materially assists in any violation of Section 25110 . . . or 25401 . . . with intent to deceive or defraud."

81.     "Materially assisting" in an alleged securities law violation, as defined under California law, may take the form of communicating misrepresentations directly to investors, or otherwise playing a material, facilitating role in the alleged securities law violation.

82.     As alleged herein, Defendants made material misrepresentations and omissions to Plaintiff and Class members regarding, *inter alia*, the non-viability of the potential acquisition of FTX Entities and their own due diligence activities with the intent to deceive and/or defraud investors in order to induce them to plummet FTX trading platforms and associated cryptocurrency FTT issued by the FTX Entities.

83.     In violation of Cal. Corp. Code §25110, Defendants caused the FTX trading platforms and FTX Entities inaccessible to members of the Class.

84.     In addition, Cal. Corp. Code §25401 makes it "unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a security in this state, by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading." Defendants used means and influence on the internet and social-media websites including twitter to plummet FTX trading platforms and fiat currency on the FTX trading platforms by materially false and misleading written and oral communications.

85.     As a result of this assistance, Defendants violated Cal. Corp. Code §25504.1 and Plaintiff and members of the Class sustained damages as described herein.

## COUNT V

## NEGLIGENT MISREPRESENTATION

86.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 85, above.

87.     As detailed herein, Defendants negligently misrepresented certain material facts, including, *inter alia*, regarding the non-viability of the acquisition of the FTX Entities and their own due diligence activities in order to induce lack of confidence in the FTX platforms and convince consumers to sell fiat

currency and digital assets on the FTX trading platforms, thereby decreasing the value of FTX Entities after Defendants' own divestment of investments in the FTX Entities and increasing users on their own trading platforms.

88.   Defendants made these material misrepresentations without reasonable grounds for believing the misrepresented facts to be true.

89.   The representations made by Defendants in connection with the FTX Entities were material and would have been considered by a reasonable consumer in making decisions to engage in any transactions with the FTX Entities.

90.   Plaintiff and the Class justifiably relied on Defendants' statements in that they were caught in the bait of FTX with deposited, and/or transacted fiat currency and digital assets with accounts with the FTX Entities, which they would not have done at the prices paid or at all had they known the true nature of the bait and switch of acquisition of FTX Entities causing volatility on the FTX trading platforms. Plaintiff and the members of the Class transacted, and/or deposited fiat currency and digital assets into accounts with the FTX entities believing that the FTX trading platforms were among the popular cryptocurrency trading platforms that would not show the volatility exhibited that was triggered by the representations made by Defendants.

91.   As a result, Plaintiff and members of the Class were directly and proximately injured by Defendants' negligence by playing the market volatility against FTX Entities, thereby injuring Plaintiff and members of the Class from using the FTX trading platforms.

## COUNT VI

## INTENTIONAL MISREPRESENTATION

92.   Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 91, above.

93.   As detailed herein, Defendants knowingly misrepresented certain material facts, including, *inter alia*, regarding the non-viability of the FTX Entities and their own due diligence activities in order to induce lack of confidence in the FTX platforms and convince consumers to sell fiat currency and digital assets from the FTX platforms, thereby decreasing the value of FTX Entities after Defendants divested their own investments in the FTX Entities.

**CLASS ACTION COMPLAINT**

94.     Defendants made these misrepresentations with knowledge that their statements were materially misleading.

95.     The representations made by Defendants in connection with the FTX Entities were material and would have been considered by a reasonable consumer in making decisions to engage in any transactions with the FTX Entities.

96.     Plaintiff and the Class actually and justifiably relied on Defendants' statements in that they continued deposited, and/or transacted fiat currency and digital assets with accounts with the FTX Entities, which they would not have done at the prices paid or at all had they known the true nature of the bait and switch statements regarding potential acquisition of FTX Entities causing volatility on the FTX trading platforms. Plaintiff and the members of the Class purchased, transacted, and/or deposited fiat currency and digital assets into accounts with the FTX entities believing that the FTX trading platforms were among the popular and stable platforms and would be operated without market volatility that was triggered by Defendants.

97.     As a result, Plaintiff and members of the Class were directly and proximately injured by Defendants' intentional misrepresentations in failing to inform Plaintiff and members of the Class of the true nature of their bait and switch statements regarding potential acquisition of FTX Entities and resulting market volatility that plummeted the operations on the FTX trading platforms.

