BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: FTX Cryptocurrency Exchange Collapse Litigation | MDL Docket 3076 |

**MDL PLAINTIFFS' OPPOSITION TO MOTIONS TO VACATE CONDITIONAL TRANSFER ORDER DATED JANUARY 3, 2024 (CTO-4)**

Plaintiffs in the *In Re FTX* MDL, No. 3076 ("MDL Plaintiffs") filed a Notice of Potential Tag-Along Actions with respect to *Lahav v. Binance Holdings Ltd. et al.*, N.D. Cal., Case No. 3:23-cv-05038-TLT (the "*Lahav* Action"). ECF No. 229. The Panel Clerk issued CTO-4, which would transfer the *Lahav* Action to the Southern District of Florida for consolidation into MDL No. 3076, *In re: FTX Cryptocurrency Exchange Collapse Litigation*, 1:23-md-03076-KMM (S.D. Fla.) (Moore, J.) (the "FTX MDL"). The MDL Plaintiffs hereby oppose Defendants BAM Trading Services Inc. and BAM Management US Holding Inc.'s Motion to Vacate Conditional Transfer Order Dated January 3, 2024 (CTO-4), ECF No. 255, and Plaintiff Nir Lahav's Motion to Vacate Conditional Transfer Order (CTO-4), ECF No. 249.[1]

The *Lahav* Action is against Binance but it is not about Binance. Like the other actions that have already been consolidated in the FTX MDL, it is about the collapse of the FTX cryptocurrency exchange. For the purposes of the *Lahav* Action, Binance is another defendant among many who contributed to the downfall of FTX and contributed to the resulting injuries to FTX consumers. As this Panel has already twice ordered, "centralization was warranted for actions concerning the collapse of the FTX cryptocurrency exchange and the ensuing losses suffered by depositors and investors." *See In re FTX Cryptocurrency Exchange Collapse Litig.*, MDL No. 3076, at 1 (J.P.M.L. December 6, 2023) (citing *In re FTX Cryptocurrency Exchange Collapse*

---

[1] Defendants Changpeng Zhao and Binance Holdings Limited have not taken a position on transfer.

1

*Litig.*, __ F. Supp. 3d __, 2023 WL 3829242 (J.P.M.L. June 5, 2023) ("Transfer Order""). The Panel further concluded that "the presence of additional facts is not significant when the actions arise from a common factual core." *Id.* at 2. Like the other actions transferred to the MDL, these conclusions apply to the *Lahav* Action as well. The Binace entities who are defendants in *Lahav* may have contributed in different ways to the collapse of FTX (and the injuries to FTX consumers) than other defendants in the FTX MDL—just as the promoters and auditors who are MDL defendants contributed in different ways. But they all contributed to FTX's downfall and the resultant injuries to customers. As a result, the *Lahav* Action should proceed in the MDL with all of the other claims that have already been consolidated in it. Transferring the *Lahav* Action will prevent unnecessary duplication of litigation, thus preserving party and judicial resources, maximize potential recoveries for the victims, and eliminate potentially conflicting pre-trial rulings. The Panel should deny the Motions to Vacate and transfer the *Lahav* Action to the FTX MDL.

## BACKGROUND

In November 2022, the cryptocurrency exchange platform "FTX" suddenly collapsed. Valued at $32 billion, FTX and its affiliated companies saw their valuation plummet to almost nothing over the span of a mere ten days, and on November 11, 2022 filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose as a result of the calamitous downfall of FTX, principally alleging fraudulent and conspiratorial conduct with regard to the promotion, marketing, auditing, and misappropriation of funds for the FTX platform.

The first class action against FTX was filed in the Southern District of Florida on November 15, 2022, two (2) business days after it was revealed that FTX operated as an alleged

2

fraudulent scheme and sought emergency bankruptcy relief.[2] Extensive expert testimony was presented and all Defendants in *Garrison* were served. Since *Garrison*, additional cases have been filed, including state and federal actions, mainly in Florida and California, against various defendants from the FTX collapse, including accountants, venture capital funds, law firms and FTX insiders. On May 12, 2023, the *Garrison* Court granted Plaintiffs leave to file a 327-page Amended Complaint, [ECF No. 205], which included significant substantive amendments, including newly uncovered information evidencing how FTX's Miami office served as the epicenter for most of the FTX domestic dealings with 3rd parties, as well as adding new parties and new expert analysis.

