**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

| | |
|---|---|
| DATE OF HEARING SESSION: | **March 28, 2024** |
| LOCATION OF HEARING SESSION: | United States District Court<br>Hollings Judicial Annex<br>Courtroom No. 4, 3rd Floor<br>85 Broad Street<br>Charleston, South Carolina 29401 |

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 4, 2024.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

Tiffaney D. Pete
Clerk of the Panel

cc: Clerk, United States District for the District of South Carolina

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 28, 2024, the Panel will convene a hearing session in Charleston, South Carolina, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
March 28, 2024 -- Charleston, South Carolina

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3097 − **IN RE: CONCRETE AND CEMENT ADDITIVES ANTITRUST LITIGATION**

Motion of plaintiff SMBA Construction, LLC, to transfer the following actions to the United States District Court for the Southern District of New York:

Southern District of New York

SMBA CONSTRUCTION, LLC v. SIKA CORPORATION, ET AL., C.A. No. 1:23−10875

Eastern District of Pennsylvania

M&D PETERSON, LLC v. SIKA AG, ET AL., C.A. No. 2:23−04711
KEYSTONE CONCRETE BLOCK & SUPPLY CO., INC. v. SIKA AG, ET AL., C.A. No. 2:23−04723
LAKEWOOD CONCRETE CORP. v. SIKA AG, ET AL., C.A. No. 2:23−04797
570 CONCRETE, LLC v. SIKA AG, ET AL., C.A. No. 2:23−04845

MDL No. 3098 − **IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of defendants 23andMe, Inc.; 23andMe Pharmacy Holdings, Inc.; and 23andMe Holding Co. to transfer the following actions to the United States District Court for the Northern District of California:

Central District of California

GILL v. 23ANDME, INC., C.A. No. 8:23−02387

Northern District of California

SANTANA, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05147
LAMONS v. 23ANDME, INC., C.A. No. 3:23−05178

ANDRIZZI v. 23ANDME, INC., C.A. No. 3:23−05198
EDEN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05200
J.S., ET AL. v. 23ANDME, INC., ET AL., C.A. No. 3:23−05234
MIRZA v. 23ANDME, INC., C.A. No. 3:23−05259
NAVARRO, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05281
GREENBERG v. 23ANDME, INC., C.A. No. 3:23−05302
FRIEND, ET AL. v. 23ANDME HOLDING CO., C.A. No. 3:23−05323
HOFFMAN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05332
FARMER v. 23ANDME, INC., C.A. No. 3:23−05341
BERMAN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05345
TULCHINSKY v. 23ANDME, INC., C.A. No. 3:23−05369
SEIKEL v. 23ANDME, INC., C.A. No. 3:23−05419
FRALIX v. 23ANDME, INC., C.A. No. 3:23−05439
VELEZ v. 23ANDME, INC., C.A. No. 3:23−05464
ALPERSTEIN, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05541
SMITH v. 23ANDME, INC., C.A. No. 3:23−05548
FURIA v. 23ANDME, INC., C.A. No. 3:23−05565
SCHUTZ, ET AL. v. 23ANDME, INC., C.A. No. 3:23−05579
VICKERY v. 23ANDME, INC., C.A. No. 3:23−05635
SORENSEN v. 23ANDME, INC., C.A. No. 3:23−05677
DOE v. 23ANDME, INC., C.A. No. 3:23−05717
DUBE v. 23ANDME, INC., C.A. No. 3:23−05768
MOLINA v. 23ANDME, INC., C.A. No. 3:23−05779
RYAN v. 23ANDME, INC., C.A. No. 3:23−05968
SCOTT, ET AL. v. 23ANDME HOLDING CO., ET AL., C.A. No. 3:23−05980
RIVERS, ET AL. v. 23ANDME, INC., ET AL., C.A. No. 4:23−06481
IOFFE v. 23ANDME, INC., C.A. No. 5:23−06205

Northern District of Illinois

BACUS v. 23ANDME, INC., C.A. No. 1:23−16828

MDL No. 3099 − **IN RE: COMCAST (NETSCALER CVE-4966) CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiff Kenneth Hasson to transfer the following actions to the United States District Court for the Eastern District of Pennsylvania:

Southern District of Florida

BROWN v. COMCAST CABLE COMMUNICATIONS LLC, ET AL.,
   C.A. No. 0:23−62392
CAREY v. CITRIX SYSTEMS, INC., ET AL., C.A. No. 0:24−60008

