-i-

**BEFORE THE UNITED STATES**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX Cryptocurrency Exchange Collapse Litigation | MDL No. 3076 |

**REPLY IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER DATED JANUARY 3, 2024 (CTO-4)**

**TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF REPLY ............................................................1

II.   THE MOTION TO VACATE CTO-4 SHOULD BE GRANTED ....................................2

       A.   Transfer of the Lahav Action Does Not Meet the Standard Set Out by 28 U.S.C.
            §1407 ........................................................................................................................2

            1.   Lahav Action Does Not Meet the Common Factual Questions Set Out in
                 the Panel's Transfer Order .........................................................................2

            2.   Narrower Class Definition and the Scope of the Lahav Action Are Based
                 on Liability Theories That Risk Confusing the Class And Complicating
                 Opt-in/Notice If Merged With FTX MDL...................................................4

       B.   Multiple Oppositions to Transfer Demonstrate that Transfer Is Not Warranted......5

            1.   The Binance Defendants' Trade of FTT Does Not Overlap/Map to Use of
                 All FTX Products by Users ..........................................................................6

            2.   The Lahav Action Is the Opposite of a Copycat Lawsuit............................6

            3.   The Lahav Action Asserts Distinct Legal Claims........................................7

       C.   Issues Not Addressed by Non-Movant Further Warrant Denying Transfer.............7

            1.   Transfer Should Be Denied When Consolidating Competing Defendants in
                 a Single Action Raises Confidentiality Concerns........................................7

            2.   No Dispositive or Preclusive Effect Between Actions ................................8

            3.   No Common Defendant Warrants Denying Transfer ..................................8

            4.   There Is No Joint Liability Nor Any Joint Conspiracy Claim Between the
                 Binance Defendants and the FTX Defendants.............................................8

            5.   Voluntary Coordination Among Courts and Parties Is Sufficient When No
                 Common Factual Issues Exist......................................................................9

III.  CONCLUSION..................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re "Lite Beer" Trademark Litigation*,
  437 F. Supp. 754,
  1977 U.S. Dist. LEXIS 14044 (J.P.M.L. 1977) .................................................................... 5

*In re Alstom SA Sec. Litig.*,
  253 F.R.D. 266 (S.D.N.Y. 2008) ........................................................................................ 5

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
  No. MDL No. 2873,
  2023 U.S. Dist. LEXIS 217910 (J.P.M.L. Dec. 7, 2023) .......................................................... 4

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
  2010 U.S. Dist. LEXIS 166091 (J.P.M.L. June 15, 2010) ......................................................... 3

*In re Covid-19 Bus. Interruption Prot. Ins. Litig.*,
  482 F. Supp. 3d 1360,
  2020 U.S. Dist. LEXIS 144446 (J.P.M.L. 2020) .................................................................... 8

*In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*,
  446 F.Supp. 242 (J.P.M.L. 1978) ....................................................................................... 9

*In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation*,
  434 F. Supp. 1235,
  1977 U.S. Dist. LEXIS 14888 (J.P.M.L. 1977) .................................................................... 8

*In re Kronos Customer Data Sec. Breach Litig.*,
  619 F. Supp. 3d 1354 (J.P.M.L. 2022) ................................................................................ 9

*In re Louisiana-Pacific Corp.*,
  867 F. Supp. 2d 1346,
  2012 U.S. Dist. LEXIS 82953 (J.P.M.L. 2012) .................................................................... 7

*In re Midwest Milk Monopolization Litigation*,
  441 F. Supp. 930,
  1977 U.S. Dist. LEXIS 12526 (J.P.M.L. 1977) .................................................................... 7

*In re Orthalliance, Inc.*,
  350 F. Supp. 2d 1354,
  2004 U.S. Dist. LEXIS 25041 (J.P.M.L. 2004) .................................................................... 9

*In re USPS Next Generation Delivery Vehicle Acquisitions Program Rec. of Decision Litig.*,
  640 F. Supp. 3d 1410 (J.P.M.L. 2022) ................................................................................ 3

*In re Watson Fentanyl Patch Prods. Liab. Litig.*,
  883 F. Supp. 2d 1350 (J.P.M.L. 2012) ................................................................................ 8

*In re: Bulk Mailing to County Jail Inmates in the State of Washington*,
  867 F. Supp. 2d 1339,
  2012 U.S. Dist. LEXIS 82955 (J.P.M.L. 2012) .................................................................... 9

*In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*,
    844 F. Supp. 2d 1377 (J.P.M.L. 2012) ................................................................... 7, 9

