**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**IN RE: FTX CRYPTO CURRENCY**                                  **MDL No. 3076**
**EXCHANGE COLLAPSE LITIGATION**

*Lahav v. Binance Holdings Ltd. et al.*, N.D. California
Case No. 3:23-cv-05038-TLT

_____/

**DEFENDANTS BAM TRADING SERVICES INC. AND BAM MANAGEMENT US
HOLDINGS INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER
<u>DATED JANUARY 3, 2024 (CTO-4)</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.........................................................................................................1

ARGUMENT ................................................................................................................................1

    A.  There Are No Common Questions of Fact Between *Lahav* and the FTX MDL .................2

    B.  Transfer to the FTX MDL Would Be Inefficient and Inconvenience the Parties ...............6

CONCLUSION.............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re BMW Reverse Transmission Prod. Liab. Litig.*,
543 F. Supp. 2d 1382 (J.P.M.L. 2008).................................................................7

*In re Boeing Co. Emp. Pracs. Litig. (No. II)*,
293 F. Supp. 2d 1382 (J.P.M.L. 2003).................................................................5

*In re COVID-19 Bus. Interruption Prot. Ins. Litig.*,
482 F. Supp. 3d 1360 (J.P.M.L. 2020).................................................................8

*In re CP4 Fuel Pump Mktg., Sales Pracs., & Prod. Liab. Litig.*,
412 F. Supp. 3d 1365 (J.P.M.L. 2019)........................................................ *passim*

*In re Credit Suisse VelocityShares Daily Inverse VIX Short Term Exch. Traded Notes Sec. Litig.*,
326 F. Supp. 3d 1379 (J.P.M.L. 2018).................................................................4

*In re: Facebook Use of Name & Likeness Litig.*,
816 F. Supp. 2d 1380 (J.P.M.L. 2011)...............................................................5, 7

*In re Florida, Puerto Rico, and U.S. Virgin Islands 2016 and 2017 Hurricane Seasons Flood Claims*,
325 F. Supp. 3d 1367 (J.P.M.L. 2018)...............................................................10

*In re Georgeson S'holder Commc'ns, Inc., Share Exch. Litig.*,
277 F. Supp. 2d 1372 (J.P.M.L. 2003)..............................................................2, 5

*In re Google Play Store Simulated Casino-Style Games Litig.*,
544 F. Supp. 3d 1364 (J.P.M.L. 2021)..............................................................4, 5

*Lahav v. Binance Holdings Limited et al.*,
No. 3:23-cv-05038 (N.D. Cal.) ..................................................................... *passim*

*In re: LVNV Funding, LLC, Fair Debt Collection Pracs. Act (FDCPA) Litig.*,
96 F. Supp. 3d 1374 (J.P.M.L. 2015)................................................................5, 7

*In re: LVNV Funding, LLC, Time-Barred Proof of Claim Fair Debt Collection Pracs. Act (FDCPA) Litig.*,
96 F. Supp. 3d 1376 (J.P.M.L. 2015)................................................................5, 7

*In re National Ski Pass Insurance Litigation*,
492 F. Supp. 3d 1352 (J.P.M.L. 2020).................................................................8

*In re Prop. Assessed Clean Energy Programs*,
    764 F. Supp. 2d 1345 (J.P.M.L. 2011) ...................................................................... 10

*In re Prospect Mortg., LLC, Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*,
    987 F. Supp. 2d 1383 (J.P.M.L. 2013) ........................................................................ 6

*In re Proton-Pump Inhibitor Prods. Liab. Litig.*
    273 F. Supp. 3d 1360 (J.P.M.L. 2017) ..................................................................... 8, 9

*In re Real Est. Transfer Tax*,
    895 F. Supp. 2d 1350 (J.P.M.L. 2012) ................................................................... 9, 10

*In re Student-Athlete Name & Likeness Litig.*,
    763 F. Supp. 2d 1379 (J.P.M.L. 2011) ........................................................................ 6

