**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** MDL No. 3076

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Plaintiffs' co-lead counsel in MDL No. 3076 move under 28 U.S.C. § 1407 for transfer of the bankruptcy adversary proceeding listed on Schedule A (*Onusz*) from the Bankruptcy Court of the District of Delaware to the Southern District of Florida for inclusion in the MDL. Defendant Samuel Bankman-Fried supports the motion. Defendants Zixiao "Gary" Wang, Nishad Singh, and Caroline Ellison did not file a response but stated in the underlying docket that they support transfer. Debtor defendants FTX Trading Ltd., West Realm Shires Services Inc. d/b/a FTX US, and Alameda Research LLC, did not file a response. Plaintiffs in *Onusz* oppose transfer.

After considering the argument of counsel, we deny the motion for transfer. The *Onusz* action undoubtedly shares common factual questions with the actions in the MDL concerning the collapse of the FTX cryptocurrency exchange and the alleged fraud and misconduct of defendants Bankman-Fried, Wang, Singh, and Ellison. But *Onusz* is intertwined with the FTX bankruptcy, *In re FTX Trading Ltd*., No. 22-11068 (Bankr. D. Del.), which includes debtors FTX Trading Ltd., West Realm Shires Services Inc., and Alameda Research LLC – all of whom are defendants in *Onusz*. The primary claims in *Onusz* are the claims against the debtor defendants concerning (1) whether customer deposits are property of the FTX debtors' estates, a central issue in the FTX bankruptcy; and (2) if so, what priority FTX customers have in the distribution of the estates' assets. The record indicates that the Delaware Bankruptcy Court likely will resolve these questions in the context of the proposed Chapter 11 Plan. In particular, the *Onusz* plaintiffs represent that, in late 2023, they reached a settlement of the customer property issue with the FTX debtors, the Committee of Unsecured Creditors, and the Ad Hoc Committee of Non-US Customers of FTX.com, which is embodied in a Settlement and Plan Support Agreement filed in the lead FTX bankruptcy case, subject to confirmation by the bankruptcy judge in connection with the debtors' proposed Plan of Reorganization.

Additionally, the bulk of the factual and legal questions in *Onusz* are before the bankruptcy judge in two related adversary proceedings, *FTX Trading Ltd. v. Bankman-Fried*, No. 23-ap-50448, and *Ad Hoc Comm. of Non-US Customers of FTX.com v. FTX Trading, Ltd.*, No. 22-ap-50514. Considering the status of *Onusz* and related cases in the FTX bankruptcy, transfer of *Onusz* to the

[*] Judge Nathaniel M. Gorton did not participate in the decision of this matter.

MDL appears likely to create significant inefficiencies.

Movants' arguments in support of transfer rest mainly on the factual overlap between *Onusz* and the MDL and our authority to transfer bankruptcy adversary proceedings under Section 1407.[1] But they fail to account for the inefficiencies that likely would be caused by separating *Onusz* from the rest of the proceedings in the Delaware Bankruptcy Court.

The proposal by defendants Wang, Singh, and Ellison to separate the claims against them for transfer to the MDL and retain the claims against the debtor defendants in the Delaware Bankruptcy Court is not practicable. Five of the eight counts in *Onusz* are pled against the debtor and non-debtor defendants jointly. Section 1407(a) authorizes the Panel to "separate any claim, cross-claim, counter-claim, or third-party claim" from the remainder of the transferred action and to remand such claims to the transferor district. It does not provide for the separation and remand of issues asserted within claims. *See, e.g., In re Plumbing Fixture Cases*, 298 F. Supp. 484, 489-90 (J.P.M.L. 1968) ("This unequivocal and obviously deliberate withholding from the Panel of power to separate issues in a single civil action assigning one or more to the transferee court and one or more to the transferor court is a clear, precise and wise limitation on the powers of the Panel."); *see also In re Resource Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) ("[T]he Panel is not empowered to carve out issues for separate treatment under Section 1407.").

We encourage the parties to employ various alternatives to transfer, such as informal coordination, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation § 20.14 (4th ed. 2004).

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Roger T. Benitez
Madeline Cox Arleo
David C. Norton
Dale A. Kimball

---

[1] "Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets." *In re Phar-Mor, Inc., Sec. Litig.*, MDL No. 959, 1994 WL 41830, at *1 n.2 (J.P.M.L. Jan. 31, 1994); *see also In re Nat'l Arbitration Forum Trade Pracs. Litig.*, 729 F. Supp. 2d 1353, 1353 (J.P.M.L. 2010) (transferring adversary proceeding to MDL).

**IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** MDL No. 3076

**SCHEDULE A**

District of Delaware

ONUSZ, ET AL. v. WEST REALM SHIRES INC., ET AL., Bky. Adv. No. 1:22−50513