98.     As a result of Defendants' intentional misrepresentations during the Class Period, Plaintiff and the Class suffered damages, including because they cannot retrieve their fiat currency or digital assets currently in accounts with the FTX platforms as a result of the insolvency of the FTX Entities.

<u>**COUNT VII**</u>

<u>**RESTITUTION OR UNJUST ENRICHMENT**</u>

99.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 98, above.

100.    Through the conduct described herein, Defendant received and retained tangible benefits at the expense of Plaintiff and the Class; including money and assets that Defendant divested from their ownership of the FTX Entities.

101.    Defendants, directly or indirectly, have received and retain an increase in clients and transactions on their own platform because of the demise of the FTX trading platforms and insolvency of the FTX Entities.  Defendants appreciate or have knowledge of said benefits.

102.    Under principles of equity and good conscience, Defendants should not be permitted to retain the revenue it acquired through its unlawful conduct, *i.e.*, increased market share based on plummeting its competitor FTX to insolvency.  All funds, revenues, and benefits Defendants have unjustly received because of its actions rightfully belong to Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgement against Defendants as follows:

A.    Determining that this action is a proper class action, certifying Plaintiff as Class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Class counsel;

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding rescission or a rescissory measure of damages;

D. Disgorgement of Defendants' ill-gotten gains;

F. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

G. Awarding such other and further relief as the Court may deem just and proper.

H.    Award restitution against Defendants for all money to which Plaintiff and the Classes are entitled in equity;

I.    Award Plaintiff and Class Members:

   i.        their reasonable litigation expenses and attorneys' fees;

   ii.       pre- and post-judgment interest, to the extent allowable;

   iii.      restitution, disgorgement and/or other equitable relief as the Court deems proper;

**CLASS ACTION COMPLAINT**

1          iv.          compensatory damages sustained by Plaintiff and all others similarly situated as a

2   result of Defendants' unlawful acts and conduct; and

3          v.          statutory damages; and

4      J.          For such other and further relief as this Court may deem just and proper.

5

6   Dated:  October 2, 2023                    **DEVLIN LAW FIRM, LLC**

7

8                                    By:    /s/ Deepali A. Brahmbhatt
                                        Deepali A. Brahmbhatt

9
                                        Deepali A. Brahmbhatt (SBN 255646)
10                                       Email: dbrahmbhatt@devlinlawfirm.com
                                        DEVLIN LAW FIRM LLC
11                                       3120 Scott Blvd. #13,
                                        Santa Clara, CA 95054
12                                       Telephone:       (650) 254-9805

13                                       Timothy Devlin (*pro hac vice* pending)
                                        Email: tdevlin@devlinlawfirm.com
14                                       Devlin Law Firm LLC
                                        1526 Gilpin Avenue
15                                       Wilmington, DE 19806
                                        Telephone: (302) 449-9010
16
                                        Curtis E. Smolar (SBN 194700)
17                                       Email: curtis@corexlegal.com
                                        Corexlegal PA
18                                       450 Townsend Street, Suite 207
                                        San Francisco, CA 94107
19
                                        *Attorneys for Plaintiff and the Class*
20                                       *Nir Lahav on behalf of himself and all others*
                                        *similarly situated*
21

22

23

24

25

26

27

28

                          **CLASS ACTION COMPLAINT**

1

2                        **DEMAND FOR JURY TRIAL**

3          Plaintiff and the Class Members hereby demand a trial by jury of all issues so triable.

4

5    Dated:  October 2, 2023                **DEVLIN LAW FIRM, LLC**

6

7                                    By:    /s/ Deepali A. Brahmbhatt
                                            Deepali A. Brahmbhatt

8
                                            Deepali A. Brahmbhatt (SBN 255646)
9                                           Email: dbrahmbhatt@devlinlawfirm.com
                                            DEVLIN LAW FIRM LLC
10                                          3120 Scott Blvd. #13,
                                            Santa Clara, CA 95054
11                                          Telephone:       (650) 254-9805

12                                          Timothy Devlin (*pro hac vice* pending)
                                            Email: tdevlin@devlinlawfirm.com
13                                          Devlin Law Firm LLC
                                            1526 Gilpin Avenue
14                                          Wilmington, DE 19806
                                            Telephone: (302) 449-9010
15
                                            Curtis E. Smolar (SBN 194700)
16                                          Email: curtis@corexlegal.com
                                            Corexlegal PA
17                                          450 Townsend Street, Suite 207
                                            San Francisco, CA 94107
18
                                            *Attorneys for Plaintiff and the Class*
19                                          *Nir Lahav on behalf of himself and all others*
                                            *similarly situated*
20