On June 5, 2023, the Panel ordered the transfer and consolidation of actions arising out of the FTX collapse to the Southern District of Florida and assigned Related Actions that "*arise from a common factual core*" to the Hon. K. Michael Moore under 28 U.S.C. § 1407. Transfer Order, 2023 WL 3829242, at *2–3. The Panel found that "common factual questions" in the actions that were consolidated included "(1) whether FTX executives and their representatives misled customers about FTX's practices for safeguarding customer funds; (2) whether FTX executives and their representatives misrepresented the financial condition of the FTX entities; (3) whether FTX and Alameda executives embezzled customer assets; (4) the existence and scope of a conspiracy; and (5) the nature of FTX products, such as Yield-Bearing Accounts and FTT tokens." *Id.* at *2.

Under Judge Moore's supervision, the FTX MDL has been organized into seven "tracks" to facilitate the efficient management of the litigation, and the FTX MDL Plaintiffs have filed

---

[2] *Garrison v. Bankman-Fried, et al.,* No. 1:22-cv-23753-KMM, ECF No. 192 (S.D. Fla.) (Moore, J.).

Administrative Class Action Complaints against FTX Insiders, Banks, Law Firms, Accountants, Promoters, and Domestic and Multinational Venture Capital Funds. *See* FTX MDL, ECF Nos. 153, 155, 157, 158, 178, 179, 182. These Administrative Class Action Complaints include claims for violations of RICO, state securities and consumer protection laws, civil conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory judgment. Motions to dismiss are pending in the FTX MDL, and the parties recently completed a period of jurisdictional discovery with respect to pending motions to dismiss.

On October 2, 2023, more than a year after *Garrison* in the Southern District of Florida, FTX customer Nir Lahav filed a putative class action in the Northern District of California, styled *Nir Lahav, et al., v. Binance Holdings Ltd., et al.*, Case No. 3:23-cv-05038-TLT, seeking to represent a class of FTX customers who "had any fiat or cryptocurrency deposited or invested through an FTX trading platform during the time period of volatility starting before November 6, 2022 and ending after November 8, 2022." ECF No. 249-4, ¶ 46. The *Lahav* Action includes claims for violations of federal securities law, of the California Unfair Competition Law, of the California securities law and for negligent misrepresentation, intentional misrepresentation, and restitution and unjust enrichment. *See id.*, ¶¶ 62 – 102.

The proposed *Lahav* class is narrower than, and fully subsumed within the class definitions in the several FTX MDL complaints. For instance, the proposed FTX MDL complaint against the Promoters and Digital Creator Defendants seeks to certify an international class and a nationwide class of all FTX customers "who, within the applicable limitations period purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." FTX MDL, ECF No. 179,

4

¶ 752. Similarly, the proposed FTX MDL complaint against the Insiders seeks to certify an international class and a nationwide class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." FTX MDL, ECF No. 178, Insider Complaint ¶ 287. The class definitions in the FTX MDL complaints, including the Promoters and Digital Creators Complaint and the Insiders Complaint, are broader than the proposed class in the *Lahav* Action, which is limited to FTX customers with deposits on the exchange during the period November 6 through November 8, 2022, and who have been unable to withdraw those deposits since. By contrast, the proposed MDL classes include FTX customers who have made deposits at any time on any FTX exchange.

## ARGUMENT

### I.   Transfer of the *Lahav* Action Meets the Standard Set Out in 28 U.S.C. § 1407

The first question before the Panel is whether the *Lahav* Action and the claims in the FTX MDL involve "one or more common questions of fact." 28 U.S.C. § 1407(a). The *Lahav* class is narrower than, and fully subsumed within the class definitions in the FTX MDL complaints. As noted above, the proposed FTX MDL complaint against the Promoters and Digital Creator Defendants seeks to certify an international class and a nationwide class of all FTX customers "who, within the applicable limitations period purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." FTX MDL, ECF No. 179, ¶ 752.[3] Plaintiff Lahav seeks