Eastern District of Pennsylvania

HASSON v. COMCAST CABLE COMMUNICATIONS, LLC, C.A. No. 2:23−05039
PRESCOTT v. COMCAST CORPORATION, C.A. No. 2:23−05040
HENDRICKSON v. COMCAST CORPORATION, C.A. No. 2:23−05072
WILSON v. COMCAST CABLE COMMUNICATIONS, LLC, C.A. No. 2:23−05091
NANEZ, ET AL. v. COMCAST CABLE COMMUNICATIONS, LLC,
   C.A. No. 2:23−05092
KEUNG v. COMCAST CABLE COMMUNICATIONS, LLC, C.A. No. 2:23−05110
VERDIER v. COMCAST CORPORATION, ET AL., C.A. No. 2:23−05137
MUNOZ v. COMCAST CABLE COMMUNICATIONS, LLC,
   C.A. No. 2:24−00425

MDL No. 3100 − **IN RE: REAL ESTATE COMMISSION ANTITRUST LITIGATION**

  Motion of plaintiffs Don Gibson, et al., and Daniel Umpa to transfer the following actions to the United States District Court for the Western District of Missouri:

Northern District of California

GRACE v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
   C.A. No. 4:23−06352

Northern District of Georgia

1925 HOOPER LLC, ET AL. v. THE NATIONAL ASSOCIATION OF REALTORS,
   ET AL., C.A. No. 1:23−05392

Western District of Missouri

GIBSON, ET AL. v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
   C.A. No. 4:23−00788
UMPA v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
   C.A. No. 4:23−00945

Southern District of New York

MARCH v. REAL ESTATE BOARD OF NEW YORK, ET AL., C.A. No. 1:23−09995

Western District of Pennsylvania

SPRING WAY CENTER, LLC, ET AL. v. WEST PENN MULTI-LIST, INC., ET AL.,
   C.A. No. 2:23−02061

<ins>District of South Carolina</ins>

BURTON v. NATIONAL ASSOCIATION OF REALTORS, ET AL.,
  C.A. No. 7:23−05666

<ins>Eastern District of Texas</ins>

QJ TEAM, LLC, ET AL. v. TEXAS ASSOCIATION OF REALTORS, INC., ET AL.,
  C.A. No. 4:23−01013
MARTIN, ET AL. v. TEXAS ASSOCIATION OF REALTORS, INC., ET AL.,
  C.A. No. 4:23−01104

MDL No. 3101 − **IN RE: BABY FOOD MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)**

  Motion of plaintiffs A.A., et al.; D.S.; M.H.; and Jewel Mosley to transfer the following actions to the United States District Court for the District of Nevada or, in the alternative, the United States District Court for the Northern District of California, the United States District Court for the Central District of California, or the United States District Court for the Eastern District of Louisiana:

<ins>District of Arizona</ins>

CLARK v. HAIN CELESTIAL GROUP INCORPORATED, ET AL.,
  C.A. No. 2:23−02607

<ins>Central District of California</ins>

D.S. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 2:23−10193
M.H. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 8:23−02203

<ins>Northern District of California</ins>

A., ET AL. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 3:23−06087
V.Z. v. GERBER PRODUCTS COMPANY, C.A. No. 3:23−06324
A.T. v. GERBER PRODUCTS COMPANY, ET AL., C.A. No. 3:23−06344

<ins>Western District of Missouri</ins>

H.N. v. GERBER PRODUCTS COMPANY, ET AL.,
  C.A. No. 4:23−00942

District of Nevada

P., ET AL. v. BEECH-NUT NUTRITION COMPANY, INC., ET AL.,
  C.A. No. 2:23−00344
MAGLINTI, ET AL. v. BEECH-NUT NUTRITION COMPANY, INC., ET AL.,
  C.A. No. 2:23−02121

Western District of Washington

MOSLEY v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 3:23−06176

MDL No. 3102 − **IN RE: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TITHING LITIGATION**

Motion of plaintiff Joel Long to transfer the following actions to the United States District Court for the Central District of California:

Southern District of Illinois

LONG v. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
  CHRIST OF LATTER-DAY SAINTS, ET AL., C.A. No. 3:23−03950

Middle District of Tennessee

BRAWNER v. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
  CHRIST OF LATTER-DAY SAINTS, ET AL., C.A. No. 3:23−01361

District of Utah

CHAPPELL, ET AL. v. CORPORATION OF THE PRESIDENT OF THE CHURCH
  OF JESUS CHRIST OF LATTER-DAY SAINTS., ET AL., C.A. No. 2:23−00794

Eastern District of Washington

RISDON v. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
  CHRIST OF LATTER-DAY SAINTS, ET AL., C.A. No. 2:23−00372