*Natto Iyela Gbarabe v. Chevron Corp.*,
    No. 14-cv-00173-SI,
    2017 U.S. Dist. LEXIS 35810 (N.D. Cal. Mar. 13, 2017) ......................................... 5

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588,
    133 S. Ct. 1345 (2013) ............................................................................................. 9

*Willcox v. Lloyds TSB Bank, PLC*,
    CIVIL NO. 13-00508 ACK—RLP,
    2015 U.S. Dist. LEXIS 174395 (D. Haw. Nov. 12, 2015) ......................................... 5

## OTHER AUTHORITIES

*Manual for Complex Litigation, Fourth*, § 20.14 (2004) ................................................... 9

## RULES

J.P.M..L. Rule 1.1 ............................................................................................................... 6

I.     INTRODUCTION AND SUMMARY OF REPLY

The Lahav Action[1] should not be transferred to the FTX MDL.[2]  The Lahav Action does not meet the common factual questions set out in the Panel's Transfer Order[3] consolidating the actions in the FTX MDL.  The Lahav Action Binance Defendants[4] are competitors to FTX, and unlike the FTX MDL, the claims do not include control person liability, conspiracy, nor other affiliation with any of the current FTX MDL Defendants.[5]

*First*, the Lahav Action has a class period—for both California and Nationwide class members—limited to the time period of volatility, starting around November 6, 2022 and ending around November 8, 2022.  In contrast, the class period for the FTX MDL—for all members—is "any time."   Indeed, non-movant admits that the class definitions are different, and the Lahav Action is narrower in both time period and class membership.  (Opp. at 4).  Such differences in class definition would add confusion and complexity to notice and opt-out options for class members.

*Second*, Plaintiffs' Co-lead Counsel ("non-movant) fails to address the many key distinctions between the FTX MDL and the Lahav Action and the vast differences between the Binance Defendants and the FTX Defendants, namely that: (1) the two defendant groups are *competitors,* with the Binance Defendants having interests *adverse to the FTX Defendants*; (2) the Binance Defendants not accused of "fraudulent and conspiratorial conduct with regard to the promotion, marketing, auditing, and misappropriation of funds for the FTX platform" (ECF 259, "Opp." at 2.); (3) the Binance Defendants do not meet any of the common factual questions from the Panel's Transfer Order, (Opp. at 3.); (4)  the Binance Defendants are not FTX executives nor

---

[1] *Lahav v. Binance Holdings Ltd. et al*., N.D. Cal., Case No. 3:23-cv-05038-TLT.
[2] MDL No. 3076, *In re: FTX Cryptocurrency Exchange Collapse Litigation*, 1:23-md-03076-KMM (S.D. Fla.).
[3] MDL 3076 ECF 138 at 3 (J.P.M.L. June 5, 2023).
[4] Defendants Binance Holdings Limited, Changpeng Zhao, BAM Trading Services Inc. and BAM Management US Holding Inc.
[5] FTX Insiders, Banks, Law Firms, Accountants, Promoters, and Domestic and Multinational Venture Capital Funds.

their representatives; (5) the Binance Defendants did not mislead the public regarding internal FTX products or practices and did not participate in a conspiracy.

*Third*, non-movant cites two alleged examples of common factual questions, (i) the nature of FTX products (not at issue in the Lahav Action), and (ii) causation and damages resulting from FTX's collapse (that are nevertheless based on distinct theories of liability). (Opp. at 6.)  In short, the FTX MDL involves control-person liability whereas Lahav Action examines competitor actions.

*Fourth*, non-movant uses the phrase "inconsistent pre-trial rulings" multiple times in its opposition but fails to offer a single example of what those rulings might be.  When evaluating appropriateness of transfer, the primary focus is on discovery issues.  Here, non-movant does not disclose the current difficulties the MDL Action is facing with resolving confidentiality and protective order issues, and that is only among the aligned FTX Defendants.  (*See* FTX MDL ECF 487, denying the confidentiality and protective order for one of the FTX Defendants Caroline Ellison because of the risk that it binds all of the remaining FTX Defendants.)  Non-movant proposes no solution as to how discovery would be even feasible when competitors are pulled into the same action with this level of existing complexity among aligned defendants.

*Fifth*, other than the conclusory rationale of supposed "inconsistent pretrial rulings with respect to overlapping nationwide class claims" (Opp. at 11), non-movant does not address why voluntary coordination among parties and the Courts would be insufficient here.

**II.     THE MOTION TO VACATE CTO-4 SHOULD BE GRANTED**

  **A. Transfer of the Lahav Action Does Not Meet the Standard Set Out by 28 U.S.C. §1407**

      **1.     Lahav Action Does Not Meet the Common Factual Questions Set Out in the Panel's Transfer Order**

There is no "common question of fact" under dispute in the Lahav Action and the FTX MDL.  The Panel Transfer Order dated June 5, 2023 specifically set out the common factual questions, none of which overlap in the Lahav Action.

These actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional services firms and celebrity promoters who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud.  The common factual questions include: (1) whether ***FTX executives and their representatives*** misled customers about FTX's practices for safeguarding customer funds; (2) whether ***FTX executives and their representatives*** misrepresented the financial condition of the FTX entities; (3) whether ***FTX and Alameda executives*** embezzled customer assets; (4) the ***existence and scope of a conspiracy***; and (5) the ***nature of FTX products***, such as Yield-Bearing Accounts and FTT tokens. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and Daubert motions; and conserve the resources of the parties, their counsel and the judiciary.

(MDL 3076 ECF 138 at 3.)[6]

None of these common factors are present here.  First, Binance Defendants in the Lahav Action are not FTX executives nor are they FTX representatives.  Second, Binance Defendants did not misrepresent the financial condition of the FTX entities, rather they misrepresented Binance actions in response to the FTX crisis with a bait and switch approach that caused a bank-run.  Third, Binance Defendants actions are not involved in embezzling customer assets from FTX.  Fourth, Binance Defendants are not alleged conspirators with any of the FTX Defendants.  Fifth, the nature of FTX products is not at issue in the Lahav Action.

Even when actions, unlike the actions here, have overlapping legal questions, transfer is denied when there is required little or no centralized discovery.  *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 166091 (J.P.M.L. June 15, 2010); *In re USPS Next Generation Delivery Vehicle Acquisitions Program Rec. of Decision Litig.*, 640 F. Supp. 3d 1410, 1411 (J.P.M.L. 2022).  Non-movant concedes that transfer was denied in *In re*

---

[6] Unless stated otherwise, emphasis is added in quotation.

*USPS* even when action did involve "overlapping facts and legal claims." (Opp. at footnote 5.) Lahav Action simply does not meet the Panel's common factual questions standard for transfer.

      **2.    Narrower Class Definition and the Scope of the Lahav Action Are Based on Liability Theories That Risk Confusing the Class And Complicating Opt-in/Notice If Merged With FTX MDL**

Non-movant admits that the period involved in the class definition for the relevant events giving rise to liability in the Lahav Action (California and Nationwide members with deposits on the exchange through the period Nov. 6 through Nov. 8, 2022) is different than the FTX MDL (Nationwide and International members any time). (Opp. at 5, 8.) Members who would qualify to join the Lahav Action are a smaller and different set than those who qualify to join the seven tracks of the FTX MDL. (*Id.*) These facts would add significant complexity to opting-in and notice provisions to class members and as such support denying transfer. The facts here are similar to that found in *Aqueous Film-Forming* where the Panel found that "purported overlap" was insufficient and speculative when only a portion of a class was same. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. MDL No. 2873, 2023 U.S. Dist. LEXIS 217910, at *4-5 (J.P.M.L. Dec. 7, 2023).

While admitting that the transfer adds unnecessary complexity to an already-complex MDL, non-movant flippantly advocates for transfer on the premise that Judge Moore can simply handle it. (Opp. at 11-12.) The issue, however, is not the capability and capacity of the relevant judges, both of whom are experienced and capable. The issue is how to redress losses stemming from the precise and tailored actions of the Binance Defendants, which risk getting lost within the hodgepodge of the FTX MDL. Having two separate and distinct options to redress the FTX users' injury is not duplicative when the defendants, activity and theories of liability are entirely distinct, as here.

A broader class definition covering international users (Opp. at 4-7) is not necessarily the most efficient approach because it raises jurisdictional and enforcement issues. U.S. courts have authority to bind foreign class members and thereby prevent duplicate actions in another U.S.

court, yet such international class certification does not prevent "second bite" claims by foreign class members from suing again in the courts of their home countries. *See Natto Iyela Gbarabe v. Chevron Corp.*, No. 14-cv-00173-SI, 2017 U.S. Dist. LEXIS 35810, at *109 (N.D. Cal. Mar. 13, 2017) citing *Willcox v. Lloyds TSB Bank, PLC*, CIVIL NO. 13-00508 ACK—RLP, 2015 U.S. Dist. LEXIS 174395, 2015 WL 10090605, at *10 (D. Haw. Nov. 12, 2015) (quoting *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 281 (S.D.N.Y. 2008)) ("[O]ther federal district courts have held that '[c]ourts may properly consider res judicata concerns when evaluating the Superiority Requirement with respect to a proposed class that includes foreign class members.'") Res judicata and notice problems involving foreign claimants and foreign defendants generally result, in most cases, in denying class certification. *Id*. Here, non-movant does not address how res judicata and notice requirements for different jurisdictions, not just one or two non-US countries, but hundreds of countries world-wide, would be addressed.