*In re Tobacco/Governmental Health Care Costs Litig.*,
    76 F. Supp. 2d 5 (D.D.C. 1999) .................................................................................. 1

*In re TrueCar, Inc., S'holder Derivative Litig.*,
    412 F. Supp. 3d 1353 (J.P.M.L. 2019) ........................................................................ 4

*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,
    2024 WL 41889 (J.P.M.L. Jan. 4, 2024) ..................................................................... 6

*In re Urban Outfitters Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*,
    987 F. Supp. 2d 1381 (J.P.M.L. 2013) ..................................................................... 5, 7

*In re Westec Corp.*,
    307 F. Supp. 559 (J.P.M.L. 1969) ........................................................................ 3, 4, 6

*In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*,
    844 F. Supp. 2d 1377 (J.P.M.L. 2012) ........................................................................ 8

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................................ 10

15 U.S.C. § 78u-4 ........................................................................................................... 10

28 U.S.C. § 1407 ..................................................................................................... 1, 5, 6, 7

PSLRA ............................................................................................................................. 9

RICO ............................................................................................................................... 3

**Other Authorities**

JPML R. 7.1-7.2.................................................................................................................6

## PRELIMINARY STATEMENT

The Panel should vacate the Conditional Transfer Order because MDL Plaintiffs[1] have failed to demonstrate that the transfer of *Lahav* would satisfy either requirement of 28 U.S.C. § 1407.  Nor could they.  *Lahav* is fundamentally unlike the other 22 actions centralized in the FTX MDL.  *Lahav* involves the purported conduct of Binance through the public statements of its CEO, Changpeng Zao, during a ***three-day period*** in November 2023, which allegedly were designed to ***harm*** FTX.  By contrast, the FTX MDL centralizes actions against "individuals and entities that allegedly ***facilitated*** FTX's wrongful conduct," by "conspiring" with one another for years to prop up FTX, a competitor of Binance.   None of the MDL Actions involve Binance or bring claims against the *Lahav* Defendants.  None of the five "common factual questions" identified by the Panel are common to *Lahav*.  And none of the *Lahav* parties support consolidation.

The Panel should vacate the Conditional Transfer Order.

## ARGUMENT

The Panel should vacate the Conditional Transfer Order because MDL Plaintiffs have failed to satisfy either of Section 1407's mandatory conditions.

MDL Plaintiffs improperly attempt to shift their burden, arguing that "[n]one of the *Lahav* Parties Demonstrate that Transfer is Not Warranted" (Opp. at 7), but "[i]n moving to transfer a 'tag-along' action, the ***moving party*** has the burden of demonstrating that transfer will further the purposes of Section 1407."  *See In re Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 7 (D.D.C. 1999).  By barely addressing—and never compellingly addressing—the two prongs of Section 1407, MDL Plaintiffs fall far short of carrying their burden.  But even if the

---

[1] Undefined terms have the same meaning ascribed to them in Binance.US's Opening Brief in support of its Motion to Vacate ("MTV").  Emphasis added unless otherwise noted.

burden were on Binance.US, it has demonstrated that transfer is not warranted for a number of reasons, as discussed below.

### A. There Are No Common Questions of Fact Between *Lahav* and the FTX MDL

MDL Plaintiffs have failed to establish that *Lahav* and the FTX MDL involve "common questions of fact and law" that are "sufficiently complex, unresolved and/or numerous to justify" transfer. *In re Georgeson S'holder Commc'ns, Inc., Share Exch. Litig.*, 277 F. Supp. 2d 1372, 1372 (J.P.M.L. 2003). Unlike the MDL Actions, which "all … revolve around the conduct of FTX's Samuel Bankman-Fried, the relationship with another Bankman-Fried company known as Alameda Research, and Alameda's Caroline Ellison," and "allege there was a conspiracy between Bankman-Fried and other alleged FTX insiders" (Dkt. No. 138 at 2), *Lahav* is premised solely on the conduct of Binance, which is ***not*** alleged to be an FTX conspirator (and, on the contrary, is alleged to have interests antagonistic to FTX). *See In re CP4 Fuel Pump Mktg., Sales Pracs., & Prod. Liab. Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) (denying transfer because "there [was] no allegation of conspiracy between the [defendants]").