21

22

23

24

25

26

27

28

                                            22                                    Case No.
                                    **CLASS ACTION COMPLAINT**

# EXHIBIT 2
## *Lahav* Docket Sheet

**Query    Reports    Utilities    Help    Log Out**

PRVADR

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:23-cv-05038-TLT

Lahav v. Binance Holdings Limited et al                    Date Filed: 10/02/2023
Assigned to: Judge Trina L Thompson                        Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Securities & Exchange Commission Act    Nature of Suit: 850 Securities/Commodities
                                                           Jurisdiction: Federal Question

## Plaintiff

**Nir Lahav**                              represented by    **Curtis Edward Smolar**
*on behalf of himself and all others similarly*             Core X Legal P.A.
*situated*                                                  450 Townsend Street
                                                            Ste 207
                                                            San Francisco, CA 94107
                                                            415-364-8435
                                                            Email: Curtis@corexlegal.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Timothy Devlin**
                                                            Devlin Law Firm LLC
                                                            1526 Gilpin Avenue
                                                            Wilmington, DE 19806
                                                            (302) 449-9010
                                                            Fax: (302) 353-4251
                                                            Email: tdevlin@devlinlawfirm.com
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Deepali A. Brahmbhatt**
                                                            Devlin Law Firm LLC
                                                            3120 Scott Boulevard, #13
                                                            Santa Clara, CA 95054
                                                            (650) 254-9805
                                                            Email: dbrahmbhatt@devlinlawfirm.com
                                                            *ATTORNEY TO BE NOTICED*

V.

## Defendant

**Binance Holdings Limited**               represented by    **Daniel John Tyukody**
                                                            Greenberg Traurig, P.A
                                                            1840 Century Park East, Suite 1900
                                                            Los Angeles, CA 90067-2121
                                                            310-586-7700
                                                            Fax: 310-586-7800

CAND-ECF

Email: tyukodyd@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Linhardt**
Greenberg Traurig, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
310-586-7822
Email: linhardta@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BAM Trading Services Inc.**                 represented by **Adam Michael Foslid**
Winston & Strawn LLP
200 S. Biscayne Boulevard
Suite 2400
Miami, FL 33131
305-910-0646
Fax: 305-910-0505
Email: afoslid@winston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tramel Stabile**
Winston & Strawn LLP
200 S. Biscayne Boulevard
Suite 2400
Miami, FL 33131
305-379-9139
Fax: 305-910-0505
Email: dstabile@winston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Steinfeld**
Winston & Strawn/Chicago
333 South Grand Avenue
Ste 38th Floor
Los Angeles
Los Angeles, CA 90071
213-615-1960
Fax: 213-615-1750
Email: jlsteinfeld@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thania Charmani**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166

212-294-4659
Fax: 212-294-4700
Email: acharmani@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BAM Management US Holdings Inc.**          represented by **Adam Michael Foslid**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tramel Stabile**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Steinfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thania Charmani**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Changpeng Zhao**          represented by **Daniel John Tyukody**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Linhardt**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2023 | 1 | COMPLAINT *(Class Action)* against All Defendants ( Filing fee $ 402, receipt number ACANDC-18697884.). Filed byNir Lahav. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Exhibit 10, # 16 Exhibit 11, # 17 Exhibit 12)(Brahmbhatt, Deepali) (Filed on 10/2/2023) (Entered: 10/02/2023) |
| 10/02/2023 | 2 | Case assigned to Magistrate Judge Peter H Kang.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. |