---

[3] The proposed classes set out in the other MDL administrative complaints are similar. *See, e.g.,* FTX MDL, ECF No. 178, Insider Complaint ¶ 287 (seeking to certify classes of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT").

to represent a class of FTX customers who "had any fiat or cryptocurrency deposited or invested through an FTX trading platform during the time period of volatility starting before November 6, 2022 and ending after November 8, 2022." ECF No. 249-4, ¶ 46. The *Lahav* Action includes claims for violations of federal securities law, of the California Unfair Competition Law, of the California securities law and for negligent misrepresentation, intentional misrepresentation, and restitution and unjust enrichment. *See id.*, ¶¶ 62 – 102. Common factual questions include but are not limited to question pertaining "to the nature of FTX products, such as Yield-Bearing Accounts and FTT tokens" and questions regarding the causes of and damages resulting from FTX's collapse, including the responsibility of the various defendants. *See Transfer Order*, 2023 WL 3829242, at *2–3.

The remaining question for the Panel is whether the transfer of the *Lahav* Action "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). That requirement is more than met as well.

The *Lahav* class definitions are narrower than and thus subsumed within the putative class definitions presented in the FTX MDL. Because the *Lahav* Action and the pending Consolidated Class Action Complaint in the FTX MDL both seek to certify a national and international classes including the same FTX customers, class certification issues that will be addressed by the MDL Court are likely to arise in the *Lahav* Action as well. In addition, given the overlapping factual issues presented in this case, including those pertaining to the nature of financial products sold by FTX and the causes and consequences of FTX's collapse, overlapping merits issues are likely to arise as well. Overlapping discovery is likely as well given this set of overlapping issues. As a result, transfer would serve both the convenience of parties and witnesses and promote the just and

efficient conduct of the litigation, including preventing inconsistent rulings as to overlapping classes.

## II.   None of the *Lahav* Parties Demonstrate that Transfer Is Not Warranted

Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. (together, "BAM"), and Plaintiff Adam Lahav (altogether, "Movants") provides no persuasive reason that the Panel should not transfer the *Lahav* Action. *See* ECF No. 249, 255.

*First*, Movants mistakenly argue that there are no common questions of fact between the *Lahav* Action and because Lahav is premised "solely" on Binance's actions. Defs.' BAM Trading Services Inc. and BAM Management US Holdings Inc.' Mem. in Supp. of Mot. to Vacate CTO-4, ECF NO. 255-1 ("BAM Mot."), at 11; Lahav Br. in Supp. of Mot. to Vacate CTO-4, ECF No. 249-1 ("Lahav Mot."), at 8. In reciting facts that are not relevant to the question before the Panel, BAM Mot. at 11, BAM obscures what is involved in the *Lahav* Action. BAM claims that the *Lahav* Complaint does not "involve" the nature of "FTX products and services such as Yield-Bearing Accounts." But that is simply incorrect: the *Lahav* Complaint necessarily involves and explicitly discusses "Defendants' sale of FTT"—FTX's cryptocurrency. *Lahav* Complaint, ECF No. 249-4, ¶ 45. So do the FTX MDL administrative complaints. As noted above, the proposed class definition in the Promoters Complaint seeks to represent an international and national class of "purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or *purchased FTT*." FTX MDL, ECF No. 179, ¶ 751 (emphasis added). The common legal and factual questions in those actions include "whether the FTX Platform, YBAs and/or FTT were unregistered securities under federal, Florida, California, or other law;" and "whether MDL Defendants' participation and/or actions in FTX's offerings and sales of the FTX Platform, YBAs and/or FTT violate the provisions of applicable securities law." *Id.* ¶ 755.

Moreover, the *Lahav* Action seeks redress under federal securities laws. As the *Lahav* Complaint explains, "As a result of Defendants' sale of FTT and bait and switch of potential FTX acquisition during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws." *Lahav* Complaint, ECF No. 249-4, ¶ 45. In other words, this case also involves questions about whether assets such as FTT qualify as securities under the federal and California securities law. As a result, the actions also involve common questions of causation—what caused the economic damages that were experienced by those who invested money through FTX at various periods of time, including the *Lahav* Defendants and all of the defendants in the FTX MDL.