MDL No. 3103 − **IN RE: AFLIBERCEPT PATENT LITIGATION**

Motion of Regeneron Pharmaceuticals, Inc., to transfer the following actions to the United States District Court for the Northern District of West Virginia:

Central District of California

REGENERON PHARMACEUTICALS, INC. v. AMGEN, INC., C.A. No. 2:24−00264

<u>Northern District of West Virginia</u>

REGENERON PHARMACEUTICALS, INC. v. MYLAN PHARMACEUTICALS
   INC., C.A. No. 1:22−00061
REGENERON PHARMACEUTICALS, INC. v. CELLTRION, INC.,
   C.A. No. 1:23−00089
REGENERON PHARMACEUTICALS, INC. v. SAMSUNG BIOEPIS, CO., LTD.,
   C.A. No. 1:23−00094
REGENERON PHARMACEUTICALS, INC. v. FORMYCON AG,
   C.A. No. 1:23−00097
REGENERON PHARMACEUTICALS, INC. v. SAMSUNG BIOEPIS CO., LTD.,
   C.A. No. 1:23−00106

MDL No. 3104 − **IN RE: HOTEL INDUSTRY SEX TRAFFICKING LITIGATION (NO. II)**

   Motion of plaintiffs J.M., et al., to transfer the following actions to the United States District Court for the Southern District of Ohio:

<u>Central District of California</u>

DOE v. WYNDHAM HOTELS AND RESORTS, ET AL., C.A. No. 8:23−01554

<u>Eastern District of California</u>

J.M. v. CHOICE HOTELS INTERNATIONAL, INC., ET AL., C.A. No. 2:22−00672

<u>Northern District of Georgia</u>

W.K., ET AL. v. RED ROOF INNS, INC., ET AL., C.A. No. 1:20−05263

<u>District of Minnesota</u>

T.S. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 0:23−02530

<u>District of New Mexico</u>

A.F. v. G6 HOSPITALITY, LLC, C.A. No. 1:23−00879

<u>Northern District of Ohio</u>

J.C. v. G6 HOSPITALITY LLC, C.A. No. 1:23−00867
S.C. v. WYNDHAM HOTELS AND RESORTS, INC., ET AL., C.A. No. 1:23−00871
R.C. v. CHOICE HOTELS INTERNATIONAL, INC., ET AL., C.A. No. 5:23−00872

Southern District of Ohio

T.P. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:21−04933
A.W. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:21−04934
A.R. v. WYNDHAM HOTELS AND RESORTS, INC., ET AL., C.A. No. 2:21−04935
L.G. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−01924
G.P. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:22−02682
T.E. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:22−03185
B.D.G. v. CHOICE HOTELS INTERNATIONAL, INC., C.A. No. 2:22−03202
A.K.W. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03256
M.H. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03258
H.C. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03416
G.G. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03766
A.Y.S. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03767
A.Y. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03768
K.L. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03769
R.C.C. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03770
N.B. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03771
C.B. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03772
K.R.L. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03773
R.H. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03774
J. B. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03776
H.S. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03778
R.K. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03782
R.Z. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03784
D.K. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03786
K.D. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03787
G.M. v. CHOICE HOTELS INTERNATIONAL, INC., ET AL., C.A. No. 2:22−03788
A.M. v. WYNDHAM HOTELS AND RESORTS, INC., ET AL., C.A. No. 2:22−03797
C.C. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:22−03799
E.C. v. CHOICE HOTELS INTERNATIONAL, INC., ET AL., C.A. No. 2:22−03811
T.D.P. v. CHOICE HOTELS INTERNATIONAL, INC., C.A. No. 2:22−03837
K.F. v. CHOICE HOTELS INTERNATIONAL, INC., ET AL., C.A. No. 2:22−03839
D.T. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03844
K.W. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03845
A.S. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:22−03846
S.R. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:23−01731
DOE v. BEST WESTERN INTERNATIONAL, INC., ET AL., C.A. No. 2:23−03459
DOE (A.M.G.) v. RED ROOF INNS, INC., ET AL., C.A. No. 2:23−04195
DOE (D.E.G.) v. RED ROOF INNS, INC., ET AL., C.A. No. 2:23−04256
DOE (C.M.G.) v. RED ROOF INNS, INC., ET AL., C.A. No. 2:23−04258