**B. Multiple Oppositions to Transfer Demonstrate that Transfer Is Not Warranted**

Notably, both Plaintiff and Lahav Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. oppose transfer. (J.P.M.L. ECFs 240, 242.) The remaining Defendants in the Lahav action, Binance Holdings Ltd. and Changpeng Zhao, have not taken a position whatsoever. This combined opposition of the parties to transfer, coupled with the absence of any party's affirmative support for transfer, weighs strongly in favor of denying transfer. *In re "Lite Beer" Trademark Litigation*, 437 F. Supp. 754, 1977 U.S. Dist. LEXIS 14044 (J.P.M.L. 1977). Like *Signature Bank* and *Silvergate Bank* actions, this Panel denied transfer to FTX MDL when both plaintiffs and defendants in the actions opposed their inclusion, here also the transfer should be denied. (Panel Transfer Order[7] at 3; *see also infra* II(A)(1).)

---

[7] MDL 3076 ECF 138 (J.P.M.L. June 5, 2023).

1. **The Binance Defendants' Trade of FTT Does Not Overlap/Map to Use of All FTX Products by Users**

Non-movant attempts to create common questions of fact by equating Binance Defendants' trade of FTT to the use of FTX Products by users. (Opp. at 6-8.) The use of FTX and its operation are not at issue in the Lahav Action. Accordingly, the issues of causation and damages resulting from FTX's collapse are based on two very distinct theories of liability in the FTX MDL versus the Lahav Action. (Opp. at 6.) One involves control-person liability while the other examines competitor actions.

Despite what non-movant purports, there is no issue in the Lahav Action as to whether cryptocurrency is a registered/unregistered security. (Opp. at 7-8.) The Lahav Action claims violations of consumer protection laws and Private Securities Litigation Reform Act ("PSLRA") that do not rest on whether cryptocurrencies are registered or unregistered securities. Even if that issue is somehow later implicated, both the SEC and the U.S. courts have established that the same protections for users apply in both contexts. *See USA v. Bankman-Fried*, N.Y.S.D., Crim. No. 1:22-cr-00673 orders dated Feb. 28, 2023.

2. **The Lahav Action Is the Opposite of a Copycat Lawsuit**

Non-movant does its best to suggest Lahav Action is like any other copycat FTX Collapse litigation and should be treated no differently. But that is simply not true. The Lahav Action is the opposite of a copycat lawsuit, and comes nowhere close to meeting the definition of a "tag-along action" under J.P.M..L. Rule 1.1(h).

Non-movant emphasizes, for example, the late filing date of the Lahav Action compared to the actions consolidated into the FTX MDL yet does not address why none of the seven tracks of Complaints address the liability of the Binance Defendants. If movants do not have veto power (Opp. at 9-10), then non-movant likewise has no entitlement for transfer. Other than giving the conclusory reasoning of purported "inconsistent pretrial rulings with respect to overlapping nationwide class claims" (Opp. at 11), non-movant fails to address why voluntary coordination among parties and the Courts would be insufficient here.

Indeed, a separate trial date is set in the Lahav Action, which alone weighs against transfer. *See e.g., In re Midwest Milk Monopolization Litigation*, 441 F. Supp. 930, 1977-2 Trade Cas. (CCH) ¶ 61780, 1977 U.S. Dist. LEXIS 12526 (J.P.M.L. 1977).

### 3. The Lahav Action Asserts Distinct Legal Claims

Non-movant wrongly argues that the presence of distinct claims governed by PSLRA are irrelevant. (Opp. at 11.) The procedural posture and stay in the Lahav Action (pursuant to PSLRA) and the FTX MDL (pursuant to Sam Bankman Fried's criminal liability FTX MDL ECF 318) serve very different purposes. *See In re Louisiana-Pacific Corp.*, 867 F. Supp. 2d 1346, 2012 U.S. Dist. LEXIS 82953 (J.P.M.L. 2012). Indeed, it would be virtually infeasible to apply the procedural pre-trial rules of PSLRA litigation alongside the seven existing tracks in the FTX MDL.

Non-movant's footnote 10 is a moot point given the subsequent issuance of the Case Management Scheduling Order. (Lahav Action ECF 38.) The previously proposed stipulation to the Court prior to the Case Management Hearing is customary under PSLRA.