***First***, as MDL Plaintiffs recognize, the Panel found that the "common factual questions" in the FTX MDL are the following: "(1) whether FTX executives and their representatives misled customers about FTX's practices for safeguarding customer funds; (2) whether FTX executives and their representatives misrepresented the financial condition of the FTX entities; (3) whether FTX and Alameda executives embezzled customer assets;  (4) the existence and scope of a conspiracy; and (5) the nature of FTX products, such as Yield-Bearing Accounts and FTT tokens. (Opp. at 3 (citing Dkt. No. 138.) ***None of these questions are present in Lahav***.

MDL Plaintiffs do not even attempt to argue that issues (1) through (4) are present. Nor could they reasonably do so. *Lahav* does not involve whether FTX executives misled customers about FTX's practices or misrepresented the financial condition of FTX. Nor does *Lahav* involve

whether FTX and Alameda embezzled assets or a conspiracy between FTX defendants.

The only purported "common factual question" put forth by MDL Plaintiffs is the conclusory assertion that *Lahav* involves "the nature of FTX products, such as Yield-Bearing Accounts and FTT tokens." (Opp. at 6.) But the "nature" of FTX products is not at issue in *Lahav*. At issue in *Lahav* is whether Binance made false and misleading statements regarding a potential acquisition of FTX. (Compl. ¶¶ 4–7, ¶¶ 62-68, 69-78.) In fact, *Lahav* does not mention Yield-Bearing Accounts **at all**, and only mentions FTT in the context of Zhao's statement that Binance liquidated its holdings. (*Id.* ¶¶ 4–7.)[2]

The lack of common factual questions requires that the Panel deny transfer. Recognizing this, MDL Plaintiffs falsely assert that the *Lahav* Defendants are akin to FTX's "promoters and auditors." (Opp. at 2.) Not so. Unlike the *Lahav* Defendants, FTX's promoters and auditors are alleged to have been co-conspirators of FTX and Sam Bankman-Fried (just like every other MDL defendant).[3] Simply put, the *Lahav* Defendants are not alleged co-conspirators of FTX or any of the MDL defendants, and their conduct is not alleged to be relevant in the FTX MDL. That is precisely the point emphasized *In re Westec Corp.*, where the Panel denied transfer and found as

---

[2] Confusingly, in arguing that Binance.US has not carried its non-existent burden, MDL Plaintiffs assert that *Lahav* involves "Defendants' sale of FTT," citing paragraph 45 of the complaint. But paragraph 45 merely reiterates that "Defendants made false and misleading statements" by "mispresenting its sale of FTX assets and its intentions regarding FTX acquisition." This has nothing to do with the "nature" of FTT, nor does it concern the sale of FTT to the public or purported class members. In fact, the *Lahav* class is not purchasers of FTT, but rather FTX users that had funds deposited on the platform that was "artificially frozen." (Compl. ¶¶ 46, 47, 65.) There is no allegation that anyone purchased FTT, let alone from Binance.

[3] *See* MDL Dkt. No. 158 (including claims against the auditor defendants for, inter alia, RICO Conspiracy with the Operator/Manager Defendants, Civil Conspiracy with FTX insiders, Aiding and Abetting: (i) Fraud by FTX, Sam Bankman-Fried and FTX insiders; (ii) Breaches of Fiduciary Duty of the FTX Insider Defendants and (iii) Conversion by the FTX Insider Defendants); MDL Dkt. No. 179 (similar claims as to the promoter defendants).

3

"particularly significant" the fact that the defendants "were [not] named as defendants or co-conspirators in the comprehensive action." 307 F. Supp. 559, 562 (J.P.M.L. 1969)[4]; *see CP4 Fuel Pump*, 412 F. Supp. 3d at 1367 (denying transfer because "there [was] no allegation of conspiracy between the [defendants]").