| | | |
|---|---|---|
| | | Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 10/16/2023. (sec, COURT STAFF) (Filed on 10/2/2023) (Entered: 10/02/2023) |
| 10/03/2023 | [3] | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Trina L Thompson for all further proceedings. Magistrate Judge Peter H Kang no longer assigned to case,. Signed by Clerk on 10/3/2023. (ark, COURT STAFF) (Filed on 10/3/2023) (Entered: 10/03/2023)** |
| 10/03/2023 | 4 | CLERKS NOTICE - REASSIGNED CASE - NOTICE OF NEW HEARING DATE: You are notified that the Court has scheduled an Initial Case Management Conference before Judge Trina L. Thompson upon reassignment. For a copy of Judge Thompson's Standing Order and other information, please refer to the Court's website at www.cand.uscourts.gov.<br><br>Initial Case Management Conference set for 1/4/2024 at 2:00 PM in San Francisco - Videoconference Only. This proceeding will be held via a Zoom webinar. Joint Case Management Statement due by 12/28/2023.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/trina-l-thompson/<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rfm, COURT USER) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/03/2023 | | Electronic filing error. This filing will not be processed by the clerks office.Please re-file in its entirety.Incorrect PDF attached. [err201]. Submit one proposed summons listing all defendants. Use the event Proposed Order. Attach additional pages if needed. Re: [1] Complaint, filed by Nir Lahav (hdj, COURT STAFF) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/03/2023 | [5] | **INITIAL CASE MANAGEMENT SCHEDULING ORDER SEC CLASS ACTION (hdj, COURT STAFF) (Filed on 10/3/2023) (Entered: 10/03/2023)** |
| 10/03/2023 | [6] | Proposed Order re [1] Complaint, *(Summons)* by Nir Lahav. (Brahmbhatt, Deepali) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/03/2023 | [7] | MOTION for leave to appear in Pro Hac Vice *Timothy Devlin* ( Filing fee $ 317, receipt number ACANDC-18703624.) filed by Nir Lahav. (Devlin, Timothy) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/03/2023 | [8] | CERTIFICATE of Counsel re [1] Complaint, *And Certificate of Plaintiff re [1] Complaint* by Deepali A. Brahmbhatt on behalf of Nir Lahav (Brahmbhatt, Deepali) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/03/2023 | [9] | MOTION for leave to appear in Pro Hac Vice *(CORRECTED)* ( Filing fee $ 317, receipt number ACANDC-18703624.) Filing fee previously paid on 10/3/2023 filed by Nir Lahav. |

| | | (Devlin, Timothy) (Filed on 10/3/2023) (Entered: 10/03/2023) |
|---|---|---|
| 10/04/2023 | 10 | **ORDER GRANTING 9 MOTION for leave to appear in Pro Hac Vice** *(CORRECTED)* **as to Timothy Devlin.. Signed by Judge Trina L. Thompson on 10/4/2023. (rfm, COURT USER) (Filed on 10/4/2023) (Entered: 10/04/2023)** |
| 10/05/2023 | 11 | Summons Issued as to BAM Management US Holdings Inc., BAM Trading Services Inc., Binance Holdings Limited, Changpeng Zhao. (hdj, COURT STAFF) (Filed on 10/5/2023) (Entered: 10/05/2023) |
| 10/06/2023 | 12 | SUMMONS Returned Executed by Nir Lahav. BAM Trading Services Inc. served on 10/6/2023, answer due 10/27/2023. (Brahmbhatt, Deepali) (Filed on 10/6/2023) (Entered: 10/06/2023) |
| 10/06/2023 | 13 | SUMMONS Returned Executed by Nir Lahav. BAM Management US Holdings Inc. served on 10/6/2023, answer due 10/27/2023. (Brahmbhatt, Deepali) (Filed on 10/6/2023) (Entered: 10/06/2023) |
| 10/23/2023 | 14 | NOTICE by Nir Lahav *Civil L.R. 23-1(a)* (Attachments: # 1 Exhibit A)(Brahmbhatt, Deepali) (Filed on 10/23/2023) (Entered: 10/23/2023) |
| 10/26/2023 | 15 | WAIVER OF SERVICE Returned Executed filed by Nir Lahav. Service waived by Changpeng Zhao waiver sent on 10/20/2023, answer due 1/18/2024. (Brahmbhatt, Deepali) (Filed on 10/26/2023) (Entered: 10/26/2023) |
| 10/26/2023 | 16 | WAIVER OF SERVICE Returned Executed filed by Nir Lahav. Service waived by Binance Holdings Limited waiver sent on 10/20/2023, answer due 1/18/2024. (Brahmbhatt, Deepali) (Filed on 10/26/2023) (Entered: 10/26/2023) |
| 10/26/2023 | 17 | NOTICE of Appearance by Jeffrey Steinfeld *for Defendants BAM Trading Services, Inc. and BAM Management US Holdings, Inc.* (Steinfeld, Jeffrey) (Filed on 10/26/2023) (Entered: 10/26/2023) |
| 10/26/2023 | 18 | MOTION for leave to appear in Pro Hac Vice *by Adam M. Foslid* ( Filing fee $ 317, receipt number ACANDC-18780753.) filed by BAM Management US Holdings Inc., BAM Trading Services Inc.. (Foslid, Adam) (Filed on 10/26/2023) (Entered: 10/26/2023) |
| 10/26/2023 | 19 | MOTION for leave to appear in Pro Hac Vice *by Daniel Tramel Stabile* ( Filing fee $ 317, receipt number ACANDC-18780788.) filed by BAM Management US Holdings Inc., BAM Trading Services Inc.. (Stabile, Daniel) (Filed on 10/26/2023) (Entered: 10/26/2023) |
| 10/26/2023 | 20 | STIPULATION WITH PROPOSED ORDER *Extending Deadlines To Respond To Complaint* filed by Nir Lahav. (Brahmbhatt, Deepali) (Filed on 10/26/2023) (Entered: 10/26/2023) |
| 10/27/2023 | 21 | MOTION for leave to appear in Pro Hac Vice *by Thania Charmani* ( Filing fee $ 317, receipt number ACANDC-18782948.) filed by BAM Management US Holdings Inc., BAM Trading Services Inc.. (Charmani, Thania) (Filed on 10/27/2023) (Entered: 10/27/2023) |
| 10/27/2023 | 22 | Certificate of Interested Entities by BAM Management US Holdings Inc., BAM Trading Services Inc. (Steinfeld, Jeffrey) (Filed on 10/27/2023) (Entered: 10/27/2023) |
| 10/30/2023 | 23 | **ORDER GRANTING 20 STIPULATION TO SET COORDINATED BRIEFING SCHEDULE; ORDER. Signed by Judge Trina L Thompson on 10/30/2023. (rfm, COURT USER) (Filed on 10/30/2023) (Entered: 10/30/2023)** |
| 10/30/2023 | 24 | **Order GRANTING 18 Motion for Pro Hac Vice as to Adam M. Foslid. Signed by Judge Trina L Thompson on 10/30/2023. (rfm, COURT USER) (Filed on 10/30/2023) (Entered: 10/30/2023)** |