*Second*, BAM argues that the *Lahav* Action should not be transferred because the actions are "two purported class actions with distinctly separate classes," and because the actions "involve distinct proposed classes and class periods." BAM Mot. at 12, 16 (quoting *In re BMW Reverse Transmission Prod. Liab. Litig.*, 543 F. Supp. 2d 1382–83 (J.P.M.L. 2008)). However, in *In re BMW*, this Panel recognized that "[i]f additional related actions with overlapping putative classes are filed in the future, centralization might be a possibility at that time." *In re BMW*, 543 F. Supp. 2d at 1382. In other words, because the classes in *In re BMW* were non-overlapping, transfer was not appropriate. But here where there *are* "overlapping putative classes," centralization is appropriate now. *Id.*

*Third*, BAM argues that the "limited overlap regarding fall of FTX is insufficient to warrant transfer." BAM Mot. at 13. Most notable is that contrary to BAM's claim elsewhere that there are **no overlapping factual issues**, BAM itself acknowledges here that there is at least *some* "overlap regarding fall of FTX." *Compare id. with id.* at 10 ("There Are No Common Question of Fact…"). In any event, this Panel already recognized that "the presence of additional facts is not significant

when the actions arise from a common factual core." Transfer Order, 2023 WL 3829242, at *2. But BAM grossly understates the extent of the overlap, and as explained above there are sufficient overlapping factual issues to warrant transfer.[4] Finally, to the extent that BAM relies numerous cases that pertain only whether to centralize in the first instance, *see, e.g., In re Auction Rate Sec. Market.*, 581 F. Supp. 2d 1371 (J.P.M.L. 2008), they are immaterial because the Panel has *already* decided to create the FTX MDL and has already transferred numerous cases to the MDL.[5]

*Fourth*, Movants incorrectly claim that simply because *they* oppose transfer—one plaintiff and two out of four defendants—the Panel should decline to transfer the *Lahav* Action. *See* BAM Mot. at 15–16; Lahav Mot. at 9. But they have no such veto power. As an initial matter, BAM misleadingly quotes *In re Student-Athlete Name & Likeness Litig.* to intimate that the position of the plaintiff and defendant is central factor. BAM. Mot. at 15 (quoting *In re: Student-Athlete Name & Likeness Litig.*, 763 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011)). In that case, the Panel confronted a "complex" Section 1407 motion—once again regarding the *initial question of whether to create an MDL*—with a wide array of positions on whether to centralize and where to do so, where the

---

[4] BAM's cases do not provide it any more assistance. For instance, this situation is nothing like *In re Highway Acc. Near Rockville*, which involved only two individual actions regarding a single car crash, where the Panel also understood the consolidation request as an attempt to evade the requirements of personal jurisdiction. 388 F. Supp. 574, 575–76 (J.P.M.L.). Nor is the FTX MDL like *Hurricane Seasons Flood Claims Litig.*, which even BAM recognized involved from damage from "one or another of *several* hurricanes." 325 F. Supp. 3d 1367 (J.P.M.L. 2018) (emphasis added). Here, all Plaintiffs seek redress from the collapse of FTX—not of one of the other cryptocurrency exchanges that have also collapsed.

[5] Lahav also relies solely on *In re USPS Next Generation Delivery Vehicle Acquisitions Program Rec. of Decision Litig.*, to argue that consolidation is not warranted because of the different legal claims among the cases. 640 F. Supp. 3d 1410, 1411 (J.P.M.L. 2022). However, *In re USPS* actually did involve "overlapping facts and legal claims." *Id.* Moreover, the Panel there declined to consolidate cases because of the likely stay of the underlying actions and because they were all based on administrative records—factors irrelevant to the present proceeding. *Id.* at 1411–12.

individual cases were in a variety of different procedural postures.[6] 763 F. Supp. 2d at 1380. In that context, the Panel simply took into account the positions of the various parties—including those parties that seemingly would be most affected by the transfer—in determining whether to create an MDL in the first instance.[7] Here, the Panel has *already* done that and concluded that, taking the variety of positions of the parties into account, centralization in the Southern District of Florida was warranted. *See* Transfer Order, 2023 WL 3829242, at *1 ("Responding plaintiffs' positions on centralization vary. … Responding defendants' positions on centralization also vary considerably… we find that the actions on Schedule A involve common questions of fact, and centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."). Movants do not now have a veto power; they are just one voice among multiple interested parties at this stage of the proceedings.