Eastern District of Pennsylvania

A.B. v. WYNDHAM HOTEL & RESORTS, INC., ET AL., C.A. No. 2:23−03902

-8-

District of South Carolina

N.J. v. G6 HOSPITALITY PROPERTY LLC, ET AL., C.A. No. 2:22−03180

Eastern District of Texas

DOE (IES) v. G6 HOSPITALITY LLC, ET AL., C.A. No. 1:23−00464

Southern District of Texas

DOE (A.S.) v. WYNDHAM HOTEL & RESORTS, INC., C.A. No. 4:23−01969

Western District of Washington

DOE v. ESA P PORTFOLIO LLC, C.A. No. 3:23−06038

MDL No. 3105 − **IN RE: COLLEGE ATHLETE COMPENSATION ANTITRUST LITIGATION**

Motion of plaintiffs DeWayne Carter, et al., to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

CARTER, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, ET AL., C.A. No. 3:23−06325

District of Colorado

FONTENOT, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, ET AL., C.A. No. 1:23−03076

MDL No. 3106 − **IN RE: RECORE ANTITRUST LITIGATION**

Motion of plaintiffs DPF Alternatives, LLC, Iron Horse Transport, LLC, JGD Filters, LLC, and RTR DPF, LLC, to transfer the following actions to the United States District Court for the District of Colorado:

District of Colorado

DPF ALTERNATIVES, LLC v. DET DIESEL EMISSION TECHNOLOGIES, LLC, ET AL., C.A. No. 1:23−02860

Northern District of Texas

RTR DPF LLC v. DET DIESEL EMISSION TECHNOLOGIES, LLC, ET AL.,
C.A. No. 4:24−00030

Southern District of Texas

JGD FILTERS, LLC v. DET DIESEL EMISSION TECHNOLOGIES, LLC, ET AL.,
C.A. No. 4:24−00061

Western District of Virginia

IRON HORSE TRANSPORT, LLC v. DET DIESEL EMISSION TECHNOLOGIES,
LLC, ET AL., C.A. No. 7:23−00791

SECTION B
MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2295 − **IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Opposition of defendant Portfolio Recovery Associates, LLC, to remand, under 28 U.S.C. §1407(a), of the following actions to their respective transferor courts:

Southern District of California

LOWE, ET AL. v. PRA GROUP, INC., C.A. No. 3:12−2127 (E.D. Oklahoma, C.A. No. 6:12−00292)
MATHER v. PORTFOLIO RECOVERY ASSOCIATES, LLC, ET AL. C.A. No. 3:16−2924 (S.D. Florida, C.A. No. 0:16−62640)

MDL No. 2591 − **IN RE: SYNGENTA AG MIR162 CORN LITIGATION**

Motion of defendants Watts Guerra LLP, Mikal C. Watts, Francisco Guerra, Bassford Remele PA, and Gustafson Gluek PLLC to transfer the following action to the United States District Court for the District of Kansas:

Northern District of Ohio

NIEKAMP, ET AL. v. WATTS GUERRA LLP, ET AL., C.A. No. 3:23−02289

MDL No. 2724 − **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION**

Motion of defendants Actavis Elizabeth, LLC, et al., for stay of the Panel order remanding the following actions to the United States District Court for the District of Connecticut, pending its appeal by petition for writ of mandamus:

Eastern District of Pennsylvania

STATE OF CONNECTICUT, ET AL. v. AUROBINDO PHARMA USA, INC., ET AL., C.A. No. 2:17−03768 (D. Connecticut, C.A. No. 3:16−02056)
STATE OF CONNECTICUT, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:19−02407 (D. Connecticut, C.A. No. 3:19−00710)
STATE OF CONNECTICUT, ET AL. v. SANDOZ, INC., ET AL., C.A. No. 2:20−03539 (D. Connecticut, C.A. No. 3:20−00802)

MDL No. 2843 − **IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION**

   Oppositions of plaintiffs Jocelyn Johnson, et al.; Ashley Glenn, et al.; and Everett Arrington et al., to transfer of their respective following actions to the United States District Court for the Northern District of California:

   Middle District of Georgia

   JOHNSON, ET AL. v. META PLATFORMS, INC., C.A. No. 5:23−00502

   Northern District of Georgia

   GLENN, ET AL. v. META PLATFORMS, INC., C.A. No. 1:23−05756
   ARRINGTON, ET AL. v. META PLATFORMS, INC., C.A. No. 2:23−00269

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

   Opposition of plaintiff Jorge Contreras to transfer of the following action to the United States District Court for the Southern District of Florida:

   Northern District of California

   CONTRERAS v. GLAXOSMITHKLINE LLC, ET AL., C.A. No. 3:24−00019

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

   Opposition of plaintiffs James R. Fortenberry, Sr., et al., to transfer of the following action to the United States District Court for the Southern District of Illinois:

   Western District of Louisiana

   FORTENBERRY, SR., ET AL. v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:24−00024

MDL No. 3044 − **IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION**

   Opposition of plaintiff Alfredo Porta to transfer of the following action to the United States District Court for the Eastern District of New York:

   District of Connecticut

   PORTA v. EXACTECH, INC., ET AL., C.A. No. 3:24−00009

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff M.G. to transfer of the following action to the United States District Court for the Northern District of California:

<u>District of Oregon</u>

M.G. v. META PLATFORMS, INC., ET AL., C.A. No. 3:23−01861

MDL No. 3076 − **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**

Oppositions of plaintiff Nir Lahav and defendants BAM Trading Services Inc., and BAM Management US Holdings Inc., to transfer of the *Lahav* action to the United States District Court for the Southern District of Florida, and motion of plaintiffs' co-lead counsel in MDL No. 3076 to transfer the *Onusz* action to the United States District Court for the Southern District of Florida:

<u>Northern District of California</u>

LAHAV v. BINANCE HOLDINGS LIMITED, ET AL., C.A. No. 3:23−05038

<u>District of Delaware</u>

ONUSZ, ET AL. v. WEST REALM SHIRES INC., ET AL., Bky. Adv. No. 1:22−50513

MDL No. 3080 − **IN RE: INSULIN PRICING LITIGATION**

Opposition of plaintiff Commonwealth of Pennsylvania ex rel. Lawrence S. Krasner to transfer of the *Commonwealth of Pennsylvania* action to the United States District Court for the District of New Jersey and motion of defendants CaremarkPCS Health, L.L.C., and OptumRx, Inc., to transfer the *Hawaiʻi* action the United States District Court for the District of New Jersey:

<u>District of Hawaii</u>

STATE OF HAWAI'I, EX. REL. ANNE E. LOPEZ, ATTORNEY GENERAL v. CAREMARKPCS HEALTH, LLC, ET AL., C.A. No. 1:23−00464

<u>Eastern District of Pennsylvania</u>

COMMONWEALTH OF PENNSYLVANIA EX REL LAWRENCE S. KRASNER v. ELI LILLY AND COMPANY, ET AL., C.A. No. 2:23−04645

MDL No. 3083 − **IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of certain plaintiffs and defendants CLEAResult Consulting Inc., and America Multi-Cinema, Inc., to transfer of their respective following actions to the United States District Court for the District of Massachusetts:

Central District of California

MORRIS v. DATA MEDIA ASSOCIATES LLC, ET AL., C.A. No. 8:24−00080

Southern District of California

YOURGLICH v. PENSION BENEFIT INFORMATION LLC., ET AL.,
   C.A. No. 3:23−02034
CARLBLOM v. PENSION BENEFIT INFORMATION LLC, ET AL.,
   C.A. No. 3:23−02167

Southern District of Indiana

GARCIA v. MAXIMUS HEALTH SERVICES, INC., C.A. No. 1:23−02129

District of Kansas

NEWMAN v. AMERICA MULTI−CINEMA, INC., C.A. No. 2:23−02358

Southern District of New York

LARDIS v. COLUMBIA UNIVERSITY, C.A. No. 1:23−10241

Western District of Texas

DAUCH v. CLEARESULT CONSULTING INC., C.A. No. 1:23−01182

MDL No. 3089 − **IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION**

   Motions of defendants The Procter & Gamble Company; Johnson & Johnson Consumer Inc.; Haleon US Holdings LLC; and CVS Pharmacy, Inc., to transfer of their respective following actions to the United States District Court for the Eastern District of New York:

   Northern District of Illinois

   TUOMINEN v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 1:23−13796
   TLAIB v. PROCTER & GAMBLE COMPANY, C.A. No. 1:23−13840
   RICCIO v. PFIZER, INC., C.A. No. 1:23−13843
   KRIST v. CVS PHARMACY, INC., C.A. No. 1:23−13998

MCP No. 175   **IN RE: FEDERAL ENERGY REGULATORY COMMISSION, GAS TRANSMISSION NORTHWEST LLC, 185 FERC 61,035, ISSUED ON OCTOBER 23, 2023, AND 185 FERC 62,169, ORDER ISSUED ON DECEMBER 26, 2023**

   Motion of Gas Transmission Northwest, LLC, to reconsider the Panel's order consolidating judicial review of this matter in the United States Court of Appeals for the District of Columbia Circuit and to strike the Notice of Multicircuit Petitions for Review:

   District of Columbia Circuit

   COLUMBIA RIVERKEEPER, ET AL. v. FEDERAL ENERGY REGULATORY
      COMMISSION, No. 24−1002

   Fifth Circuit

   GAS TRANSMISSION NORTHWEST, LLC v. FEDERAL ENERGY REGULATORY
      COMMISSION, No. 24−60002

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.