### C. Issues Not Addressed by Non-Movant Further Warrant Denying Transfer

#### 1. Transfer Should Be Denied When Consolidating Competing Defendants in a Single Action Raises Confidentiality Concerns

Non-movant is dead silent on the fact that Binance Defendants are competitors with interests adverse to the FTX Defendants. Well-established precedent of the Panel confirms that it is "typically hesitant to centralize litigation against multiple, ***competing defendant*** which marketed, manufactured and sold similar products." *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012).

Non-movant fails to even disclose the existing confidentiality difficulties within the FTX MDL. (FTX MDL ECF 487, denying the confidentiality and protective order for one of the FTX Defendants Caroline Ellison because of the risk that it binds all of the remaining FTX Defendants.) These issues would become magnitudes more complicated if competitor

Defendants were forced into the FTX MDL.  *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012); *In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation*, 434 F. Supp. 1235, 1977 U.S. Dist. LEXIS 14888 (J.P.M.L. 1977) (transfer denied when there were confidentiality and disclosure concerns among parties).

### 2. No Dispositive or Preclusive Effect Between Actions

The Binance Defendants' liability is separate from, and in addition to, that of any of the FTX Defendants.  Resolution of one matter will not obviate the other.  Accordingly, there is no dispositive or preclusive effect between the actions, neither under the principles of collateral estoppel nor any other principle of law.

### 3. No Common Defendant Warrants Denying Transfer

Well-established precedent from the Panel has held that when there is ***no common defendant*** in actions, and thus little potential for common discovery, transfer should be denied. *In re Covid-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 2020 U.S. Dist. LEXIS 144446 (J.P.M.L. 2020), transferred, 492 F. Supp. 3d 1359, 2020 U.S. Dist. LEXIS 183678 (J.P.M.L. 2020), dismissed in part, 522 F. Supp. 3d 457, 2021 U.S. Dist. LEXIS 37096 (N.D. Ill. 2021), dismissed, 2021 U.S. Dist. LEXIS 185031 (D.D.C. Sept. 28, 2021).  Indeed, in another part of their Opp., non-movant effectively admits that "different discovery" may be required with respect to Binance's CEO Zhao, yet conclusory fashion asserts that it "can be handled." (Opp. at 11.)

### 4. There Is No Joint Liability Nor Any Joint Conspiracy Claim Between the Binance Defendants and the FTX Defendants

In stark contrast to the other consolidated actions involving FTX Defendants, there would be no allegation of joint liability between the Binance and MDL defendants.  (*See* J.P.M.L. Docket and MDL action docket generally.)  There is simply no overlapping claim between them.  As a result, all pretrial procedures—discovery, motions to dismiss, motions for summary judgment, etc.—would be completely independent.

Similarly, there is no limitation on damages or a common damages pool that comes into play here based on liability of distinct defendant groups. Well-established law holds that "a damages limitation . . . cannot have a binding effect on the merits of absent class members' claims unless and until the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593, 133 S. Ct. 1345, 1349 (2013). Given the lack of overlap on discovery, liability and damages issues, the motion to vacate CTO-4 should be granted.

### 5. Voluntary Coordination Among Courts and Parties Is Sufficient When No Common Factual Issues Exist

Non-movant fails to address why voluntary coordination would not work in this complex factual scenario that promotes judicial efficiency. Indeed, as the Judicial Panel on Multidistrict Litigation has emphasized more than once, "centralization under Section 1407 should be the last solution after considered review of all other options." *See, e.g., In re Kronos Customer Data Sec. Breach Litig.*, 619 F. Supp. 3d 1354, 1355 (J.P.M.L. 2022). The Panel has held that transfer should be denied where informal coordination among courts and attorneys is sufficient. *In re: Bulk Mailing to County Jail Inmates in the State of Washington*, 867 F. Supp. 2d 1339, 2012 U.S. Dist. LEXIS 82955 (J.P.M.L. 2012); *see also In re Orthalliance, Inc.*, 350 F. Supp. 2d 1354, 2004 U.S. Dist. LEXIS 25041 (J.P.M.L. 2004); *In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2012); *Manual for Complex Litigation, Fourth*, § 20.14 (2004).

## III. CONCLUSION

For the reasons set forth above, the Conditional Transfer Order (CTO-4) should be vacated, and the Lahav case should be allowed to proceed in the Northern District of California.

Dated: February 21, 2024                    **DEVLIN LAW FIRM, LLC**

                                                                        By:  /s/ Timothy Devlin
                                                                             Timothy Devlin
Email: tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Deepali A. Brahmbhatt
Email: dbrahmbhatt@devlinlawfirm.com
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:     (650) 254-9805

*Attorneys for Plaintiff and the Class*
*Nir Lahav on behalf of himself and all*
*others similarly situated*