**Second**, the mere fact that both the FTX MDL and *Lahav* generally concern "the collapse of the FTX cryptocurrency exchange" (Opp. at 1) is insufficient to satisfy Section 1407. Courts repeatedly find that the mere assertion that plaintiffs suffered losses in a common disaster is a "superficial factual commonality" that does not warrant transfer. (MTV at 13-14 (collecting cases).)[5]

*In re Google Play Store Simulated Casino-Style Games Litig.*, 544 F. Supp. 3d 1364, 1365–66 (J.P.M.L. 2021) is instructive. In *Google*, the Panel refused to transfer cases against Google to an MDL involving similar claims against its competitor, Apple. Both sets of cases involved the same games and apps available on both platforms, which purportedly harmed consumers. *Id.* However, the Panel found that the Apple MDL "focused on the alleged role of Apple and its App Store" while the Google cases "concern[ed] Google's conduct in promoting the games—and its contract with app developers" which were "distinct from Apple's conduct and contract." *Id.* So

---

[4] The Opposition attempts to distinguish *Westec*, asserting that it involved a single "comprehensive action brought by the trustee." (Opp. n.8.) But this only highlights *Westec's* applicability here, as not only were the *Lahav* Defendants not named in the trustee's action, but they also were not named in over 22 actions brought by different plaintiffs asserting countless claims.

[5] The Opposition does not meaningfully distinguish the cases cited in Binance.US's MTV, nor does it even attempt to distinguish *In re TrueCar, Inc., S'holder Derivative Litig.*, 412 F. Supp. 3d 1353, 1354 (J.P.M.L. 2019) and *In re Credit Suisse VelocityShares Daily Inverse VIX Short Term Exch. Traded Notes Sec. Litig.*, 326 F. Supp. 3d 1379, 1380 (J.P.M.L. 2018), both of which involved securities claims related to false statements. In any event, the cases in the MTV stand for the proposition that a mere common disaster or collapse is insufficient to warrant transfer.

too here.  Despite *Lahav* and the FTX MDL both involving FTX's collapse, *Lahav* focuses on Binance's conduct, which is "distinct from [FTX's] conduct."  *See id.*

**Finally**, the fact that the proposed *Lahav* class may overlap with the vast proposed class definition in certain of the MDL Actions does not warrant transfer.  (Opp. at 5-6.)  *See In re Urban Outfitters Fair Labor Standards Act (FLSA) and Wage and Hour Litig.,* 987 F. Supp. 2d 1381, 1382 (J.P.M.L. 2013) ("[O]verlap among the[] putative classes … does not outweigh the other factors that favor denial [of transfer].").  Courts routinely deny transfer despite overlapping purported classes.  *See, e.g.*, *id.*; *In re: LVNV Funding, LLC, Time-Barred Proof of Claim Fair Debt Collection Pracs. Act (FDCPA) Litig.*, 96 F. Supp. 3d 1376, 1378 n.2. (J.P.M.L. 2015) ("putative nationwide class" that created "overlap" with other cases "is insufficient to warrant" transfer); *In re: LVNV Funding, LLC, Fair Debt Collection Pracs. Act (FDCPA) Litig.*, 96 F. Supp. 3d 1374, 1375 (J.P.M.L. 2015) (denying transfer despite "overlap among the putative and [] certified classes"); *In re: Facebook Use of Name & Likeness Litig.*, 816 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) (denying transfer despite "overlap among the three putative classes").[6]

MDL Plaintiffs have failed to carry their burden that there are "sufficiently complex, unresolved and/or numerous [common questions of fact and law] to justify" transfer under Section 1407.  *See Georgeson*, 277 F. Supp. 2d at 1372–73.  Because "unique questions of fact" predominate "over any common questions of fact," transfer must be denied.  *See In re Boeing Co. Emp. Pracs. Litig. (No. II)*, 293 F. Supp. 2d 1382, 1383 (J.P.M.L. 2003) (denying transfer because

---

[6] MDL Plaintiffs do not cite a single case granting transfer based solely on overlapping classes. For good reason: if MDL Plaintiffs' own overly broad proposed class definition controlled, MDL Plaintiffs would get to decide jurisdiction simply by proposing an all-encompassing class.