| 10/30/2023 | 25 | **Order GRANTING 19 Motion for Pro Hac Vice as to Daniel Tramel Stabile. Signed by Judge Trina L Thompson on 10/30/2023.(rfm, COURT USER) (Filed on 10/30/2023) (Entered: 10/30/2023)** |
|---|---|---|
| 10/30/2023 | 26 | **Order GRANTING 21 Motion for Pro Hac Vice as to Thania (Athanasia) Charmani. Signed by Judge Trina L Thompson on 10/30/2023. (rfm, COURT USER) (Filed on 10/30/2023) (Entered: 10/30/2023)** |
| 12/04/2023 | 27 | NOTICE of Appearance by Daniel John Tyukody , *Attorneys for Defendants Binance Holdings Limited and Changpeng Zhao* (Tyukody, Daniel) (Filed on 12/4/2023) (Entered: 12/04/2023) |
| 12/04/2023 | 28 | NOTICE of Appearance by Alex Linhardt , *Attorneys for Defendants Binance Holdings Limited and Changpeng Zhao* (Linhardt, Alex) (Filed on 12/4/2023) (Entered: 12/04/2023) |
| 12/04/2023 | 29 | MOTION to Appoint Lead Plaintiff and Lead Counsel filed by Nir Lahav. Motion Hearing set for 12/19/2023 02:00 PM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson. Responses due by 12/11/2023. Replies due by 12/18/2023. (Attachments: # 1 Declaration Brahmbhatt, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order Appointing Lead Plaintiff and Class Counsel)(Brahmbhatt, Deepali) (Filed on 12/4/2023) (Entered: 12/04/2023) |
| 12/06/2023 | 30 | CLERK'S NOTICE Continuing Motion Hearing as to 29 MOTION to Appoint Lead Plaintiff and Lead Counsel . <br><br> Motion Hearing set for 12/19/2023 is re-set for 3/26/2024 at 2:00 PM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson. <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rfm, COURT USER) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/19/2023 | 31 | Renotice motion hearing *with corrected Class Definition as defined in the Complaint* filed byNir Lahav. (Brahmbhatt, Deepali) (Filed on 12/19/2023) (Entered: 12/19/2023) |
| 12/19/2023 | 32 | Renotice motion hearing re 29 MOTION to Appoint Lead Plaintiff and Lead Counsel *with corrected Class Definition as defined in the Complaint* filed byNir Lahav. (Related document(s) 29 ) (Brahmbhatt, Deepali) (Filed on 12/19/2023) (Entered: 12/19/2023) |
| 12/26/2023 | 33 | STIPULATION WITH PROPOSED ORDER *to Continue Initial Case Management Conference* filed by Binance Holdings Limited. (Tyukody, Daniel) (Filed on 12/26/2023) (Entered: 12/26/2023) |
| 12/28/2023 | 34 | **ORDER re STIPULATION: The parties agreed to continue their initial case management conference scheduled for January 4, 2024. The parties' request is DENIED. The parties shall submit their joint case management statement by January 2, 2024. Signed by Judge Trina L. Thompson on December 28, 2023. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tltlc3, COURT STAFF) (Filed on 12/28/2023) (Entered: 12/28/2023)** |
| 01/02/2024 | 35 | Certificate of Interested Entities by Binance Holdings Limited, Changpeng Zhao identifying Corporate Parent Binance Holdings Limited for Binance Holdings Limited, Changpeng Zhao. (Linhardt, Alex) (Filed on 1/2/2024) (Entered: 01/02/2024) |
| 01/02/2024 | 36 | CASE MANAGEMENT STATEMENT *Joint Statement* filed by Nir Lahav. (Brahmbhatt, Deepali) (Filed on 1/2/2024) (Entered: 01/02/2024) |
| 01/04/2024 | 37 | **Minute Entry for proceedings held before Judge Trina L Thompson: Initial Case Management Conference held on 1/4/2024.** |