*Fifth*, Movants argue that centralization is not warranted because there are "no common parties" (BAM Mot. at 16) and because there is no "common defendant" (Lahav Mot. at 4, 6). But once again Lahav and BAM ignore the overlapping proposed classes, with the attendant risk of

---

[6] MDL Plaintiffs explain below why the actions in this case are *not* in meaningfully dissimilar procedural postures.

[7] This case is also nothing like *In re: Prospect Mortg., LLC, Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, where a single defendant sought to centralize 37 actions filed in 37 districts, where *no plaintiffs* supported centralization. 987 F. Supp. 2d 1383 (J.P.M.L. 2013). Here, by contrast, numerous Plaintiffs that have filed actions now consolidated in the FTX MDL support transfer of the *Lahav* Action as well. Nor is this case anything like *In re Westec Corp.*, where the claims in question were already previously intentionally "severed and retained" in the Southern District of New York, while other claims were previously transferred under Section 1404. 307 F. Supp. 559, 562 (J.P.M.L. 1969). Moreover, there "plaintiff's class action claims [were] disallowed thus avoiding any possible class action conflict." *Id.* By contrast, the *Lahav* Action and the FTX MDL are susceptible to conflicts because of the overlapping class definitions.

inconsistent class action rulings.[8] Indeed, *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, on which BAM relies is instructive. 482 F. Supp. 3d 1360, 1362 (J.P.M.L. 2020). There—in considering whether to centralize in the first instance—there were no "no true multi-defendant cases, as the actions involve either a single insurer or insurer-group." *Id.* Unlike that matter, with *distinct* cases against *distinct* insurers, the Panel already recognized justifications for centralizing the many cases in this MDL. Moreover, the Panel there recognized that there *would* be value in centralizing claims against when they would "eliminate inconsistent pretrial rulings with respect to the overlapping nationwide class claims." *Id.* at 1363. Transferring the *Lahav* Action would have that benefit as well. For that reason too, contrary to Movants' position, *see* Lahav Mot. at 6, voluntary coordination will not be sufficient.

*Sixth*, BAM argues that transfer is not warranted because the *Lahav* discovery will focus on Binance CEO Changpeng Zhao. As an initial matter, it is irrelevant that the *Lahav* Action is governed by the PSLRA, with its automatic stay of discovery pending motions to dismiss because Judge Moore has stayed discovery (with exception of jurisdictional discovery) in the FTX MDL pending the resolution of the motions to dismiss as well. FTX MDL, ECF No. 422, at 5 ("Insofar as Plaintiffs request a lift of the discovery stay altogether, such request is denied until the Court adjudicates the outstanding motions to dismiss."). Moreover, to the extent that different discovery is required with respect to Defendant Zhao, that can be handled within the FTX MDL just as discovery against the various MDL defendants will already be handled. To the extent there are

---

[8] As explained above, *see supra* note 7, this case wholly unlike *In re Westec,* on which BAM relies. Moreover, BAM misleadingly cites that Panel's decision in that matter, where the Panel in fact emphasized that the defendants in question were not sued "in the comprehensive action brought by the trustee." 307 F. Supp. at 562. But here there is no single comprehensive action that intentionally excluded the *Lahav* Defendants; there are a variety of related actions, of which the *Lahav* Action is one.

disputes, the Panel has already entrusted Judge Moore to handle them, which he undoubtedly will do with respect to *Lahav* Action if transferred as well. *See* Transfer Order, 2023 WL 3829242, at *3 ("Judge K. Michael Moore, who presides over the actions on the motion in this district, is an experienced transferee judge, and we are confident he will steer this matter on a prudent and expeditious course.").[9]