"movants have failed" to show that actions "involve sufficient common questions of fact").[7]

## B.  Transfer to the FTX MDL Would Be Inefficient and Inconvenience the Parties

Even if the cases present common questions of fact (they do not), transfer should still be denied because it would be inconvenient and inefficient.  Transfer "can **only** be made if the Panel determines that it would serve the convenience of parties and witnesses and that it will promote the just and efficient conduct of such actions."  *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 41889, at *1 (J.P.M.L. Jan. 4, 2024).  MDL Plaintiffs have not come close to fulfilling their burden.[8]  Discovery in *Lahav* will focus almost exclusively on Binance and Zhao, while discovery in the FTX MDL will focus on the numerous FTX conspirators.  For these reasons, both Plaintiff Lahav and Defendant Binance.US oppose transfer.[9]

---

[7] MDL Plaintiffs also failed to substantively address the majority of the Opening Brief's authority. Rather, without any support, MDL Plaintiffs dismiss, in conclusory fashion, much of the authority as "immaterial" because the cases involved initial transfer orders.  (Opp. at 9, 10, n.7.)  It is MDL Plaintiffs' argument that is immaterial.  All MDL transfer requests—whether initial or tag-along— are decided under Section 1407.  *See CP4 Fuel Pump*, 412 F. Supp. 3d at 1366 (evaluating initial cases and tag-along under Section 1407); JPML Rules 7.1-7.2 (discussing potential transfer of tag-along actions under Section 1407).  In fact, the CTO here was issued under Section 1407.  (Dkt. 233.)

[8] Even though the burden is on MDL Plaintiffs, Binance.US's Opening Brief established that transfer is unwarranted because, inter alia, (1) Plaintiff Lahav and Defendant Binance.US oppose transfer; (2) there are no common parties; (3) the actions involve distinct proposed classes and class periods; (4) the actions are based on different (and contradictory) factual theories; and (5) the actions are in different procedural postures.  (MTV at 14-20.)

[9] MDL Plaintiffs' attempt to minimize the significance of Plaintiff Lahav's and Binance.US's opposition by claiming that they have no "veto power" is misplaced.  Opp. at 9-10.  Panels routinely place significant weight on the parties' position not because they have a "veto power," but because Section 1407 mandates that transfer "serve the convenience of parties and witnesses." *See, e.g.*, *In re Student-Athlete Name & Likeness Litig.*, 763 F. Supp. 2d 1378, 1380 (J.P.M.L. 2011) (denying transfer and finding "most persuasive that … plaintiffs and the defendant … do not believe that centralization would be beneficial"); *In re Prospect Mortg., LLC, Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 987 F. Supp. 2d 1383, 1383 (J.P.M.L. 2013); *Westec Corp.*, 307 F. Supp. at 562.  Despite MDL Plaintiffs' efforts to diminish the parties' own preferences, these cases provide that the Panel gives significant weight to the positions of the parties that will be most

***First***, MDL Plaintiffs once again rely primarily on the overlap between "putative class definitions." (Opp. at 6.)  In total, MDL Plaintiffs spend just three sentences attempting to satisfy their burden (*id.*), which is unsurprising given that courts routinely deny transfer under Section 1407 despite overlapping classes.  *See, e.g.*, *Facebook*, 816 F. Supp. 2d at 1380-81 (common "background general facts" and "overlap among the three putative classes" does not warrant transfer); *Urban Outfitters*, 987 F. Supp. 2d at 1382 (denying transfer despite overlap among the putative classes because "differences among the cases predominate, and centralization is thus inappropriate"); *LVNV Funding, LLC, Time-Barred Proof of Claim*, 96 F. Supp. 3d at 1378, n.2 (declining transfer because "class overlap, alone, is insufficient to warrant" centralization); *LVNV Funding, LLC, Fair Debt Collection*, 96 F. Supp. 3d at 1375 (denying transfer despite "overlap among the putative (and, in one action, certified) classes").[10]

***Second***, although MDL Plaintiffs summarily argue that "class certification issues that will be addressed by the MDL Court are likely to arise in the *Lahav* Action," "overlapping merits issues are likely to arise" and "overlapping discovery is likely" (Opp. at 6), they do not provide any examples or elaborate whatsoever regarding the common or overlapping issues.  Nor could they.

---

affected by discovery to assess their "convenience," especially where— as here—parties are located outside of the MDL forum and no alleged conduct occurred there.  (Compl. ¶¶ 9-10.)

[10]   The Opposition improperly exaggerates dicta in *In re BMW Reverse Transmission Products Liability Litigation*, 543 F. Supp. 2d 1382 (J.P.M.L. 2008).  (Opp. at 8.)  *BMW* held that centralization of actions with a common defendant and common plaintiffs' counsel, but distinct classes, was not appropriate because, as here, movant failed to carry its burden that "common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer."  543 F. Supp. 2d 1382, 1382-83.  In dicta, the Panel noted that if additional actions with overlapping classes were filed in the future, consolidation "might be a possibility," but in no way did it determine that transfer would be proper.  *Id.*  And here, there are no common parties or substantive common factual issues.

The FTX MDL classes span over three years from FTX's 2019 inception to its 2022 bankruptcy and include FTX customers that "purchased" "fiat or cryptocurrency" or "enrolled in a YBA" or "purchased FTT" and were damaged by the FTX conspirator's fraudulent conduct. (Opp. at 5; *see*, *e.g.*, FTX MDL Dkt. No. 178 ¶¶ 393, 401.)  On the other hand, *Lahav* premises liability on a three-day class period, based on harm purportedly caused by Zhao's public statements regarding Binance's intent to acquire FTX.  (Compl. ¶¶ 4-6.)  The *Lahav* class does not involve the "purchasers" of FTT (or any cryptocurrency), nor enrollment in YBAs, but rather FTX users that had money deposited on the platform that was "artificially frozen."  (*Id*. ¶¶ 46, 47, 65.)

***Third***, MDL Plaintiffs' inability to articulate any overlapping issues or discovery is telling. Indeed, discovery in the FTX MDL will focus on FTX and its conspirators, while discovery in *Lahav* will involve, almost entirely, Zhao and the Binance Entities—FTX's direct competitor.  *See In re Proton-Pump Inhibitor Prods. Liab. Litig.*, 273 F. Supp. 3d 1360, 1362 (J.P.M.L. 2017) (declining transfer because "a significant amount of the discovery in these actions appears almost certain to be defendant–specific"); *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 1362 (J.P.M.L. 2020) ("little potential for common discovery" where "there is no common defendant"); *Auction Rate Sec. (ARS) Mktg.*, 581 F. Supp. 2d 1371 (J.P.M.L. 2008) (similar).

***Fourth***, because MDL Plaintiffs seek to "centralize claims filed against multiple, competing defendants in a single MDL," the Panel should view the request "with a skeptical eye" because combining the proceedings "usually adds few efficiencies and does not serve the convenience of the parties and witnesses."  *In re Nat'l Ski Pass Ins. Litig.*, 492 F. Supp. 3d 1352, 1353 (J.P.M.L. 2020); *see In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377 (J.P.M.L. 2012) (similar).

*In re CP4 Fuel Pump Mktg., Sales Pracs., & Prod. Liab. Litig.*, 412 F. Supp. 3d 1365 (J.P.M.L. 2019) is instructive.   There, the Panel denied centralization of cases against three competing vehicle makers despite the fact that all three actions were premised on the exact same allegation that a fuel pump used in certain GM, Ford, and FCA vehicles was defective and harmed plaintiffs.  *See id*. at 1367.   The Panel held that consolidation "likely would complicate case management due to the need to protect trade secret and confidential information," "prolong pretrial proceedings, because of, inter alia, the possible need for separate discovery and motion tracks," especially where "there [was] no allegation of a conspiracy involving the three vehicle makers." *See id.*   Like in *CP4*, here, centralization "would result in significant inefficiencies and delay, without producing any substantial offsetting benefits."  *Id*.; *see Proton-Pump*, 273 F. Supp. 3d at 1361–62 (J.P.M.L. 2017) (declining centralization because, inter alia, "[c]entralizing competing defendants in the same MDL likely would complicate case management," the "possible need for separate discovery and motion tracks," and discovery "appears almost certain to be defendant-specific").[11]

**Finally**, despite MDL Plaintiffs' assertion, *Lahav* and the MDL Actions are in significantly different procedural postures.  (MTV at 18-19.)  The FTX MDL has moved expeditiously with the parties completing briefing motions to dismiss on December 6, 2023 (nearly three months ago) and having ligated numerous discovery disputes.  (MDL Dkt. Nos. 262–283, 447–450, 455, 458.)

---

[11] MDL Plaintiffs' assertion that discovery disputes can be handled by Judge Moore is true but does not aide their claims.  The issue is not whether the FTX MDL presiding judge can handle discovery disputes, but whether "[t]here are []sufficient potential efficiencies to be obtained with regard to discovery and motions practice to outweigh the inconvenience to the parties."  *Real Est. Transfer Tax Litig.*, 895 F. Supp. 2d at 1351.  There are not.

In contrast, *Lahav* is still at the outset of a lengthy process governed by the PSLRA. The Court has yet to rule on Plaintiff Lahav's lead plaintiff motion. Only after such a ruling does lead plaintiff have to designate an operative complaint, after which Defendants intend to move to dismiss. Briefing will not be completed until 120 days after the operative complaint is designated.[12] *Lahav* Dkt. No. 20. Pursuant to the PSRLA's automatic stay, discovery may not commence until the Court resolves the yet-to-be-filed motions to dismiss. 15 U.S.C. §§ 77z-1, 78u-4. Thus, there is no doubt that the FTX MDL motions will be resolved and merits discovery commenced before the *Lahav* motions are even briefed. Accordingly, transfer will not promote efficiency or convenience. *See In re Prop. Assessed Clean Energy Programs*, 764 F. Supp. 2d 1345, 1346–47 (J.P.M.L. 2011) (deny transfer where "motion[s] to dismiss [were] already briefed" in certain actions but other cases were "at their earliest stages"); *In re Real Est. Transfer Tax*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012); *In re Florida, Puerto Rico, and U.S. Virgin Islands 2016 and 2017 Hurricane Seasons Flood Claims*, 325 F. Supp. 3d 1367, 1369 (J.P.M.L. 2018).[13]

Simply put, transfer will not serve the convenience of the parties and witnesses.

## CONCLUSION

Binance.US respectfully submits that the Panel should vacate the CTO.

---

[12] The current deadline of April 2, 2024 for Plaintiff Lahav's amended/operative complaint would necessarily be extended if the Court does not rule on the lead plaintiff motion by March 2, 2024.

[13] The Opposition does not address any of the MTV's cited cases on this issue.

Dated: February 21, 2024

Respectfully submitted,

*/s/ Daniel T. Stabile*
WINSTON & STRAWN LLP

Daniel T. Stabile, Esq.
Fla. Bar No. 1010193
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Tel: (305) 910-0646
DStabile@winston.com

Jeffrey L. Steinfeld, Esq.
Cal. Bar No. 294848
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
JLSteinfeld@winston.com

Thania (Athanasia) Charmani, Esq.
NY Bar No. 5171822
200 Park Avenue
New York, NY 10166
Tel: (212) 294-4623

*Attorneys for Defendants BAM Trading*
*Services Inc. and BAM Management US*
*Holdings Inc.*