CAND-ECF

| | | |
|---|---|---|
| | | Case referred to Private ADR to be completed by 9/22/2025.<br>**Jury Selection and Trial set for 3/9/2026 at 8:30 AM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson.**<br>**Final Pretrial Conference set for 2/5/2026 at 3:00 PM in San Francisco, Courtroom 09, 19th Floor. Joint Pretrial Statement with Objections due by 1/22/2026.**<br>**Dispositive Motion Hearing set for 1/6/2026 at 2:00 PM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson. Dispositive Motion due by 12/2/2025.**<br>**Close of Expert Discovery is 11/3/2025.**<br>**Rebuttal Reports due by 10/13/2025.**<br>**Opening Reports due by 9/22/2025.**<br>**Close of Fact Discovery is 8/25/2025.**<br><br>**Further Case Management Conference set for 7/11/2024 at 2:00 PM in San Francisco - Videoconference Only. Joint Case Management Statement due by 7/5/2024.**<br><br>**Class Certification Motions due by 7/8/2024.**<br><br>**Amended Pleadings due by 4/2/2024.**<br><br>**Scheduling Order to be issued.**<br><br>**Total Time in Court: 18 minutes.**<br>**Court Reporter: Not reported.**<br>**Plaintiff Attorney: Timothy Devlin, Curtis Smolar, Deepalli Brahmbhatt.**<br>**Defendant Attorney: Jeffrey Steinfeld, Daniel Tyukody.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(rfm, COURT USER) (Date Filed: 1/4/2024) (Entered: 01/05/2024)** |
| 01/04/2024 | | CASE REFERRED to Private ADR. (af, COURT STAFF) (Filed on 1/4/2024) (Entered: 01/05/2024) |
| 01/05/2024 | <u>38</u> | **CASE MANAGEMENT AND SCHEDULING ORDER. Signed by Judge Trina L. Thompson on 1/4/2024.**<br><br>**Class Certification Motion Hearing set for 9/24/2024 at 2:00 PM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson.**<br><br>**(rfm, COURT USER) (Filed on 1/5/2024) (Entered: 01/05/2024)** |

| | |
|---|---|
| **PACER Service Center** | |
| **Transaction Receipt** | |
| 01/24/2024 16:02:22 | |
| **PACER Login:** gabplasencia | **Client Code:** 900005.00145-21170 |
| **Description:** Docket Report | **Search Criteria:** 3:23-cv-05038-TLT |
| **Billable Pages:** 6 | **Cost:** 0.60 |