*Lastly*, Lahav and BAM both argue that transfer is inappropriate because of the "widely varying procedural posture." BAM Mot. at 18; *see also* Lahav Mot. at 5. However, they take the *opposite* positions as to who is "ahead." BAM argues that the MDL is moving faster than the *Lahav* Action—too fast, it says for consolidation. *See* BAM Mot. at 18 (the MDL "has moved expeditiously" but Lahav "is in the very initial stages of litigation"). By contrast, Lahav argues that his action is faster than the MDL—so the MDL is too slow for consolidation. *See* Lahav Mot. at 5 ("[A]n action should not be transferred when *a trial date has been set* and is expected to proceed at a faster pace of completion than the centralized action.").[10] Logically both positions

---

[9] *In re Proton-Pump Inhibitor Prod. Liab. Litig.* may indeed be instructive, but not as BAM claims. 273 F. Supp. 3d 1360, 1362 (J.P.M.L. 2017). First, *In re Proton-Pump* involved different claims against different manufacturers of different proton pumps for causing different diseases. *Id.* at 1361–62. Second, the Panel noted hesitation to centralize litigation against "multiple, competing defendants which marketed, manufactured and sold similar products." *Id.* at 1362. But here the claims are all about FTX—not about different crypto platforms—and to the extent they involve Binance, they are about Binance's actions towards FTX. Indeed, BAM itself claims that the *Lahav* discovery will largely go to Zhao's statements and Binance's actions towards FTX, not about its own platform. For that reason, Lahav's concerns about confidentiality, *see* Lahav Mot. at 5, are misplaced as well. Finally, BAM also misreads the Panel's comment on the number of actions in *In re Proton-Pump*: it's not that the Panel thought that there were *too many* actions as BAM suggests. BAM Mot. at 18 (referring to "sheer number" of action). It's that Panel thought that there were *too few* actions. 273 F. Supp. 3d at 162 (referring to "just fifteen cases and 24 tag-alongs" and discounting the number of *future* filings from its calculus"). In any event, that math is irrelevant to the question of whether to transfer this additional action to the existing FTX MDL.

[10] This appears to be a cryptic reference to the fact that the *Lahav* court set a trial date for March 9, 2026—more than two years from now. *Lahav* Action, ECF No. 38, at 1. Lahav also conveniently omits that the *Lahav* Court set this schedule notwithstanding the parties' *opposition* to the Court

cannot be true—and in fact, neither is correct. While the MDL Plaintiffs agree with BAM that the MDL "has moved expeditiously," the cases are *not* in widely dissimilar postures. In fact, they are both moving forward and in relatively similar postures. With respect to *Lahav*, BAM does not acknowledge that the transferor court entered a case management order required amended pleadings by April 2, 2024, ECF No. 37, over the parties' objections, *see* ECF Nos. 33, 34. With respect to the FTX MDL, motions to dismiss have been filed, the parties have taken jurisdictional discovery as permitted by the MDL Court, and Plaintiffs have a deadline of February 16 to supplement their responses to the motions to dismiss; otherwise, discovery has been stayed pending resolution of the motions to dismiss. *See* FTX MDL, ECF No. 422, at 6. In other words, in both cases discovery is stayed and proceedings regarding the sufficiency of the pleadings remain ongoing. In any event, as noted above, the Panel has entrusted Judge Moore with the management of the FTX MDL, and the FTX MDL will be able to accommodate multiple cases regardless of whether they are in the same precise procedural postures.[11]

In sum, Petitioners have shown that transfer under 28 U.S.C. § 1407(a) is appropriate, and none of the arguments presented by the *Lahav* parties alter that result.

## CONCLUSION

For the reasons set out above, the Panel should deny the Motions to Vacate and transfer the *Lahav* Action to the United States District Court for the Southern District of Florida as part of the consolidated proceedings in MDL No. 3076 now before Judge Moore.

---

holding a case management conference and setting a schedule until *after* resolving the anticipated motions to dismiss *See Lahav* Action, ECF No. 33; *id*., ECF No. 34, at 3.

[11] Lahav also claims that somehow the undersigned counsel's filing is "improper" because of provisions of federal law pertaining to actions against the United States in the Court of Federal Claims or because no class has been certified in the FTX MDL. *See* Lahav Mot. at 9. There is no basis for this inscrutable claim.

Certificate of Service attached.

Respectfully submitted on February 14, 2024,

| **Plaintiffs' Co-Lead Counsel** ||
| --- | --- |
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |